THE HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7

8
9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

10

Richard O. Buse,

Case No.  C08-0510-MJP

11

            Plaintiff,

12

     v.

13

First American Title Insurance Company,

14

Foreclosurelink, Inc., Greenpoint Mortgage
Funding, Inc., Mortgage Electronic

15

Registration Systems, Inc., Rescomm Holdings

16

No. 2, LLC, UM Acquisitions, LLC, Tom
Block, and Doe Defendants 1 through 20,

17

            Defendants.

18

**DEFENDANT MORTGAGE**
**ELECTRONIC REGISTRATION**
**SYSTEMS, INC.'S ANSWER TO**
**FIRST AMENDED COMPLAINT**

19

     Defendant Mortgage Electronic Registration Systems, Inc. ("MERS®"), by and through

20

its attorneys, DLA PIPER US LLP, herein provides its Answer to Plaintiff's Amended

21

Complaint.

22

**I.     PARTIES**

23

     1.1     Richard O. Buse ("Mr. Buse") is a resident of King County, Washington.

24

     **ANSWER:**

25

     MERS® lacks sufficient knowledge or information to form a belief as to the truth of the

26

allegations in paragraph 1.1 of the Amended Complaint.

MORTGAGE ELECTRONIC'S ANSWER - 1
Case No. C08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

Defendant FIRST AMERICAN TITLE INSURANCE COMPANY ("First American") is an unknown type of business operating in the State of Washington presumably as a title insurance company, but which is not registered with the Washington Secretary of State, as a corporation, LLC or limited liability partnership. Defendant First American is engaged in the business of acting as a foreclosure trustee and in noticing and conducting foreclosures in County of King and in the state of Washington through an illegal and unlicensed agent, Defendant Foreclosure Link.

**ANSWER:**

MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.2 of the Amended Complaint.

1.2    Defendant FORECLOSURELINK, INC. ("ForeclosureLink") is a California corporation which is NOT licensed to conduct business in the State of Washington, but which does conduct business in the State of Washington by acting as a foreclosure trustee in the guise of acting as an agent for Defendant First American, the ostensible trustee.

**ANSWER:**

MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.3 of the Amended Complaint.

1.3    Defendant GREENPOINT MORTGAGE FUNDING ("GreenPoint") is a New York corporation that is licensed to conduct business in the State of Washington, and which does conduct business by, among other things, engaging in mortgage lending activities and obtaining security interests in real property located [sic] King County, Washington. Defendant Greenpoint was the original lender who provided Mr. Buse with a home equity line of credit loan in 2004 and obtained a security interest in his real property located in Carnation, Washington.

MORTGAGE ELECTRONIC'S ANSWER - 2
Case No. 08-0510-MJP

DLA PIPER US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

1     **ANSWER:**

2        With respect to the allegations in paragraph 1.4 of the Amended Complaint, MERS®

3 lacks sufficient knowledge or information to form a belief as to the truth of the allegations

4 regarding Greenpoint Mortgage's incorporation, registration, and licensing.   MERS® also

5 states that the Deed of Trust speaks for itself and therefore no responsive pleading is necessary.

6

7        1.4      Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

8 ("MERS®") is a Delaware corporation that is not licensed to conduct business in the State of

9 Washington, but it nevertheless purports to obtain security interests in real property located in

10 the State of Washington, and it purports to have acquired an interest in Mr. Buse's real property

11 first as a "nominee" but also as a "beneficiary" under the terms of the GreenPoint Deed of

12 Trust.

13     **ANSWER:**

14        MERS® admits that it is Delaware corporation and states that the Greenpoint Deed of

15 Trust speaks for itself and therefore no responsive pleading is necessary.   MERS® denies the

16 remaining allegations in paragraph 1.5 of the Amended Complaint and also states that the

17 allegations in paragraph 1.5 of the Amended Complaint set forth legal theories or conclusions

18 and therefore no responsive pleading is necessary.

19

20        1.5      Defendant RESCOMM HOLDINGS No. 2, LLC ("Rescomm") is apparently a

21 limited liability company with an address in Flint, Michigan but Mr. Buse is presently uncertain

22 as to where the company is registered.   It is NOT registered to conduct business in the State of

23 Washington as it is not licensed through the Washington Secretary of State.   Nevertheless,

24 Defendant Rescomm acquired the purported ownership interest in Mr. Buse's Deed of Trust on

25 September 30, 2005, thereby ostensibly obtaining a security interest in Mr. Buse's real property

26 located in the State of Washington.

**ANSWER:**

With respect to the allegations in paragraph 1.6 of the Amended Complaint, MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Rescomm Holdings No.2's incorporation, registration, and licensing.  MERS® also states that the Assignment of Home Equity Line of Credit Deed of Trust speaks for itself and therefore no responsive pleading is necessary.

1.6     Defendant UM ACQUISITIONS, LLC ("UM Acquisitions") is apparently a limited liability company with an address in Charlotte, North Carolina but Mr. Buse is presently uncertain as to where the company is registered.  It is NOT registered to conduct business in the State of Washington as it is not licensed through the Washington Secretary of State.  Nevertheless, Defendant UM acquired the purported ownership interest in Mr. Buse's Deed of Trust on September 30, 2005 from Defendant Rescomm (who had acquired its interest on the same day), thereby ostensibly obtaining a security interest in Mr. Buse's real property located in the State of Washington.

**ANSWER:**

With respect to the allegations in paragraph 1.7 of the Amended Complaint, MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding UM Acquisition's incorporation, registration, and licensing.  MERS® also states that the Assignment of Home Equity Line of Credit Deed of Trust speaks for itself and therefore no responsive pleading is necessary.

1.7     Defendant UM CAPITAL, LLC ("UM Capital") is apparently a limited liability company with an address in Charlotte, North Carolina but Mr. Buse is presently uncertain as to where the company is registered.  It is NOT registered to conduct business in the State of Washington as it is not licensed through the Washington Secretary of State.  Nevertheless,

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

Defendant UM Capital acquired the purported ownership interest in Mr. Buse's Deed of Trust on May 24, 2006 from Defendant UM Acquisitions, thereby ostensibly obtaining a security interest in Mr. Buse's real property located in the State of Washington.

**ANSWER:**

With respect to the allegations in paragraph 1.8 of the Amended Complaint, MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding UM Capital's incorporation, registration, and licensing.  MERS® also states that the Assignment of Home Equity Line of Credit Deed of Trust speaks for itself and therefore no responsive pleading is necessary.

1.8     Defendant UNITED MORTGAGE & LOAN INVESTMENT, LLC ("United Mortgage") is apparently a limited liability company with an address in Charlotte, North Carolina but Mr. Buse is presently uncertain as to where the company is registered.  It is NOT registered to conduct business in the State of Washington as it is not licensed through the Washington Secretary of State.  However, Defendant United Mortgage purported to act as a servicer or owner or assignee of Mr. Buse's loan as of August 2005.  However, this statement contradicts the documents recorded in the records of King County, Washington which demonstrate that Defendants Rescomm and then subsequently Defendant UM acquired ownership of the loan on September 30, 2005.

**ANSWER:**

MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.9 of the Amended Complaint.

1.9     Defendant TOM BLOCK ("Block") is an individual who is believed to reside in Los Angeles County, California.  Defendant Block apparently purchased ownership of Mr. Buse's home equity loan made with Defendant Greenpoint on May 24, 2006 from

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

Defendant UM. According to the records of King County, Washington, Defendant Block is the owner of Mr. Buse's second mortgage loan, and Mr. Buse has been making payments to Defendant Block for the last couple of years based upon that representation.

**ANSWER:**

MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.10 of the Amended Complaint.

1.10    The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff alleges on information and belief that each Defendant is responsible in some manner for the events described herein and is liable to Plaintiff for the damages he has incurred. Plaintiff will amend this Complaint to show the true names and capacities of the Doe Defendants when they have been ascertained.

**ANSWER:**

MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.11 of the Amended Complaint.

1.11    At all times mentioned herein, the Defendants, and each of them, were the agents, servants, representatives and/or employees of each of the remaining Defendants and were acting within the course and scope of such agency or employment. The exact terms and conditions of the agency, representation or employment relationships are presently unknown to Plaintiff, but when the information is ascertained, leave of court will be sought to insert the appropriate allegations.

**ANSWER:**

To the extent the allegations in paragraph 1.12 are asserted against MERS®, MERS® denies the allegations.

MORTGAGE ELECTRONIC'S ANSWER - 6
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

## II.     FACTUAL ALLEGATIONS

2.1     Mr. Buse has been a victim of the mortgage lending mess created by Wall Street, mortgage lenders and servicers, Defendant MERS and various and assorted other vultures who are engaged in a pattern and business practices intended to deceive and mislead homeowners regarding application of their payments and the amounts owing under notes and deeds of trust, and upon the courts and county recorders offices regarding their ownership interest in the notes and deeds of trust under which they are collecting fees and/or initiating foreclosures.

**ANSWER:**

With respect to the allegations in paragraph 2.1 of the Amended Complaint directed at MERS®, MERS® denies the allegations.  The remaining allegations attempt to provide a social commentary to which no responsive pleading is required.

2.2     Mr. Buse has owned his home for many years.  He applied for and obtained a home equity line of credit loan from Defendant GreenPoint on June 16, 2004.  In connection with the making of that loan, Mr. Buse signed a Deed of Trust for Defendant GreenPoint, which was recorded in the records of King County, Washington on July 29,2004.  A copy of the Deed of Trust is attached hereto and incorporated herein by reference as Exhibit "1".  That Deed of Trust ("DOT") contained a false representation on its face when it represented that Defendant MERS was a beneficiary under the DOT.  Paragraph (E) states that "MERS is a separate corporation that is acting solely as a Nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument." As will be demonstrated below, MERS is NOT the beneficiary under the DOT, it never had ownership or possession of the Promissory Note which is the obligation which is secured by the DOT, and MERS has never been entitled to receive one cent of remuneration from Mr. Buse's loan proceeds.  The statement that MERS is the "Nominee" is nonsensical language which means nothing in a real

estate transaction and most certainly, MERS has never been nor is it now the beneficiary under the DOT.  The language is a sham.

**ANSWER:**

With respect to the allegations in paragraph 2.2 of the Amended Complaint, MERS® is without sufficient knowledge or information to form a belief as to the truth of the allegations related to Buse's ownership of his home.  MERS® also states that the Deed of Trust speaks for itself and therefore no responsive pleading is necessary.  MERS® denies the remaining allegations in paragraph 2.2.

2.3    After obtaining the loan in 2004, Mr. Buse made payments on the loan to Defendant GreenPoint, which held itself out as the owner and/or servicer of the mortgage loan through 2005.  On or about August 12, 2005, Mr. Buse received a notice that Defendant United Mortgage was the new owner or servicer or assignee of the mortgage loan and instructing Mr. Buse to thereafter make his payments to Defendant Rescomm as the servicer at an address in Charlotte, North Carolina.  However, the letter also stated that inquiries regarding the loan were to be made to Defendant United Mortgage.  A copy of the letter received by Mr. Buse is attached hereto and incorporated herein by reference as Exhibit "2".

**ANSWER:**

With respect to the allegations in paragraph 2.3 of the Amended Complaint, MERS® is without sufficient knowledge or information to form a belief as to the truth of the allegations related to Buse's ownership of his home or payment history.  MERS® also states that the documents speak for themselves and therefore no responsive pleading is necessary.

2.4    Ostensibly on September 30, 2005, a Torlina Strong, purportedly an Assistant Secretary with Defendant MERS executed an Assignment of Mr. Buse's mortgage loan from Defendant MERS (which was never the beneficiary under the DOT) to Defendant Rescomm.

MORTGAGE ELECTRONIC'S ANSWER - 8
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

1   Ms. Strong's signature is not dated, but the notary stamp is dated September 30, 2005 and the

2   notary asserts that Ms. Strong is "personally known" to her to be an Assistant Secretary of

3   Defendant MERS.  A copy of the Assignment of Home Equity Line of Credit Deed of Trust is

4   attached hereto and incorporation herein by reference as Exhibit "3".  On that same day,

5   September 30, 2005, the same notary notarized the signature of Ms. Strong, this time as the

6   Assistant Manager of Defendant Rescomm, purporting to assign Mr. Buse's DOT to Defendant

7   UM.  Again, the notary represents that she has personal knowledge that Ms. Strong is an

8   assistant manager of Defendant Rescomm.  A copy of this Assignment of Home Equity Line of

9   Credit Deed of Trust is attached hereto and incorporated herein by reference as Exhibit "4".

10   **ANSWER:**

11   With respect to the allegations in paragraph 2.4 of the Amended Complaint, MERS®

12   states that the documents speak for themselves and therefore no responsive pleading is

13   necessary.

14

15   2.5    Then, ostensibly on May 24, 2006, Ms. Strong again signed another Assignment

16   document, but this time she held herself out as an Assistant Manager for Defendant UM

17   Acquisitions.  The notary again asserts that she personally knows Ms. Strong as an Assistant

18   Manager for Defendant UM Acquisitions, when it purports to transfer ownership of the security

19   interest in the DOT to Defendant UM Capital.  A copy of this Assignment is attached hereto

20   and incorporated herein by reference as Exhibit "5".  On the same day, May 24, 2006,

21   Ms. Strong signed another Assignment on behalf of Defendant UM Capital as an Assistant

22   Manager transferring ownership of the loan to Defendant Block, which was witnessed by the

23   same notary.  A copy of the fourth Assignment is attached hereto and incorporated herein by

24   reference as Exhibit "6".  So to recap—Ms. Strong contends in these documents that she is an

25   officer of four separate corporations or limited liability companies—all of whom may transfer

26

MORTGAGE ELECTRONIC'S ANSWER - 9
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

ownership interests in Mr. Buse's loan among themselves upon nothing more than Ms. Strong's signature and when it is apparently convenient for them.

**ANSWER:**

With respect to the allegations in paragraph 2.5 of the Amended Complaint, MERS® states that the documents speak for themselves and therefore no responsive pleading is necessary.

2.6    Mr. Buse did not receive formal written notice of the purported change in ownership and/or servicing of the mortgage loan in 2006 from any of the defendants herein, including Defendant Block, prior to the alleged transfer, as required by law.  RESPA, 12 U.S.C. § 2601, *et seq*.  Instead, Mr. Buse was contacted by Defendant Block by telephone advising that he was the new owner of the loan and that payments were now to be made to him.  Defendant Block also advised Mr. Buse that he was delinquent in his mortgage payments and that he (Defendant Block) would be starting a foreclosure action and raising the interest rate unless Mr. Buse signed a loan medication [sic] agreement.  Mr. Buse maintains that if the loan was in default at the time it was transferred and/or sold to Defendant Block, then it was a violation of federal law, especially since Mr. Buse did not receive notice of the alleged transfer in writing.  *Id*.

**ANSWER:**

MERS® does not respond to the allegations in paragraph 2.6 of the Amended Complaint on the grounds that the allegations related to RESPA set forth legal theories or conclusions and therefore no responsive pleading is necessary.  MERS® is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

2.7    Because of the alleged default on the loan, Defendant Block insisted that Mr. Buse execute a loan modification agreement and presented it to him for signature almost

1   immediately after advising him by telephone that he owned the loan.   This Modification
2   Agreement is dated May 30, 2006, just six days after the DOT was allegedly assigned to
3   Defendant Block in the first place and Mr. Buse believes within a day or two of his first being
4   advised that Defendant Block allegedly owned the loan by telephone.   Believing that he had no
5   choice but to sign the loan modification agreement, Mr. Buse did so.   A copy of the Loan
6   Modification Agreement is attached hereto and incorporated herein by reference as Exhibit "7".
7   Thereafter, Mr. Buse made the new and increased payments to Defendant Block, but was not
8   receiving proper credit for those payments.   Mr. Buse did become delinquent on the loan in late
9   2006 due to financial problems related to the death of his mother.

10          **ANSWER:**

11          MERS® lacks sufficient knowledge or information to form a belief as to the truth of the
12   allegations in paragraph 2.7 of the Amended Complaint.   MERS® also states that the document
13   speaks for itself and therefore no responsive pleading is necessary.

14

15          2.8      Defendant Block executed an Appointment of Successor Trustee document on
16   January 4, 2007 appointing Defendant First American as the successor trustee, but the
17   document's return address was to Defendant ForeclosureLink.   A copy of that Appointment of
18   Successor Trustee is attached hereto and incorporated herein by reference as Exhibit "8".   It
19   was not recorded until January 9, 2007, which was the date that it became effective under
20   Washington law.   Nevertheless, Defendant First American, by and through its alleged agent,
21   Defendant ForeclosureLink, served Mr. Buse with a Notice of Default document, at a time
22   when neither of those defendants had been properly appointed as the trustee.

23          **ANSWER:**

24          MERS® lacks sufficient knowledge or information to form a belief as to the truth of the
25   allegations in paragraph 2.8 of the Amended Complaint.   MERS® also states that the document
26   speaks for itself and therefore no responsive pleading is necessary.

MORTGAGE ELECTRONIC'S ANSWER - 11                          DLA Piper US LLP
Case No. 08-0510-MJP                                       701 Fifth Avenue, Suite 7000
                                                           Seattle, WA  98104-7044 ● Tel: 206.839.4800

2.9     The Notice of Trustee's Sale initiated by Defendant ForeclosureLink as the ostensible agent of Defendant First American was recorded on February 9, 2007 in the records of King County, Washington.  The only address listed for contact with the foreclosing trustee on that document is an address in Fair Oaks, California.  There is no Washington address on the document for contacting the alleged trustee, Defendant First American.  A copy of the Notice of Trustee's Sale is attached hereto and incorporated herein by reference as Exhibit "9".  Mr. Buse paid the alleged deficiencies due and owing to Defendant Block in April 2007 and Defendant ForeclosureLink recorded a Notice of Discontinuance of Trustee's Sale in the records of King County, Washington on April 26, 2007.   A copy of the Notice of Discontinuance is attached hereto and incorporated herein by reference as Exhibit "10".

**ANSWER:**

MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.9 of the Amended Complaint.   MERS® also states that the documents speak for themselves and therefore no responsive pleading is necessary.

2.10    Thereafter, Mr. Buse made payments to Defendant Block, but was not properly credited for those payments.   Defendant Block then contended again that Mr. Buse was delinquent.   A Notice of Default and later a Notice of Trustee's Sale were delivered to Mr. Buse in November and December 2007.  The Notice of Trustee's Sale signed by Defendant ForeclosureLink ostensibly as an agent for Defendant First American was recorded in the records of King County, Washington on December 4, 2007.  A copy of the Notice of Trustee's Sale is attached hereto and incorporated herein by reference as Exhibit "11".  Again, nowhere on this document is there a Washington address for contacting the trustee.  Mr. Buse is behind in some of his payments to Defendant Block, but he is uncertain about the correct amount and/or the reasons for the alleged delinquencies since he maintains that Defendant Block is not properly crediting payments.   Further, Mr. Buse maintains that there have been numerous

1  improprieties in the servicing, sale and transfer and appointment of trustees in the handling of

2  his loan, and that the alleged trustee, Defendants First American and/or ForeclosureLink are not

3  properly appointed as foreclosing trustees nor acting in conformity with Washington law.  For

4  these reasons, the defendants are liable for their actions, and the foreclosure sale should be

5  enjoined so that these issues may be addressed.

6      **ANSWER:**

7      MERS® lacks sufficient knowledge or information to form a belief as to the truth of the

8  allegations in paragraph 2.10 of the Amended Complaint.   MERS® also states that the

9  documents speak for themselves and therefore no responsive pleading is necessary.

10

11      2.11    Regarding the issue of Defendant MERS' alleged status as a "beneficiary" under

12  the GreenPoint DOT, its own records demonstrate the falsity of the information on the

13  document.  Documents taken from Defendant MERS' own website demonstrate that it is NOT

14  the beneficiary under any Deeds of Trust or mortgages.  Rather, Defendant MERS was created

15  to "streamline the mortgage process by using electronic commerce to eliminate paper.  Our

16  mission is to register every mortgage loan in the United States on the MERS System."  It also

17  notes that "MERS remains the nominal mortgagee no matter how many times servicing as

18  traded."  A copy of the documentation taken off of Defendant MERS' website is attached

19  hereto and incorporated herein by reference as Exhibit "12".  The other documentation attached

20  from Defendant MERS' website demonstrates that it is nothing more than a computer system

21  designed by the mortgage industry to protect them from having to pay recording fees so that the

22  entity that owns any mortgage loan is available.  Defendant MERS' entire business operation is

23  premised on the wholesale and everchanging sale or transfer of "servicing rights".   The

24  documentation demonstrates that Defendant MERS does not own the loans, rather they are

25  acting as a "nominee" for whomever might or might not say that it owns the loan at any given

26  time.  Further, since Defendant MERS never obtains possession of the Promissory Note which

secures the Deed of Trust, it cannot ever have the right to enforce the terms of the Deed of Trust, since that right is reserved to the owner and holder of the secured instrument, the Promissory Note. The information from Defendant MERS also demonstrates that falsity of the purported assignments of the DOT from Defendant GreenPoint to Defendant Rescomm, from Defendant Rescomm to Defendant UM, and from Defendant UM to Defendant Block. The same person signed the first three assignments, ostensibly as an officer of all three corporations. The records of Defendants MERS' explains a portion of the source of the misrepresentations - it purports to appoint unidentified and unspecified persons as "officers" of Defendant MERS for the purpose of executing documents to effect transfers. Mr. Buse maintains that this is a sham act and that a corporation cannot create corporate officers in blank, without specificity and without identification. Under this premise, Defendant MERS is contending that anyone who works for some mortgage lender, servicing company, foreclosing trustee, title company, etc. can become an officer of Defendant MERS without providing it with notification, without getting its approval or even identifying the person to assign mortgages to new owners (even if that new MERS officer is also an officer of the alleged new owner of the loan) or take whatever actions the other companies desire! Mr. Buse maintains that this is nothing more than a sham transaction and approval and that therefore the first assignment from Defendant GreenPoint to Defendant Rescomm (all signed off by the alleged employee of Defendant MERS) is invalid, and that all subsequent Assignments and Appointment of Successor Trustees are also therefore invalid.

**ANSWER:**

With respect to the allegations in paragraph 2.11 of the Amended Complaint, MERS® states that the documents speak for themselves and therefore no responsive pleading is necessary. MERS® denies the remaining allegations in paragraph 2.11.

2.12    Unfortunately the alleged trustee in this foreclosure, Defendants First American and ForeclosureLink are likewise engaged in attempting to perpetrate a fraud upon Mr. Buse and upon the citizens of King County, Washington by purporting to assume the role of foreclosing trustee, in violation of Washington loan.   The actual foreclosing trustee is Defendant ForeclosureLink, as evidenced by the fact that its employees are the only signers on any of the foreclosure documents, and its contact information is the only information on any of the foreclosure documents.   Defendant ForeclosureLink has attempted to evade the requirements for acting as a trustee in the State of Washington by using Defendant First American as a "front", since it is apparently a title insurance company licensed in the State of Washington and therefore it would be able to act as a trustee.   RCW 61.24.010, a portion of the Deed of Trust Act, specifies quite clearly who may act as a foreclosing trustee.   It states, in pertinent part:

(1)    The trustee of a deed of trust under this chapter shall be:

(a)    Any domestic corporation authorized to insure title to real property under the laws of this state, or its agents; or

(b)    Any title insurance company authorized to ensure title to real property under the laws of this state, or its agents; or...

RCW 61.24.010.

Defendant First American might qualify as a trustee under these provisions, but Defendant ForeclosureLink (which is not even licensed to engage in business in this state) is not so authorized.   RCW 61.24.010(a)(b) allows the "agent" of a title insurance company to act on its behalf, but "agents" for title insurance companies are defined under that licensing statute.   RCW 48.17, *et seq*.   Under RCW 48.17.010(15) a "title insurance agent" is defined as "a business entity licensed under the laws of this state and appointed by an authorized title insurance company to sell, solicit or negotiate insurance on behalf of the title insurance company."   Further, RCW 48.29.160 verifies that, "To be licensed as [an] agent of a title

MORTGAGE ELECTRONIC'S ANSWER - 15
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

insurer, the applicant must own or lease and maintain a complete set of tract indexes of the county or counties in which such agent will do business." There is no indication whatsoever that Defendant ForeclosureLink has such an index in King County, or even that it has any business address located in the State of Washington. It is clear that Defendant ForeclosureLink —the actual foreclosing trustee—is not authorized to act as a trustee in the State of Washington and its "agent" status with Defendant First American does not meet the criteria defined in the statute and is nothing more than a sham. For all of these reasons, this foreclosure must be enjoined since the purported foreclosing trustee does not have the requisite authority under Washington law to act as the trustee.

**ANSWER:**

MERS® lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.12 of the Amended Complaint. MERS® also does not respond to the allegations on the grounds that the allegations set forth legal theories or conclusions and therefore no responsive pleading is necessary.

### III.   **INFLICTION OF EMOTIONAL DISTRESS**

3.1    Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

**ANSWER:**

MERS® restates and realleges each and every allegation contained of this Answer as though fully set forth herein.

3.2    All of the Defendants' conduct with regard to Plaintiff constitutes the tort of outrage and entitles Plaintiff to damages in an amount to be proven at the time of trial.

**ANSWER:**

MERS® denies the allegations in paragraph 3.2 of the Amended Complaint.

MORTGAGE ELECTRONIC'S ANSWER - 16
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

3.3     In the alternative, all of the corporate Defendants' conduct with regard to Plaintiff constitutes the tort of intentional infliction of emotional distress and/or reckless disregard for the infliction of emotional distress, which entitles Plaintiff to an award of damages in an amount to be proven at the time of trial.

**ANSWER:**

MERS® denies the allegations in paragraph 3.3 of the Amended Complaint.

## IV.     SLANDER OF TITLE

4.1     Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

**ANSWER:**

MERS® restates and realleges each and every allegation of this Answer as though fully set forth herein.

4.2     All of the Defendants have caused to be recorded numerous false documents in the records of King County, Washington, including the original Deed of Trust containing false statements about MERS' being the beneficiary under the DOT, Assignments, Appointment of Successor Trustee, and Notices of Trustee's Sale, which unpaired Plaintiff's title and which constitutes slander of title.

**ANSWER:**

MERS® denies the allegations in paragraph 4.2 of the Amended Complaint.

4.3     Further, the actions of these Defendants regarding the recording of these documents, in contravention of the laws of the State of Washington, and the recording of these false documents, had a negative impact upon and impair the credit scores of Plaintiff such that it will prevent him from obtaining a new mortgage loan or other credit.

**ANSWER:**

MERS® denies the allegations in paragraph 4.3 of the Amended Complaint.  To the extent the allegations in paragraph 4.3 purport to state legal theories or conclusions, no responsive pleading is necessary.

### V.     BREACH OF FIDUCIARY DUTY OR QUASI-FIDUCIARY DUTY

5.1     Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

**ANSWER:**

MERS® restates and realleges each and every allegation of this Answer as though fully set forth herein.

5.2     All of the Defendants owed a fiduciary duty or quasi-fiduciary duty to Plaintiff, including but not limited to, providing Plaintiff with fair and honest disclosure of all facts that might be presumed to influence him in regard to its actions, including those facts favorable to a creditor and adverse to Plaintiff's interest as it relates to the mortgage loan.  These Defendants also had a duty to report truthful information on documents that they recorded in the records of King County, Washington and to act in conformity with the laws of the State of Washington and federal laws relating to mortgage servicing, and they did not do so.

**ANSWER:**

MERS® denies the allegations in paragraph 5.2 of the Amended Complaint.  To the extent the allegations in paragraph 5.2 purport to state legal theories or conclusions, no responsive pleading is necessary.

5.3     In addition, Plaintiff alleges that Defendants First American and ForeclosureLink owed him a fiduciary duty or quasi-fiduciary duty as the purported Trustee

under the GreenPoint Deed of Trust.  Defendants First American and ForeclosureLink breached this fiduciary duty because they are not acting in conformity with Washington law regarding who may be a trustee.

**ANSWER:**

The allegations in paragraph 5.3 are directed to other Defendants and therefore no responsive pleading is necessary.  But to the extent the allegations may be directed at MERS®, MERS® denies the allegations.

5.4     The Defendants did violate these fiduciary or quasi-fiduciary duties with respect to Plaintiff by the acts described in the Factual Allegations.

**ANSWER:**

MERS® denies the allegations in paragraph 5.4 of the Amended Complaint.  To the extent the allegations in paragraph 5.4 purport to state legal theories or conclusions, no responsive pleading is necessary.

## VI.     VIOLATION OF THE CONSUMER PROTECTION ACT

6.1     Plaintiff repeats and realleges each and every item and allegation above as if fully and completely set forth herein.

**ANSWER:**

MERS® restates and realleges each and every allegation of this Answer as though fully set forth herein.

6.2     These Defendants have engaged in a pattern of unfair business practices in violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, entitling Plaintiff to damages, treble damages and reasonable attorney fees and costs pursuant to the statute.

**ANSWER:**

MERS® denies the allegations in paragraph 6.2 of the Amended Complaint.  To the extent the allegations in paragraph 6.2 purport to state legal theories or conclusions, no responsive pleading is necessary.

6.3    Plaintiff alleges that all of these Defendants' actions and inactions have impaired and damaged him, entitling Plaintiff to damages to be proven at the time of trial.

**ANSWER:**

MERS® denies the allegations in paragraph 6.3 of the Amended Complaint.

**VII.    COMPLAINT FOR TEMPORARY RESTRAINING ORDER
AND ISSUANCE OF A PRELIMINARY INJUNCTION**

7.1    By way of the filing of a separate motion, Plaintiff will move for issuance of a temporary restraining order and a preliminary injunction in order to stop the foreclosure sale.

**ANSWER:**

MERS® admits that Plaintiff moved for a temporary restraining order before this action was removed to federal court but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7.1 of the Amended Complaint.

7.2    In order to obtain an injunction, a plaintiff must show that:  (1) he has a clear legal or equitable right; (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him.  *Kucera v.  Slate, Dept.  of Transportation*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000).  Such criteria is evaluated by balancing the relative interests of the parties, and if appropriate, the interests of the public.  *Id*.  Ultimately, the decision to grant a preliminary injunction is within the sound discretion of the trial court, with such discretion to be exercised

1    according to the circumstances of each particular case.  *Washington Fed'n of State Employees*

2    *v. State*, 99 Wn.2d 878, 887 (1983) (citations omitted).

3         **ANSWER:**

4         MERS® does not respond to the allegations in paragraph 7.2 of the Amended

5    Complaint on the grounds that the allegations set forth legal theories or conclusions and

6    therefore no responsive pleading is necessary.

7

8         7.3     Here, Mr. Buse has demonstrated that he has a clear legal or equitable right to

9    enjoin the foreclosure since it will necessarily impact title to his real property which will not be

10   compensable by the payment of money damages.  He also has a legal right to seek to enjoin the

11   foreclosure sale under the Deed of Trust Act, RCW 61.24.130.  Mr. Buse has a well grounded

12   fear of an invasion of that right in that if the sale is not restrained, he will lose legal title to his

13   real property, in spite of the fact that the purported foreclosing trustee does not have the legal

14   right to act as a trustee and/or conduct the sale.  Further, the acts complained of will result in

15   the loss of Mr. Buse's real property to the purported owner of the mortgage loan, Defendant

16   Block, if the sale is not enjoined.  For these reasons, Mr. Buse is filing a separate motion for a

17   temporary restraining order and ultimately for a preliminary injunction.

18        **ANSWER:**

19        MERS® denies the allegations in paragraph 7.3 of the Amended Complaint.  To the

20   extent the allegations in paragraph 7.3 of the Amended Complaint purport to state legal theories

21   or conclusions, no responsive pleading is necessary.

22

23   **VIII.   VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

24        8.1     Plaintiff repeats and realleges each and every item and allegation above as if

25   fully and completely set forth herein.

26

MORTGAGE ELECTRONIC'S ANSWER - 21                    DLA Piper US LLP
Case No. 08-0510-MJP                                 701 Fifth Avenue, Suite 7000
                                                     Seattle, WA  98104-7044 • Tel: 206.839.4800

1    **ANSWER:**

2    MERS® restates and realleges each and every allegation of this Answer as though fully

3    set forth herein.

4

5    8.2    Defendants GreenPoint, MERS, Rescomm, UM Acquisitions, UM Capital,

6    United Mortgage and Block are all required to comply with the requirements of the Real Estate

7    Settlement Procedures Act ("RESPA"), 12 U.S.C.  § 2601, *et seq*. in connection with the

8    servicing of Mr. Buse's mortgage loan.  Mr. Buse maintains that he was not provided with

9    timely and truthful information regarding the ownership and/or servicing of his mortgage loan

10   by these Defendants once the loan was purportedly transferred for ownership and/or servicing

11   improperly by Defendant MERS to Defendant Rescomm and from Defendant Rescomm to

12   Defendant UM Acquisitions because the transfer was improper as Defendant MERS did not

13   have authority to transfer ownership interest in the loan to begin with.  Further, Mr. Buse

14   maintains that the alleged transfers between Defendant Rescomm and Defendant UM

15   Acquisitions were a sham also since those documents were signed by the same person, and

16   based upon the contents of the servicing document which was sent to Mr. Buse by Defendant

17   United Mortgage wherein it contended mat the ownership and/or servicing of the loan was

18   being transferred to it but that the servicer of the loan was Defendant Rescomm.  *See*, Exhibit 2.

19   As is evidenced from the recorded documents attached as Exhibits hereto, Defendant United

20   Mortgage never acquired any ownership interest in Mr. Buse's loan, Defendant Rescomm

21   allegedly owned the loan for some portion of the date of September 30, 2005, and then

22   promptly transferred that alleged ownership to Defendant UM Acquisitions on September 30,

23   2005 even as it apparently was going to act as the servicer, according to the notice sent by

24   Defendant United Mortgage.

25

26

MORTGAGE ELECTRONIC'S ANSWER - 22
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

**ANSWER:**

MERS® denies the allegations in paragraph 8.2 of the Amended Complaint.  To the extent the allegations in paragraph 8.2 purport to state legal theories or conclusions, no responsive pleading is necessary.  MERS® also states that the documents referred to in paragraph 8.2 of the Amended Complaint speak for themselves.

8.3    Based upon the false information provided to Mr. Buse in the notice sent regarding transfer of ownership and/or servicing of the loan in August 2005, Defendants GreenPoint, MERS, Rescomm, UM Acquisitions and United Mortgage all violated the requirements of RESPA, 12 U.S.C. § 2605.

**ANSWER:**

MERS® denies the allegations in paragraph 8.3 of the Amended Complaint.  To the extent the allegations in paragraph 8.3 purport to state legal theories or conclusions, no responsive pleading is necessary.

8.4    Further, when Defendant UM Capital purported to transfer ownership and/or servicing rights to Defendant Block on May 24, 2006, neither of these entities provided Mr. Buse with notice of this transfer in writing at least 15 days before the effective date of the transfer or at all.  Mr. Buse's only notice was by way of a telephone call from Defendant Block, who then extracted from Mr. Buse a loan modification agreement based upon false representations regarding the delinquency on the loan and his rights as the owner of the loan (if he was the owner of the loan at all).  All of these actions violated RESPA, 12 U.S.C. § 2605.

**ANSWER:**

The allegations in paragraph 8.4 are directed to other Defendants and therefore no responsive pleading is necessary.  But to the extent the allegations may be directed at MERS®, MERS® denies the allegations.

MORTGAGE ELECTRONIC'S ANSWER - 23
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 ● Tel: 206.839.4800

1

## IX.    AFFIRMATIVE DEFENSES

2

### Qualified Denial

3

MERS® denies each and every allegation of the complaint, except as specifically

4

admitted, answered, or otherwise qualified therein.

5

### Failure To State A Claim

6

Plaintiff has failed to state a claim upon which relief can be granted.

7

### Standing

8

Plaintiff lacks standing to assert some or all of his claims.

9

### Unclean Hands

10

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

11

### Laches/Waiver/Estoppel

12

Plaintiff's claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

13

### Statutes of Limitation

14

Plaintiffs' claims are barred by applicable statutes of limitation.

15

### Full Performance

16

Plaintiffs' claims are barred because MERS® performed all of its obligations required

17

of it, and the actions complained of in the Amended Complaint were to be performed by

18

Plaintiff.

19

### Lack of Proximate Cause

20

Plaintiff's damages, if any, were not proximately caused by any alleged conduct, act,

21

omission, or breach of duty of MERS®.

22

### Plaintiff's Fault or Wrongful Conduct

23

Plaintiffs' damages, if any, were caused or contributed to by Plaintiffs' own fault or

24

wrongful conduct.

25

26

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

1

Failure To Mitigate Damages

2       Plaintiff's claims are barred because Plaintiff has failed to exercise reasonable care and

3   diligence to mitigate its damages, if any.

4

No Damages

5       Plaintiff has not suffered any damages.

6

Plaintiff's CPA Claim Fails as a Matter of Law

7       Plaintiff's Consumer Protection Act claim fails because this is a private dispute that

8   does not involve the public interest under Washington law.

9

Reservation Of Right To Assert Additional Affirmative Defenses

10       Defendant reserves the right to raise additional affirmative and other defenses as may be

11   established by discovery and the evidence in this case.

12

**PRAYER FOR RELIEF**

13       Having set forth MERS®'s answer and affirmative defenses to the Amended

14   Complaint, MERS® respectfully requests that the Court grant the following relief:

15       A.    Dismissal of Plaintiff's claims against MERS® with prejudice;

16       B.    An award of fees and costs incurred in defending this action as permissible

17   under Washington law; and

18       C.    Such other relief as the Court deems just and equitable.

19   [*Remainder of page intentionally left blank.*]

20

21

22

23

24

25

26

MORTGAGE ELECTRONIC'S ANSWER - 25
Case No. 08-0510-MJP

DLA Piper US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

1    Dated this 18th day of April, 2008.

2                                                    **DLA PIPER US LLP**

3

4                                                    _____/s/ Russell B. Wuehler_____
                                                     Russell B. Wuehler, WSBA No. 37941
5                                                    701 Fifth Avenue, Suite 7000
                                                     Seattle, WA  98104-7044
6                                                    Telephone:  206.839.4800
                                                     Fax:  206.839.4801
7                                                    E-mail:  russell.wuehler@dlapiper.com
8                                                    Attorneys for Defendant Mortgage Electronic
                                                     Registrations Systems, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

DECLARATION OF SERVICE

2

3    I hereby certify that on April 18, 2008, I electronically filed the foregoing, Defendant

Mortgage Electronic Registration System, Inc.'s Answer to First Amended Complaint, with the

4
Clerk of the Court using the CM/ECF System which will send notification of such filing to the

5
following:

6

7    Melissa A. Huelsman, WSBA #30935
     705 Second Avenue, Suite 501
8    Seattle, Washington  98104
     mhuelsman@predatorylendinglaw.com
9    *Attorney for Plaintiff Richard O. Buse*

10   I also caused the foregoing to be served by mail on April 18, 2008, on the following:

11

12   Keith Scroggins                     Keith Scroggins
     UM Acquisitions, LLC                Rescomm Holdings No. 2, LLC
13   6701 Carmel Road, Suite 110         6701 Carmel Road, Suite 110
     Charlotte, NC  28226                Charlotte, NC  28226
14

15   Steven Linkon                       Peter Salmon
     ROUTH CRABTREE OLSEN, P.S.          PITE DUNCAN, LLP
16   3535 Factoria Blvd. SE, Suite 200   525 East Main Street
     Bellevue, WA  98006                 El Cajon, CA  92022
17   *Attorney for Defendants Greenpoint  Attorney for Defendants First
     Mortgage Funding, Inc. and Tom      American Title Insurance Company
18   Block*                              *and Foreclosurelink, Inc.*

19   EXECUTED at Seattle, Washington, this 18th day of April, 2008.

20                                          ____/s/ Russell B. Wuehler____
21                                          Russell B. Wuehler, WSBA No. 37941

22
WEST\20177514.1
23

24

25

26

MORTGAGE ELECTRONIC'S ANSWER - 27          DLA Piper US LLP
Case No. C08-0510-MJP                      701 Fifth Avenue, Suite 7000
                                  Seattle, WA  98104-7044 • Tel: 206.839.4800