# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICHARD O. BUSE,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY; FORCLOSURELINK, INC.; GREENPOINT MORTGAGE FUNDING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RESCOMM HOLDINGS NO. 2, LLC; UM ACQUISITIONS, LLC; TOM BLOCK; and Doe Defendants 1 through 20,,<br><br>    Defendants. | Case No. C-08-0510-MJP<br><br>ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT FORECLOSURELINK, INC. |

Defendant Foreclosurelink, Inc. ("Defendant" or "Foreclosurelink"), by and through its counsel of record, answers the Plaintiff's First Amended Complaint as follows:

**1    PARTIES**

    1.1    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.1 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 1.1.

    1.2    Defendant admits that it serves as the agent for First American Title Insurance Company ("FATIC") purposes of certain nonjudicial foreclosures in the State of Washington. Defendant denies that it is an illegal and unlicensed agent of FATIC. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph

FORECLOSURELINK ANSWER TO FAC
Page 1

Pite Duncan, LLP
P.O. Box 12289
El Cajon, CA 92022-2289
(619) 590-1300

1.2 of the Amended Complaint, and on that basis denies the remaining allegations contained in paragraph 1.2.

  1.3 Defendant admits that it is a California corporation, and that it acts as an agent for FATIC in connection with nonjudicial foreclosure activities within the State of Washington. Defendant denies the remaining allegations contained in paragraph 1.3.

  1.4 Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.4 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 1.4.

  1.5 Defendant admits that Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation, admits that MERS obtains security interests in real property located in the State of Washington, and was beneficiary under a deed of trust encumbering property owned by Plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1.5.

  1.6 Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Rescomm Holding No. 2's incorporation, registration, and licensing. The assignment of the Deed of Trust referenced in paragraph 1.6 speaks for itself, and therefore no response to the allegations regarding it is required.

  1.7 Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding UM ACQUISITIONS, LLC's incorporation, registration, and licensing. The assignment of the Deed of Trust referenced in paragraph 1.7 speaks for itself, and therefore no response to the allegations regarding it is required.

  1.8 Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding UM CAPITAL, LLC's incorporation, registration, and licensing. The assignment of the Deed of Trust referenced in paragraph 1.8 speaks for itself, and therefore no response to the allegations regarding it is required.

  1.9 Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding United Mortgage & Loan Investment, LLC's incorporation, registration, and licensing. The assignment of the Deed of Trust referenced in paragraph 1.9 speaks for itself, and

FORECLOSURELINK ANSWER TO FAC
Page 2

Pite Duncan, LLP
P.O. Box 12289
El Cajon, CA 92022-2289
(619) 590-1300

therefore no response to the allegations regarding it is required.

1.10   Defendant admits that Mr. Block acquired the beneficial interest under a deed of trust encumbering the real property owned by Plaintiff. The document recorded in the official records of King County speaks for itself, and therefore no response to the allegations regarding it is required.

1.11   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.11 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 1.11.

1.12   Defendant admits that Foreclosurelink acted as its agent for purposes of nonjudicial foreclosure notices. First American denies the remaining allegations contained in paragraph 1.12.

## 2   FACTUAL ALLEGATIONS

2.1   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.1 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 2.1.

2.2   Defendant admits the first four sentences set forth in paragraph 2.2. The remaining allegations contained in paragraph 2.2 constitute legal conclusions and/or legal arguments and not allegations of ultimate facts, and no response is therefore required to those remaining allegations.

2.3   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 2.3 of the Amended Complaint, and on that basis denies those allegations. The document attached as Exhibit 2 to the Amended Complaint speaks for itself, and Defendant denies any allegations contained within the remainder of paragraph 2.3 which are inconsistent the actual Exhibit 2.

2.4   The documents attached as Exhibit 3 and Exhibit 4 to the Amended Complaint speak for themselves, and Defendant denies any allegations contained within paragraph 2.4 which are inconsistent the actual Exhibits 3 and 4.

2.5   The document attached as Exhibit 5 to the Amended Complaint speaks for itself, and Defendant denies any allegations contained within paragraph 2.5 which are inconsistent the actual Exhibits 5.

/././

FORECLOSURELINK ANSWER TO FAC
Page 3

Pite Duncan, LLP
P.O. Box 12289
El Cajon, CA 92022-2289
(619) 590-1300

2.6     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.6 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 2.6.

2.7     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.7 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 2.7.

2.8     Defendant admits the allegations set forth in the first two sentences of paragraph 2.8 of the Amended Complaint. Defendant admits the Appointment of Successor Trustee was recorded on January, 9, 2007, and that as agent for FATIC, it issued a Notice of Default. Defendant denies the remaining allegations contained in paragraph 2.8 of the Amended Complaint.

2.9     The documents attached as Exhibits 9 and Exhibit 10 to the Amended Complaint speak for themselves, and Defendant denies any allegations contained within paragraph 2.9 which are inconsistent the actual Exhibits 9 and 10.

2.10    Defendant admits that a Notice of Default and a Notice of Trustee's Sale were delivered to Plaintiff. Defendant admits that Exhibit 11 is a true and correct copy of the Notice of Trustee's Sale issued to Plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2.10 of the Amended Complaint, and on that basis denies the remaining allegations contained in paragraph 2.10.

2.11    Defendant admits that the documents comprising Exhibit 12 to the Amended Complaint appear to be printouts from a MERS web page. Defendant denies the remaining allegations contained in paragraph 2.11 of the Amended Complaint.

2.12    Defendant denies that it is the "actual foreclosing trustee" as alleged in paragraph 2.12 of the Amended Complaint. Defendant denies that either FATIC or it violated Washington law in issuing nonjudicial foreclosure notices at issue, and denies all allegations contained within paragraph 2.12 which can be construed to allege such a violation. The remaining allegations in paragraph 2.12 contain quotes from statutes or legal arguments that do not constitute allegations of ultimate facts, and therefore no responsive pleading is necessary.

/././

FORECLOSURELINK ANSWER TO FAC
Page 4

Pite Duncan, LLP
P.O. Box 12289
El Cajon, CA 92022-2289
(619) 590-1300

**3      INFLICTION OF EMOTIONAL DISTRESS**

      3.1     Defendant realleges each and every response contained within this Answer as through fully set forth herein.

      3.2     Defendant denies the allegations in paragraph 3.2 of the Amended Complaint.

      3.3     Defendant denies the allegations in paragraph 3.3 of the Amended Complaint.

**4      SLANDER OF TITLE**

      4.1     Defendant realleges each and every response contained within this Answer as through fully set forth herein.

      4.2     Defendant denies the allegations in paragraph 4.2 of the Amended Complaint.

      4.3     Defendant denies the allegations in paragraph 4.3 of the Amended Complaint.

**5      BREACH OF FIDUCIARY DUTY OR QUASI-FIDUCIARY DUTY**

      5.1     Defendant realleges each and every response contained within this Answer as through fully set forth herein.

      5.2     Defendant admits that a nonjudicial foreclosure trustee has been deemed to owe a type of fiduciary duty to a trustor under Washington law, but denies the nature or scope of the relationship as alleged in paragraph 5.2 of the Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as the nature of any alleged fiduciary relationship between Plaintiff and any other party, and on that basis denies the remaining allegations contained in paragraph 5.2 of the Amended Complaint.

      5.3     Defendant admits that a nonjudicial foreclosure trustee has been deemed to owe a type of fiduciary duty to a trustor under Washington law. Defendant denies the remaining allegations contained in paragraph 5.3 of the Amended Complaint.

      5.4     Defendant denies the allegations in paragraph 5.4 of the Amended Complaint.

**6      VIOLATION OF THE CONSUMER PROTECTION ACT**

      6.1     Defendant realleges each and every response contained within this Answer as through fully set forth herein.

      6.2     Defendant denies the allegations in paragraph 6.2 of the Amended Complaint.

      6.3     Defendant denies the allegations in paragraph 6.3 of the Amended Complaint.

FORECLOSURELINK ANSWER TO FAC  
Page 5

Pite Duncan, LLP  
P.O. Box 12289  
El Cajon, CA 92022-2289  
(619) 590-1300

**7      COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF A PRELIMINARY INJUNCTION**

7.1    Defendant admits that Plaintiff moved for a temporary restraining order before this action was removed to Federal Court. Defendant lacks knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7.1 of the Amended Complaint, and on that basis denies the remaining allegations contained in paragraph 7.1.

7.2    Paragraph 7.2 of the Amended Complaint sets forth legal argument rather than allegations of ultimate facts, and therefore no responsive pleading is necessary.

7.3    Paragraph 7.3 of the Amended Complaint sets forth legal argument rather than allegations of ultimate facts, and therefore no responsive pleading is necessary.

**8      VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

8.1    Defendant realleges each and every response contained within this Answer as through fully set forth herein.

8.2    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8.2 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 8.2.

8.3    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8.3 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 8.3.

8.4    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8.4 of the Amended Complaint, and on that basis denies the allegations contained in paragraph 8.4.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to Plaintiff's Amended Complaint, Defendant alleges the following:

/././

/././

/././

FORECLOSURELINK ANSWER TO FAC
Page 6

Pite Duncan, LLP
P.O. Box 12289
El Cajon, CA 92022-2289
(619) 590-1300

## FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate his damages, if any, as required by law, and is barred, in whole or in part, from recovery by reason thereof against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Apportionment)

The matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or by Plaintiff. Accordingly, the liability of Defendant and responsible parties, named or unnamed, should be apportioned and the liability, if any, of Defendant should be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of equitable relief requested by Plaintiff herein.

## FOURTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

None of the injuries allegedly suffered by Plaintiff were proximately caused by Defendant's conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

As the authorized agent of a nonjudicial foreclosure trustee, Defendant's conduct was proper and subject to privilege pursuant to the terms and conditions of the subject Note, Deed of Trust, and Washington statute.

## SIXTH AFFIRMATIVE DEFENSE

### (Lawful Action)

Any injuries allegedly suffered by Plaintiff as a results of Defendant's alleged conduct were the result of a lawful effort of Defendant to perform its duties as the authorized agent of a nonjudicial foreclosure trustee under Washington law.

FORECLOSURELINK ANSWER TO FAC
Page 7

Pite Duncan, LLP
P.O. Box 12289
El Cajon, CA 92022-2289
(619) 590-1300

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification)

The acts or omissions complained of by Plaintiff were justified.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Defendant has not acted with oppression, fraud or malice toward Plaintiff, and therefore, Plaintiff is not entitled to exemplary or punitive damages.

## NINTH AFFIRMATIVE DEFENSE

### (Compliance with Statutes)

Defendant has complied with all relevant Washington and federal statutes governing the relationship, if any, between Plaintiff and Defendant regarding the alleged conduct of Defendant in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Unstated Affirmative Defenses)

Defendant alleges that at this time it has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves herein the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

Based upon the foregoing, Defendants respectfully requests that:

1. The Plaintiff take nothings by way of his Amended Complaint;
2. For costs of suit; and,
3. For such other and further relief as the Court deems proper.

Dated: May 2, 2008

PITE DUNCAN, LLP

/s/ Peter J. Salmon
By: Peter J. Salmon
Attorneys for Defendants FIRST AMERICAN TITLE INSURANCE COMPANY; FORCLOSURELINK, INC.

1649893.wpd

FORECLOSURELINK ANSWER TO FAC
Page 8

Pite Duncan, LLP
P.O. Box 12289
El Cajon, CA 92022-2289
(619) 590-1300