HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD O. BUSE, | ) Case No. 08-CV-08-00510 MJP |
| | ) |
| Plaintiff, | ) PLAINTIFF'S INITIAL DISCLOSURES |
| | ) (RULE 26) |
| vs. | ) |
| | ) |
| FIRST AMERICAN TITLE INSURANCE | ) |
| COMPANY; FORECLOSURELINK, INC.; | ) |
| GREENPOINT MORTGAGE FUNDING, | ) |
| INC.; MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC.; | ) |
| RESCOMM HOLDINGS NO. 2, LLC; UM | ) |
| ACQUISITIONS, LLC; TOM BLOCK; and | ) |
| Doe Defendants 1 through 20, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Richard O. Buse hereby makes his initial

disclosures to the Defendants in the above-captioned case, as follows:

## RESERVATION OF RIGHTS

1.      Plaintiff's disclosures are based upon information reasonably available to him as

of the date these disclosures were prepared.  Accordingly, Plaintiff reserves the right to

supplement the information contained herein if additional information becomes known to him at

a later date.

PLAINTIFF'S INITIAL DISCLOSURE - 1
CV-08-00510-MJP

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 501
Seattle, WA 98104

2.    Plaintiff's initial disclosures are not intended to and do not constitute a waiver of any objections he may have now or in the future to any discovery in this action.  Plaintiff expressly reserve any and all objections which he has, previously had, or may ever have, including, but not limited to, objections based upon relevance; attorney-client privilege; attorney-work product doctrine; undue burden or harassment; overbreadth; immateriality; or any other applicable privilege or protection under federal, local, or applicable state laws or rules of evidence.

3.    Plaintiff expressly reserves the right to identify documents or individuals or call as witnesses individuals in addition to those identified herein, including witnesses disclosed by defendants, and to identify additional documents, if they discover that additional documents exist that are relevant to this action or that such individuals have or might have knowledge of matters relevant to this action.

4.    Any of all of these initial disclosures are made subject to and without limiting any of the foregoing reservation of rights.

**I.    Individuals likely to have discoverable information that may be used by Plaintiff to support his claims or defenses:**

Subject to and without waiving reservation of rights stated above and based upon the information reasonably available to Plaintiff at the present time, Plaintiff identifies the following as individuals likely to have discoverable information that Plaintiff may use to support his claims or defenses:

1.    Plaintiff Richard O. Buse through his counsel, Melissa A. Huelsman, Law Offices of Melissa A. Huelsman, P.S., 705 Second Avenue, Suite 501, Seattle, WA 98104; (206) 447-0103.

2.    Representatives (s) Defendant First American Title Insurance Company, c/o counsel Pite Duncun LLP, 525 East Main St. P.O. Box 12289, El Cajon, CA

92929; (619) 590-1300.

3.   Representative(s) Defendant ForeclosureLink, Inc., c/o counsel Pite Duncun LLP, 525 East Main St. P.O. Box 12289, El Cajon, CA 92929; (619) 590-1300.

4.   Representative(s) Defendant Greenpoint Mortgage Funding, Inc., c/o counsel Routh Crabtree Olsen, 3535 Factoria Blvd., Suite 200, Bellevue, WA 98006; (425) 586-1952.

5.   Representative(s) Mortgage Electronic Registration Systems, c/o counsel DLA Piper US LLP, 701 Fifth Avenue, Suite 7000, Seattle, WA 98104; (206) 839-4847.

6.   Representative(s) Defendant Rescomm Holding, No. 2 LLC, c/o Matt Wiedbrauk, 6701 Carmel Road, Suite 110, Charlotte, North Carolina 28226.

7.   Representative(s) Defendant UM Acquisitions, LLC, c/o Matt Wiedbrauk, 6701 Carmel Road, Suite 110, Charlotte, North Carolina 28226.

8.   Tom Block, c/o counsel Routh Crabtree Olsen, 3535 Factoria Blvd., Suite 200, Bellevue, WA 98006; (425) 586-1952.

9.   All individuals identified in the loan file as having participated in making or facilitating the loans in question.

The other defendants in this case have not been served yet and therefore the only identifying information for them is their registered agent information.

**II.    Description of documents, data compilations, and tangible things that are in Plaintiff's possession, custody, or control that may be used to support their claims or defenses.**

Subject to and without waiving the reservation of rights stated above and based upon the information reasonably available to Plaintiff at the present time, Plaintiff submits the following description of documents, data compilations, and tangible things in his possession, custody, or

control that may be relevant to his claims or defenses. Plaintiff is also identifying documents which he knows to exist and which he believe may support his claims:

1.      Plaintiff's financial documents and supporting documentation relating to the mortgage loan, including but not limited to, the documentation Plaintiff received from any of the defendants and/or the escrow agent and/or the notary.

2.      The entire loan file(s) in the possession the defendants, as well as the escrow file in the possession of the escrow agent.

3.      Documents relating to the relationship between the defendants herein, including the mortgage broker relationship between Defendants and the mortgage lender defendants.

4.      Records in the possession of the notary who notarized the loan documents.

5.      Loan files and supporting documentation in the possession of all of the mortgage lending defendants named herein.

6.      Loan files and supporting documentation in the possession of the foreclosing entities.

Documents in the possession of Plaintiff are being held by their attorney, Law Offices of Melissa A. Huelsman, P.S., 705 Second Avenue, Suite 501, Seattle, WA 98104, and they have already been produced to all counsel for the parties who have appeared in the case to date.

**III.     Damages Computation**

A computation of the categories of damages claimed by the Plaintiff is as follows:

1.      General damages resulting from the actions of the Defendants, including inflated costs of servicing the mortgage loan resulting from increased interest rates; improper amounts charged by the Defendants, foreclosure fees and cost and other damages which are not yet indentified.

2.      Damages resulting from the emotional distress caused by the Defendants.

3.      Statutory damages that are available under TILA.

4.      Treble damages available under the Consumer Protection Act.

5.      Attorneys' fees and costs.

IV.    **Insurance**

There is no insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered for inspection and copying under Rule 34.

Dated this 22nd day of July 2008.

Law Offices of Melissa A. Huelsman,
P.S.

By: _____
Melissa A. Huelsman, WSBA 30935
Attorney for Plaintiff Richard O. Buse