UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICHARD O. BUSE,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY; FORCLOSURELINK, INC.; GREENPOINT MORTGAGE FUNDING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RESCOMM HOLDINGS NO. 2, LLC; UM ACQUISITIONS, LLC; TOM BLOCK; and Doe Defendants 1 through 20,,<br><br>Defendants. | Case No. C-08-0510-MJP<br><br>AFFIDAVIT OF FORECLOSURELINK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR<br>April 24, 2009 |

I, Marsha Townsend, declare under penalty of perjury as follows:

1. I have personal knowledge of the matters set forth in this Affidavit and if called upon to testify could and would completely testify thereto.

2. I am employed with Foreclosurelink, Inc. ("Foreclosurelink") as a Vice-President. At all relevant times herein, I was employed by Foreclosurelink and am authorized by Foreclosurelink to make this Affidavit.

3. Foreclosurelink was the agent for First American Title Insurance Company ("First American"), the substituted trustee under the below-referenced Deed of Trust, for purposes of assisting in the delivery of non-judicial foreclosure notices concerning the non-judicial foreclosure of a Home Equity Line of Credit Deed of Trust and Security Agreement ("Deed of Trust") dated June

AFFIDAVIT OF FORECLOSURELINK RE: MSJ
Page 1
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1   9, 2004, encumbering the real property commonly known as 31210 Carnation Duvall Road Northeast, Carnation, Washington 98014, aka 9424 Carnation Duvall Road Northeast, Carnation, Washington 98014 ("Subject Property").

4.  During the time frames alleged by Plaintiff in this lawsuit, I was the custodian of Foreclosurelink's trustee sale records ("Business Records") as they pertain to the loan to the Plaintiff, RICHARD O. BUSE, in this matter.

5.  I have examined Foreclosurelink's trustee sale file relating to the below referenced Promissory Note and Deed of Trust in detail ("Buse File"). The Buse File is kept in the ordinary course of Regional Trustee's business. I am familiar with Foreclosurelink's methods of maintaining trustee sales files. Entries are to be made in the file whenever one of Foreclosurelink's personnel has an interaction related to the foreclosure. Entries documenting all interactions on the loan are to be made at or near the time of the interaction. These entries must be faithfully and accurately recorded so that any person who may be participating in the subject foreclosure can view the file to ascertain the status of the loan, the borrower, the security and the status of the foreclosure activity. The Buse File appears to have been maintained in accordance with this policy.

6.  I have personally worked on Foreclosurelink's records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the Business Records of Foreclosurelink, which were made at or about the time of the events recorded and, which are maintained in the ordinary course of Foreclosurelink's business. Any document was prepared in the ordinary course of business of Foreclosurelink by a person who had personal knowledge of the event being recorded and had or has a business duty to accurately record such event. The Business Records are available for inspection and copies can be submitted to the Court if required.

7.  Foreclosurelink has contracted with First American to act as an agent of First American for purposes of: preparing the appointment of successor trustee to cause First American to become the trustee; preparing nonjudicial foreclosure notices; causing notices to be mailed to parties required to receive notice; coordinating the posting and publishing of the Notice of Trustee's Sale; and, arranging for an auctioneer to conduct the actual nonjudicial foreclosure sale. The form

AFFIDAVIT OF FORECLOSURELINK RE: MSJ
Page 2
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

of the Appointment of Successor Trustee, Notice of Default, Notice of Foreclosure, Notice to Guarantor, and Notice of Trustee's Sale actually generated for any nonjudicial foreclosure sale comes from a format created at the direction of and approved of by First American in order to comply with Washington law. The identify of and addresses for persons or entities to be served with nonjudicial foreclosure notices contained within the Notice of Default, Notice of Foreclosure, and Notice of Trustee's Sale comes from the trustee's sale guarantee generated by First American, as well as from information provided by the beneficiary or servicer of the loan for the foreclosing beneficiary.

8. Foreclosurelink only serves as an agent for First American when specifically agreed upon for specific nonjudicial foreclosures of real property. Foreclosurelink does not have authority from First American to serve as the agent for First American for purposes of a nonjudicial foreclosure without the prior written consent of First American, and is authorized to sign documents only as the agent of First American. Unless specifically agreed upon in writing for a limited purpose, Foreclosurelink does not have a power of attorney to execute documents on behalf of First American in connection with any nonjudicial foreclosure sale.

9. Foreclosurelink contacted First American concerning a potential nonjudicial foreclosure of the Subject Property when Foreclosurelink was contacted by Norm Pomeranz, an agent acting on behalf of Tom Block. Mr. Block was the beneficiary by assignment of the Deed of Trust. First American agreed to serve as the successor trustee under the Deed of Trust for purposes of commencing a nonjudicial foreclosure. Accordingly, Mr. Block executed an Appointment of Successor Trustee on January 4, 2007, appointing First American as the successor trustee. The form of the Appointment of Successor Trustee was previously approved by First American, including the request to return it after recording to Foreclosurelink. A true and correct copy of the Appointment of Successor Trustee is attached hereto as Exhibit A.

10. Foreclosurelink subsequently prepared a Notice of Default also dated January 4. 2007, and sent the Notice of Default to Plaintiff and the other parties entitled to notice by first class mail and certified mail, pursuant to the provisions of the Revised Code of Washington 61.24.030(7). The form of the Notice of Default was previously approved by First American, as well as Foreclosurelink

AFFIDAVIT OF FORECLOSURELINK RE: MSJ  
Page 3  
C08-0510

Pite Duncan, LLP  
P.O. Box 17935  
San Diego, CA 92177-0935  
(858) 750-7600

mailing the notices. The information for the mailing of the Notice of Default came from the trustee's sale guarantee prepared by First American. The Notice of Default was also posted in a conspicuous place on the Subject Property.

11. On February 8, 2007, Foreclosurelink prepared a Notice of Foreclosure and a separate Notice of Trustee's Sale, sending both notices to Plaintiff and the other parties entitled to receive notice by first class mail and certified mail. The Notice of Foreclosure specified the office address of First American in Seattle as the office to serve any process. The Notice of Trustee's Sale was recorded in the Official Records of King County on February 9, 2007. Both the Notice of Foreclosure and Notice of Trustee's Sale were in a form previously approved by First American, and the information for the mailing of the notices came from the trustee's sale guarantee prepared by First American. The Notice of Trustee's Sale was also published in the Daily Journal of Commerce and posted on the Subject Property.

12. On April 24, 2007, at the request of Mr. Block, a Notice of Discontinuance of the Trustee's Sale was prepared by Foreclosurelink and recorded on April 26, 2007. The form of the Notice of Discontinuance was previously approved by First American.

13. On October 24, 2007, Norm Pomeranz, the agent for Mr. Block, request the initiation of a new nonjudicial foreclosure process due to a default by the Plaintiff. Foreclosurelink subsequently prepared a Notice of Default dated October 30. 2007, and sent the Notice of Default to Plaintiff and the other parties entitled to notice by first class mail and certified mail, pursuant to the provisions of the Revised Code of Washington 61.24.030(7). The form of the Notice of Default was previously approved by First American, as well as Foreclosurelink mailing the notices. The information for the mailing of the Notice of Default came from the trustee's sale guarantee prepared by First American. The Notice of Default was also posted in a conspicuous place on the Subject Property. A true and correct copy of the Notice of Default is attached hereto as Exhibit B.

14. On November 30, 2007, Foreclosurelink prepared a Notice of Foreclosure and a separate Notice of Trustee's Sale, sending both notices to Plaintiff and the other parties entitled to receive notice by first class mail and certified mail. The Notice of Foreclosure specified the office address of First American in Seattle as the office to serve any process. The Notice of Trustee's Sale

AFFIDAVIT OF FORECLOSURELINK RE: MSJ
Page 4
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1  was recorded in the Official Records of King County on December 4, 2007. Both the Notice of
2  Foreclosure and Notice of Trustee's Sale were in a form previously approved by First American, and
3  the information for the mailing of the notices came from the trustee's sale guarantee prepared by
4  First American. The Notice of Trustee's Sale was also published in the Daily Journal of Commerce
5  and posted on the Subject Property. True and correct copies of the Notice of Foreclosure and Notice
6  of Trustee's Sale are attached hereto as Exhibits C and D, respectively.

7       15.     First American did not proceed with a sale due to the present litigation and
8  communication with Mr. Block.

9       16.     Based upon my employment and experience with Foreclosurelink, the use of agents
10 to assist in the preparation and delivery of nonjudicial foreclosure notices is common for nonjudicial
11 foreclosures processed within the State of Washington. The handling of the nonjudicial foreclosure
12 notices as agent for First American in this matter is consistent with Foreclosurelink's procedures
13 generally.

14       I declare under penalty of perjury under the laws of the United States that the foregoing is
15 true and correct, executed this 26th day of March 2009, at FAIR OAKS, California.

*[signature: Marsha Townsend]*

19 STATE OF CALIFORNIA   )
                          ) ss
20 COUNTY OF Sacramento   )

21 On 3|26, 2009, before me, the undersigned, a Notary Public in and for said State, personally appeared MARSHA Townsend, personally known to me (or proved to me on the
22 basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his authorized capacity(ies),
23 and that by his/her signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
24
   I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
25 paragraph is true and correct.

26 WITNESS my hand and official seal.

*[signature: Misty Montgomery]*

MISTY MONTGOMERY
Commission # 1601320
Notary Public - California
Sacramento County
My Comm. Expires Sep 13, 2009

1780841.wpd

AFFIDAVIT OF FORECLOSURELINK RE: MSJ
Page 5
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

**EXHIBIT A**

Filed for Record at Request of
FORECLOSURELINK, INC.
5006 SUNRISE BLVD.
SUITE 200
FAIR OAKS, CA 95628



2007010900206**4**
FIRST AMERICAN AST    12.00
PAGE001 OF 001
01/09/2007 15:13
KING COUNTY, WA

---

File No. fc15532-5   Loan No. Carnation Duvall   319563I   1ST AM

## APPOINTMENT OF SUCCESSOR TRUSTEE   O/12

NOTICE IS HEREBY GIVEN, that **First American Title Insurance Company** c/o ForeclosureLink, Inc., whose address is 5006 Sunrise Blvd., Suite 200, Fair Oaks, CA 95628, is hereby appointed successor Trustee under that certain Deed of Trust dated 06/09/2004, executed by Richard O. Buse, as Grantor and Placer Title Company, as Trustee, and Mortgage Electronic Registration Systems Inc. solely as nominee for Lender, as the Beneficiary or Successor in Interest, and Recorded on 07/29/2004 as Auditor No. 20040729000563, records of King County, Washington.

Dated: January 4, 2007

Tom Block
_____

STATE OF California
COUNTY OF Los Angeles

On 1/4/07, before me, Vicente Gutierrez, a Notary Public in and for said state, personally appeared Tom Block, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity; and that by his/her signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.
WITNESS my hand and official seal.

Signature

VICENTE GUTIERREZ
Commission # 1459977
Notary Public - California
Los Angeles County
My Comm. Expires Jan 2, 2008

1

F 0034

**EXHIBIT B**

Loan #: carrnation duvall
Title #: 3496874
TS#: fc17644-5

# NOTICE OF DEFAULT

NOTICE IS HEREBY GIVEN THAT THE BENEFICIARY HAS DECLARED YOU ARE IN DEFAULT on the obligation secured by a Deed of Trust Dated 06/09/2004, Executed by RICHARD O. BUSE, as Trustors, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR LENDER, as Beneficiary, Recorded on 07/29/2004 AS AUDITOR NO. 20040729000563, records of King, Washington, affecting the following described real property: PARCEL A, LOT 1, LOTS 5 & 6 STILLWATER VOL. 19, PLAT 11
SEE ATTACHED FOR COMPLETE LEGAL DESCRIPTION

More commonly known as: 9424 CARNATION DUVALL ROAD NE, CARNATION, WA 98014

Tax ID: 042507-9022-05

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments, and all subsequent payments, plus accrued late charges, and other costs, advances and attorney's fees as set forth below no later than eleven days prior to the date set for the sale of your property.

The amount due as of the date of this notice and for 30 days thereafter is $14,526.16. Arrears and costs prior to recording the Notice of Sale are as follows:

| | |
|---|---|
| Delinquent monthly payments from 06/01/2007 in the amount of | $11,209.26 |
| Late charges due | $1,494.56 |
| Foreclosure Prep Charge | $500.00 |
| Credit to borrower | $(368.21) |
| Attorney's Fees | $ |
| Trustee's Fees | $897.29 |
| Trustee's Expenses:   Title report | $578.26 |
| Recording fees | $ |
| Service/Posting of Notices | $50.00 |
| Postage/Copying expense | $165.00 |
| Other: | $ |
| **AMOUNT NECESSARY TO REINSTATE WITHIN 30 DAYS OF NOTICE** | **$14,526.16** |

If the amount necessary to reinstate is not paid within thirty (30) days of the date of mailing of this Notice of Default or, if personally served, within thirty (30) days of the date of personal service thereof, a Notice of Sale may be recorded, transmitted and published and the property described in this Notice of Default may be sold at public auction at a date no less than one hundred twenty (120) days in the future. The effect of the recordation, transmittal and publication of a Notice of Sale will (i) increase costs and fees and (ii) publicize the default and advertise your property for sale.

The effect of the sale of your property by the trustee will be to deprive you or your successor(s) in interest and all those who hold by, through or under him/her of all their interest in the property

F 0062

Loan #: carrnation duvall
Title #: 3496874
TS#: fc17644-5

described above. You or any successor(s) in interest have recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property to pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes and hazard insurance premiums.

Upon expiration of the reinstatement period, eleven (11) days prior to the date set for the sale of your property, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

We are attempting to collect a debt and any information we obtain will be used for that purpose. The debt described in this Notice is assumed to be valid unless you dispute the validity of the debt within 30 days from receiving this notice and that, if disputed, debt collector will obtain and furnish to debtor the verification. If written request is made within 30 days by debtor, name of original lender will be given if different that the current creditor. The current unpaid principal balance due on this obligation is $106,755.12.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

    TOM BLOCK C/O FORECLOSURELINK, INC., 5006 SUNRISE BLVD. #200, FAIR OAKS, CA 95628  (877) 234-5465

You must contact the above prior to reinstatement in order to obtain the amount and exact figure necessary to cure the default(s). All reinstatement monies must be tendered in cash, cashiers check or certified funds.

If you have any questions, you should contact a lawyer or the governmental agency, which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.
Dated: October 30, 2007

FIRST AMERICAN TITLE INSURANCE COMPANY, TRUSTEE
By: ForeclosureLink, Inc., Agent

*[signature: Lauren Meyer]*
Lauren Meyer
Senior Trustee Sale Officer

F 0063

**EXHIBIT "A"**

The land referred to herein is in the State of Washington, County of King, Unincorporated Area, and is described as follows

Parcel A, Lot A, King County Lot Line Adjustment Number L96L0019, recorded under Recording No 9607159010 being a portion of the Northwest quarter of Section 4 Township 25 North Range 7 East W M King County, Washington, and Lots 5 and 6 Stillwater according to the Plat thereof recorded in Volume 19 of Plats, Page 11 in King County, Washington Parcel B the West 60 feet of the following described property the Westerly 208 7 feet of the Southerly 208 7 feet of Government Lot 3, Section 4, Township 25 North Range 7 East W M King County, Washington

Tax ID Number 0425079022

**EXHIBIT C**

# NOTICE OF FORECLOSURE
## Pursuant to the Revised Code of Washington, Chapter 61.24 RCW

T.S. Number: fc17644-5       Loan Number: carrnation duvall

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to TOM BLOCK, the Beneficiary of your Deed of Trust and owner of the obligation secured thereby. Unless the default(s) is/are cured, your property will be sold at auction on 03/07/2008.

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorneys' fees as set forth below by 02/24/2008 (11 days before the sale date). To date, these arrears and costs are as follows:

|  |  | Currently due to reinstate on 12/08/2007 | Estimated amount that will be due to reinstate on 02/24/2008 |
|---|---|---|---|
| Delinquent monthly payments from 06/01/2007 in the amount of $1,868.21: |  | $13,077.47 | $16,813.89 |
| Late charges in the total amount of: |  | $1,158.56 | $2,055.02 |
| Advance to Senior Lienholder: |  | $10,266.90 | $10,266.90 |
| Interest on advance: |  | $179.67 | $646.81 |
| Prep. Charge: |  | $500.00 | $500.00 |
| Credit to borrower: |  | $(368.21) | $(368.21) |
| Trustee's Fees |  |  |  |
| Trustee's Expenses: | Title Report | $897.29 | Estimated amounts |
|  | Recording Fees | $578.26 | $897.29 |
|  | Service/Posting of Notices | $90.00 | $578.26 |
|  | Postage/Copying expense | $100.00 | $90.00 |
|  | Publication | $92.00 | $100.00 |
|  | Other | $0 | $92.00 |
|  |  |  | $1,000.00 |
| TOTALS |  | $26,907.94 | $32,671.96 |

As to the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust, you must cure each such default. Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust. Opposite each such listed default is a brief description of the action necessary to cure the default and a description of the documentation necessary to show that the default has been cured.

Description of Action Required to Cure and Documentation Necessary to Show Cure: N/A

I

F 0072

T.S. Number: fc17644-5          Loan Number: carrnation duvall

You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including 02/24/2008 (11 days before the sale date), by paying the amounts set forth or estimated above and by curing any other defaults described above. Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment. Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement. In addition, because some of the charges can only be estimated at this time and because the amount necessary to reinstate may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement so that you may be advised of the exact amount you will be required to pay. Tender of payment or performance must be made to: FORECLOSURELINK, INC., 5006 SUNRISE BLVD., SUITE 200, FAIR OAKS, CA  95628, (916) 962-3453. AFTER 02/24/2008, YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE. In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance ($106,755.12) plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above.

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default. A copy of your Deed of Trust and documents evidencing the obligation secured thereby are enclosed. You may wish to consult a lawyer. Legal action on your part may prevent or restrain the sale; but only if you persuade the court of the merits of your defense.

**THE COURT MAY GRANT A RESTRAINING ORDER OR INJUNCTION TO RESTRAIN A TRUSTEE'S ALE PURSUANT TO RCW 61.24.130 UPON FIVE DAYS NOTICE TO THE TRUSTEE OF THE TIME WHEN, PLACE WHERE, AND THE JUDGE BEFORE WHOM THE APPLICATION FOR THE RESTRIANING ORDER OR INJUNCTION IS TO BE MADE. THIS NOTICE SHALL INCLUDE COPIES OF ALL PLEADINGS AND RELATED DOCUMENTS TO BE GIVEN TO THE JUDGE. NOTICE AND OTHER PROCESS MAY BE SERVED ON THE TRUSTEE AT:**

**FIRST AMERICAN TITLE INSURANCE COMPANY**
**2101 4th Avenue, Suite 800**
**Seattle, WA  98121**
**Attn:  M. Savage**
**(800) 826-7718**

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court action, your property will be sold to satisfy the obligations secured by your Deed of Trust. The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property.

Dated:  11/30/07

FIRST AMERICAN TITLE INSURANCE COMPANY, As Trustee
By: FORECLOSURELINK, INC., Agent

_____
Lauren Meyer, Sr. Trustee Sale Officer

**EXHIBIT D**

Foreclosurelink, Inc.
5006 Sunrise Blvd., Suite 200
Fair Oaks, CA 95628



20071204001361
FIRST AMERICAN NTS          43.00
PAGE001 OF 004
12/04/2007 14:02
KING COUNTY, WA

FILED FOR RECORD AT REQUEST OF:
FIRST AMERICAN TITLE INSURANCE
COMPANY
c/o ForeclosureLink, Inc.
5006 Sunrise Blvd, Ste 200
Fair Oaks, CA 95628

| Loan #: | carrnation duvall |
|---|---|
| Title #: | 3496874 |
| TS #: | fc17644-5 |

1ST AM  ③/42

# NOTICE OF TRUSTEE'S SALE
PURSUANT TO THE REVISED CODE OF WASHINGTON
CHAPTER 61.24 ET.SEQ.

I.
NOTICE IS HEREBY GIVEN that FIRST AMERICAN TITLE INSURANCE COMPANY, Trustee will on 03/07/2008 at the hour of 10:00AM AT THE MAIN ENTRANCE TO THE ADMINISTRATION BUILDING, 500 4TH AVENUE, SEATTLE, WA, State of Washington, sell at public auction to the highest and best bidder, payable at the time of sale, the following described real property, situated in the County of King, State of Washington, to-wit:

PARCEL A, LOT 1, LOTS 5 & 6 STILLWATER VOL. 19, PLAT 11
SEE ATTACHED FOR COMPLETE LEGAL DESCRIPTION

Tax ID No. 042507-9022-05

Commonly known as:  9424 CARNATION DUVALL ROAD NE, CARNATION, WA 98014

which is subject to that certain Deed of Trust Recorded on 07/29/2004 AS AUDITOR NO. 20040729000563, records of King County, Washington, from RICHARD O. BUSE, as Grantor(s), to PLACER TITLE COMPANY, as Trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., SOLELY AS NOMINEE FOR LENDER, as Beneficiary; the beneficial interest of which was assigned to TOM BLOCK, under an Assignment recorded under Auditor's File No. 20060619001646.

II.
No action commenced by the Beneficiary of the Deed of Trust or the Beneficiary's successor is now pending to seek satisfaction of the obligation in any court by reason of the Grantor's default on the obligation secured by the Deed of Trust.

III.
The default(s) for which this foreclosure is made is/are as follows:

Monthly Payment: 7 monthly payments of $1,868.21 each; (June 1, 2007 through December 1, 2007): $13,077.47

Late Charges: Late Charges for each monthly payment not made within 15 days of its due date: $1,120.92

Account Deficit: $10,578.36

F 0074

TOTAL MONTHLY PAYMENTS, LATE CHARGES AND ACCOUNT DEFICIT: $25,150.39

IV.

The sum owing on the obligation secured by the Deed of Trust is: Principal of $106,755.12, together with interest as provided in the note or other instrument secured from 05/01/07, and such other costs and fees as are due under the note or other instrument secured, and as are provided by statute.

V.

The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. The sale will be made without warranty, express or implied, regarding title, possession, or encumbrances on March 7, 2008. The default(s) referred to in paragraph III must be cured by February 24, 2008 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time on or before February 24, 2008 (11 days before the sale date), the default(s) as set forth in paragraph III is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after February 24, 2008 (11 days before the sale date), and before the sale by the Grantor or the Grantor's successor in interest or the holder of any recorded junior lien or encumbrance paying the entire principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.

A written notice of default was transmitted by the Beneficiary or Trustee to the Grantor or the Grantor's successor in interest at the following address(es):

31210 Carnation Duvall Rd Northeast, Carnation, WA 98014
9424 Carnation Duvall Road NE, Carnation, WA 98014
32501 NE 50th St. #14, Carnation, WA 98014

by both first class and certified mail on October 31, 2007, proof of which is in the possession of the Trustee; and the Grantor or the Grantor's successor in interest was personally served on October 31, 2007, with said written notice of default or the written notice of default was posted in a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of proof of such service or posting.

VII.

The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor, of all their interest in the above-described property.

IX.

Anyone having any objections to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

X.

NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants and tenants. After the 20th day following the sale, the purchaser has the right to evict occupants and tenants by summary proceedings under the Unlawful Detainer Act, Chapter 59.12 RCW.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

F 0075

Dated: 11/30/07

FIRST AMERICAN TITLE INSURANCE COMPANY, as Trustee
By: ForeclosureLink, Inc., as Agent

*/s/ Lauren Meyer*

Name: Lauren Meyer
Title: Senior Trustee Sale Officer


FIRST AMERICAN TITLE INSURANCE COMPANY
c/o ForeclosureLink, Inc.
5006 Sunrise Blvd., Ste 200
Fair Oaks, CA 95628
(916) 962-3453


STATE OF CALIFORNIA         )
                            ) ss.
COUNTY OF SACRAMENTO        )

On 11/30/07, before me, Misty Montgomery, personally appeared Lauren Meyer, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature */s/ Misty Montgomery*

MISTY MONTGOMERY
Commission # 1601320
Notary Public - California
Sacramento County
My Comm. Expires Sep 13, 2009

F 0076

REFERENCE NO: FC17644-5

# EXHIBIT "A"

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF WASHINGTON, UNINCORPORATED AREA, COUNTY OF KING AND IS DESCRIBED AS FOLLOWS:

PARCEL A, LOT A, KING COUNTY LOT LINE ADJUSTMENT NUMBER L96L0019, RECORDED UNDER RECORDING NO 9607159010 BEING A PORTION OF THE NORTHWEST QUARTER OF SECTION 4 TOWNSHIP 25 NORTH RANGE 7 EAST W M KING COUNTY, WASHINGTON, AND LOTS 5 AND 6 STILLWATER ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 19 OF PLATS, PAGE 11 IN KING COUNTY, WASHINGTON PARCEL B THE WEST 60 FEET OF THE FOLLOWING DESCRIBED PROPERTY THE WESTERLY 208 7 FEET OF THE SOUTHERLY 208 7 FEET OF GOVERNMENT LOT 3, SECTION 4, TOWNSHIP 25 NORTH RANGE 7 EAST W M KING COUNTY, WASHINGTON.

F 0077