1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9            WESTERN DISTRICT OF WASHINGTON - SEATTLE

10  RICHARD O. BUSE,                        | Case No. C-08-0510-MJP

11          Plaintiff,                       | AFFIDAVIT OF PETER J. SALMON RE:
                                             | DEFENDANTS' FIRST AMERICAN
12      vs.                                  | TITLE INSURANCE COMPANY AND
                                             | FORECLOSURELINK, INC.S MOTION
13  FIRST AMERICAN TITLE INSURANCE           | FOR SUMMARY JUDGMENT, OR
    COMPANY; FORCLOSURELINK, INC.;           | ALTERNATIVELY, FOR SUMMARY
14  GREENPOINT MORTGAGE FUNDING              | ADJUDICATION
    INC.; MORTGAGE ELECTRONIC                |
15  REGISTRATION SYSTEMS, INC.;              | NOTE ON MOTION CALENDAR
    RESCOMM HOLDINGS NO. 2, LLC; UM          | April 24, 2009
16  ACQUISITIONS, LLC; TOM BLOCK; and        |
    Doe Defendants 1 through 20,,            |
17                                           |
            Defendants.                      |
18

19  STATE OF CALIFORNIA)

20  COUNTY OF SAN DIEGO)

21      I, Peter J. Salmon, being first duly sworn, declare under penalty of perjury as follows:

22      1.      I am an attorney at law duly licensed to practice law before this Court and in the State

23  of California.  I am attorney of record for Defendants First American Title Insurance Company and

24  Foreclosurelink, Inc.  I have personal knowledge of the following facts, and if called upon to testify

25  as a witness I could and would do so competently.

26      2.      On March 12, 2009, Plaintiff served his responses to Interrogatories and Requests for

27  Production of Documents propounded by co-defendant Mortgage Electronic Registration Systems,

28  Inc.   The responses included the production of a Loan Modification, Settlement and Release

AFFIDAVIT OF PETER J. SALMON RE: MSJ
Page 1
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1  Agreement between Plaintiff and co-defendant Tom Block, the beneficiary under the deed of trust

2  under which First American Title Insurance Company was the substituted trustee. A true and correct

3  copy of the Responses with the Loan Modification, Settlement and Release Agreement produced as

4  document numbers 00176 through 00181 is attached hereto as Exhibit A.

5       I declare under penalty of perjury under the laws of the United States that the foregoing is

6  true and correct, executed this 30th day of March 2009, at ___San Diego___, California.

7

8                                                                    _____

9                                                                    PETER J. SALMON

10

11  STATE OF CALIFORNIA        )
                               ) ss
12  COUNTY OF SAN DIEGO        )

13  On __3-30-09__, 2009, before me, the undersigned, a Notary Public in and for said State,
    personally appeared __Peter J. Salmon__, personally known to me (or proved to me on the
14  basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
    instrument and acknowledged to me that he/she executed the same in his authorized capacity(ies),
15  and that by his/her signature(s) on the instrument the person(s), or the entity upon behalf of which
    the person(s) acted, executed the instrument.
16
    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
17  paragraph is true and correct.

18  WITNESS my hand and official seal.

19

20                                                            

    1783757.wpd
21

22

23

24

25

26

27

28

AFFIDAVIT OF PETER J. SALMON RE: MSJ
Page 2
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

# EXHIBIT A

The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

9

10 | Richard O. Buse,

Case No. C-08-0510-MJP

11 |         Plaintiff,

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.'S FIRST
12 |     v.

SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF RICHARD
13 | First American Title Insurance Company,
O. BUSE **AND RESPONSES THERETO**
Foreclosurelink, Inc., Greenpoint Mortgage
14 | Funding, Inc., Mortgage Electronic
Registration Systems, Inc., Rescomm
15 | Holdings No. 2, LLC, UM Acquisitions,
LLC, Tom Block, and Doe Defendants 1
16 | through 20,

17 |         Defendants.

18 | TO:        PLAINTIFF RICHARD O. BUSE

19 | AND TO:       HIS COUNSEL OF RECORD, MELISSA A. HUELSMAN

20 |       Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant

21 | Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through its attorneys of

22 | record, propounds the following Interrogatories and Requests for Production of Documents

23 | upon Plaintiff Richard O. Buse ("Buse").

24

25

26

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION - 1

Law Office of Melissa A. Huelsman, P.S.
705 Second Ave, Ste 501
Seattle, WA  98104-7044 • Tel: 206.447-0103

**INSTRUCTIONS**

1.   Due Date.   Pursuant to FRCP 6, 33 and 34, you are directed to provide a written response to these Interrogatories and Requests for Production and to produce and make available for inspection and copying all of the documents requested herein at the offices of DLA Piper US LLP, 701 Fifth Avenue, Suite 7000, Seattle, Washington 98104, within **thirty (30) days** after service upon you of these Interrogatories and Requests for Production, or at such other time and place as may be mutually agreed upon by the parties.

2.   Scope.   The Interrogatories contained herein request information within your knowledge and the knowledge of your agents and attorneys.   The Requests for Production contained herein seek production of all documents in your possession, custody or control, including, without limitation, documents in storage and documents held by agents, attorneys or other persons on your behalf and subject to your control.   In case of any ambiguity as to whether a document is called for by the Requests for Production contained herein, such document is to be produced.

3.   Objections.   If you object to answering any Interrogatory or producing documents in response to any Request for Production, in whole or in part, you must specifically state your objection and all factual and legal bases for the objection.   If you object only to a portion of an Interrogatory or a Request for Production, you must specify the part to which you object and answer or produce documents in response to the remainder.

4.   Claim of Privilege.   If you withhold any document or information based on the attorney-client privilege, the attorney work-product immunity, or any other privilege or immunity, you must identify the document or information withheld and provide the following information: (i) a description of the document or information, including the nature of the

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 2

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

document or information (*e.g.*, email, letter, database, etc.); (ii) the author(s) and/or creator(s) of the document or information; (iii) the recipient(s) or addressee(s) of the document or information; (iv) the date of the document or information; (v) the subject matter of the document or information; (vi) the nature of all privileges or immunities claimed; and (vii) all such additional information as is necessary for MERS to understand and challenge the withholding of the document or information, as appropriate.

5.   <u>Duty to Supplement</u>.   Following the service of your responses to these Interrogatories and Requests for Production, you are subject to the duty of supplementation imposed by Federal Rule of Civil Procedure 26(e).   Additionally, these Interrogatories and Requests for Production are continuing and continuously renewed until the time of trial. Therefore, if and when you obtain any information that materially affects any answer or response to these Interrogatories or Requests for Production, the affected answer or response will be deemed no longer true and you must promptly supplement and update your answer or response.

6.   <u>Document Delivery</u>.   Deliver each document produced in response to the Requests for Production contained herein in a manner that preserves its sequential relationship with other documents being produced, including the file folder and folder tab associated with its file location, and if not apparent on the folder or tab, accompanied by identification of the person or location from which the files were taken and such additional source information as is necessary to enable the parties to determine the document's original pre-production location. When documents are produced pursuant to the Requests for Production contained herein, the documents are to be produced in a manner so that the Request for Production to which they are responsive can be readily identified.

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 3

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

7.   <u>Missing Documents</u>.  If a document called for by a Request for Production is known to have existed but cannot be located now, identify the document and state the following: (1) whether the missing document has been in your possession, custody or control; (2) where the missing document was last known to be and the date when the document was last known to be in such location; (3) in whose possession, custody or control such a copy of the document may be found or; (4) where applicable, whether the document has been destroyed.

8.   <u>Preservation and Production of Electronic Documents</u>.   The Requests for Production include within their scope electronically stored information, including all data stored, available from, or maintained by computer or other electronic means.  You have an obligation to preserve and protect all such information for purposes of this litigation.  You are, therefore, instructed to do the following:

a.   Do not initiate any procedures that would alter any active, deleted, or fragmented files that might be relevant to this litigation;

b.   Immediately cease any over-writing, alteration, deletion, or destruction of electronic media that may result in the alteration or loss of any electronically stored information, including any document retention or destruction policies you would normally follow in the ordinary course; and

c.   Do not dispose of any electronic media storage device that may contain electronically stored information that might be relevant to this litigation.

E-mails and other electronic documents may appear to have been "deleted" from a desktop or other computer device; however, they are not necessarily irretrievable.  Therefore, you should search for evidence on hard drives, networks, backup tapes, or wherever else data may be stored.

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 4

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

These Requests cover documents that may be stored on any electronic/computer media, including, but not limited to, stand-alone computers, laptops, networks, personal digital assistants, cell phones, voice mail systems, pagers, and "Blackberry" devices.

## DEFINITIONS

Throughout these Interrogatories and Requests for Production, including the definition of terms, the singular number includes the plural and the plural number includes the singular; the conjunctive (terms connected by "and") includes the disjunctive (terms connected by "or") and the disjunctive includes the conjunctive; words used in the masculine gender include the feminine and words used in the feminine gender include the masculine; the present tense includes the past tense and the past tense includes the present tense, unless the clear meaning indicates otherwise. Wherever the word "including" appears, the meaning intended is "including, but not limited to."

As used throughout these Interrogatories and Requests for Production, the following terms have the following meanings:

1.      As used herein, the terms "you," "your," and "Plaintiff," refer to Plaintiff Richard O. Buse, and each of his present and former agents, attorneys, representatives, and any and all persons acting or who have acted upon his behalf.

2.      "MERS" means Defendant Mortgage Electronic Registration Systems, Inc., its present and former agents, representatives, and any and all persons acting or who have acted upon its behalf.

3.      "Defendant" or "Defendants" means all defendants other than MERS named in

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 5

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

the Lawsuit—regardless of whether any Defendant may have been dismissed from the Lawsuit—and includes First American Title Insurance Company; ForeclosureLink, Inc.; Greenpoint Mortgage Funding, Inc.; Rescomm Holdings No. 2, LLC; UM Acquisitions, LLC; UM Capital, LLC; United Mortgage & Loan Investment, LLC; Tom Block; their present and former agents, representatives, and any and all persons acting or who have acted upon their behalf.

4. "Lawsuit" means the lawsuit filed by Plaintiff in the Superior Court of the State of Washington, County of King, styled *Richard O. Buses v. First American Title Insurance Company et al.,* Case No. 08-2-08093-5 SEA, and which is now venued in the United States District Court for the Western District of Washington, Case No. 08-CV-510.

5.     "Complaint" means the Amended Complaint filed by Plaintiff Richard O. Buse, which was signed on or about March 5, 2008.

6.     "Property" means the property that is the subject matter of the Lawsuit that is located at 31210 Carnation Duvall Road Northeast, Carnation, Washington  98014.

7.     "Mortgage Documents" means all documents related to the Property, including any promissory notes, Deeds of Trust, any attachments, assignments, and amendments thereto, which were executed by Plaintiff at any time.

8.     The term "document" is used in its broadest sense and includes any writing and any other data or tangible thing known to you, whether an original or a copy, whether printed, recorded, or reproduced by any process, including electronic versions, or written by hand, and whether or not claimed to be privileged or exempt from production for any reason. "Document" includes, but is not limited to, notes, letters, correspondence, e-mail (including any attachments), interoffice communications, telegrams, memoranda, summaries or records of

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 6

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   telephone conversations, summaries or records of personal conversations, diaries, reports,
2   research reports and notebooks, studies, statistics, working papers, indices, charts, plans,
3   drawings, photographs, minutes or recordings of meetings, reports or summaries of
4   investigations, opinions or reports of consultants, agreements, reports or summaries of
5   negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts
6   of documents, computer tapes or disks, computer printouts, computer directories, computer
7
8   files, videotapes or audiotapes, microfilm, microfiche, financial statements, financial
9   calculations, pleadings or other documents in connection with any court proceeding, and all
10  material fixed in a tangible medium, including electronic, mechanical, magnetic, opticalor
11  electric records or representations of any kind including metadata, of whatever kind known to
12  you or in your possession, custody, or control.
13
14       9.      As used herein, the term "communication" is used in its broadest sense and shall
15  mean the transmission, sending, and/or receipt of information of any kind by and/or through
16  any means, whether face-to-face or otherwise, including, but not limited to, speech, writings,
17  language (machine, foreign, or otherwise), computer electronics of any kind (including e-mail),
18  magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound, radio,
19  and/or video signal, telephone, teletype, telecommunication, telegram, facsimile transmission,
20  microfilm, microfiche, and/or photographic film of any type.
21
22       10.     As used herein, the term "person" means any natural person and any other
23  cognizable entity, including, but not limited to, corporations, proprietorships, partnerships, joint
24  ventures, unions or guilds, consortiums, clubs, associations, foundations, governmental
25  agencies or instrumentalities, societies, organizations, and orders.
26
         11.     As used herein with respect to a person, the terms "identify" or "identity" mean

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION AND RESPONSES THERETO- 7

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent requests to identify that person.

12.    As used herein with respect to a meeting, the term "identify" means to provide, to the extent known, the location of the meeting, the persons attending the meeting, the location and date of the meeting, and the subject matter discussed at the meeting.

13.    As used herein, the terms "reflect," "refer," and "relate to" mean constituting, concerning, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, pertaining to, and concerning.

14.    "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.    "Any" shall be understood to include and encompass "all."

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify the full name and present business and resident addresses for each person answering these interrogatories and identify each and every person who participated, assisted, or who was consulted in connection with the preparation of Plaintiff's answers to these interrogatories.

**ANSWER:**  Richard Buse, c/o Law Offices of Melissa A. Huelsman, P.S., 705 Second Avenue, Suite 501, Seattle, WA 98104.

Melissa A. Huelsman, Law Offices of Melissa A. Huelsman, P.S., 705 Second Avenue, Suite 501, Seattle, WA 98104.

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 8

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

**INTERROGATORY NO. 2:**     Identify the full name and present business and resident addresses of each and every person known or believed by Plaintiff or anyone acting upon Plaintiff's behalf to have been a witness to any of the events or have any information, theory, or knowledge of the facts referred to in the Complaint and/or Answers, and describe in detail the nature of all such information, theory, or knowledge of each person listed and the source thereof.

**ANSWER:**  All of the Defendants have knowledge of the events, information and theories asserted in this case and they may be reached through their respective counsel.

**INTERROGATORY NO. 3:**     Identify the full name and present business and resident addresses of all persons Plaintiff anticipates he may call, subpoena, or otherwise require to testify at the trial of this matter and set forth a short summary of the anticipated testimony expected from each witness.

**ANSWER:**   *See,* Response to Interrogatory No. 2, which is incorporated herein by reference.

**INTERROGATORY NO. 4:**     Identify and describe in detail all the alleged facts and documents upon which Plaintiff relies to support the contention in Paragraph 3.2 of the Complaint that the conduct of MERS "constitutes the tort of outrage."

**ANSWER:**  Objection, this Interrogatory seeks information which calls for a legal conclusion and/or requires legal analysis.  Since Plaintiff is a layperson who does not understand the elements of the tort of outrage, and because Defendant MERS is requesting that Plaintiff provide information regarding elements of the causes of action (Paragraph 3.2 of the Complaint), he cannot respond.  Without waiving any objections, Mr. Buse responds that he has suffered significant emotional distress as a result of the bringing of the foreclosure action,

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 9

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1  which he maintains was improper.   His symptoms include increased heartrate, anxiety,

2  sleeplessness and general stress.

3      **INTERROGATORY NO. 5:**      Identify and describe in detail all the alleged facts

4  and documents upon which Plaintiff relies to support the contention in Paragraph 3.3 of the

5  Complaint that the conduct of MERS "constitutes the tort of intentional infliction of emotion

6  distress and/or reckless disregard for the infliction of emotional distress...."

7

8      **ANSWER:**  *See,* Response to Interrogatory No. 4, which is incorporated herein by

9  reference.

10     **INTERROGATORY NO. 6:**      Identify and describe in detail all the alleged facts

11  and documents upon which Plaintiff relies to support the contention in Paragraph 4.2 of the

12  Complaint that MERS recorded, or had recorded, "false documents" with the County of King in

13  the State of Washington.

14

15     **ANSWER:**  Mr. Buse hereby incorporates the Factual Statement Portion of his

16  Complaint into this Response.

17     **INTERROGATORY NO. 7:**      Identify and describe in detail all the alleged facts

18  and documents upon which Plaintiff relies to support the contention in Paragraph 4.2 of the

19  Complaint that MERS's alleged conduct "impaired Plaintiff's title," constituting "slander of

20  title."

21

22     **ANSWER:**  Objection, this Interrogatory seeks information which calls for a legal

23  conclusion and/or requires legal analysis.   Since Plaintiff is a layperson who does not

24  understand the elements of slander of title, and because Defendant MERS is requesting that

25  Plaintiff provide information regarding elements of the causes of action (Paragraph 4.2 of the

26  Complaint), he cannot respond.  Without waiving any objections, Mr. Buse responds that he

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 10

1  does not believe that MERS is the "beneficiary" under the Deed of Trust because it is not

2  entitled to receive payments from him nor has it ever received payment(s) from him.  This and

3  other assertions in the recorded documents, as identified in the Amended Complaint, are untrue

4  and therefore constitute slander of title.

5  **INTERROGATORY NO. 8:**      Identify and describe in detail all the alleged facts

6  and documents upon which Plaintiff relies to support the contention in Paragraph 4.3 of the

7  Complaint that the recording of "false documents[] had a negative impact upon and impair[ed]

8  the credit scores of Plaintiff such that it will prevent him from obtaining a new mortgage loan

9  or other credit."

10  **ANSWER:**  Mr. Buse believes that his credit score was negatively affected by the

11  recording of the Notice of Trustee's Sale and therefore that it has caused his credit damage.

12

13  **INTERROGATORY NO. 9:**      Identify and describe in detail all the alleged facts

14  and documents upon which Plaintiff relies to support the contention in Paragraph 5.2 of the

15  Complaint that MERS owed Plaintiff a fiduciary duty and for each such duty identified,

16  describe in detail the legal and factual support for asserting such a contention.

17

18  **ANSWER:**  Objection, this Interrogatory seeks information which calls for a legal

19  conclusion and/or requires legal analysis.  Since Plaintiff is a layperson who does not

20  understand the elements of a breach of fiduciary duty claim, and because Defendant MERS is

21  requesting that Plaintiff provide information regarding elements of the causes of action

22  (Paragraph 5.2 of the Complaint), he cannot respond.  Without waiving any objections, Mr.

23  Buse maintains that the initiation of the foreclosure proceeding meant that the parties to the

24  proceeding owed him a duty to comply with the foreclosing statutes and to treat him fairly.  Mr.

25  Buse maintains that, as alleged in the Amended Complaint, all of the Defendants did not treat

26

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 11

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1    him fairly or in conformity with the statute.

2    **INTERROGATORY NO. 10:**    Identify and describe in detail all the alleged facts

3    and documents upon which Plaintiff relies to support the contention in Paragraph 6.2 of the

4    Complaint that MERS has "engaged in a pattern of unfair business practices in violation of the

5    Washington Consumer Protection Act...."

6

7    **ANSWER:** Objection, this Interrogatory seeks information which calls for a legal

8    conclusion and/or requires legal analysis. Since Plaintiff is a layperson who does not

9    understand the elements of the tort of outrage, and because Defendant MERS is requesting that

10    Plaintiff provide information regarding elements of the causes of action (Paragraph 6.2 of the

11    Complaint), he cannot respond.

12    **INTERROGATORY NO. 11:**    Identify and describe in detail all the alleged facts

13    and documents upon which Plaintiff relies to support the contention in Paragraph 6.2 of the

14

15    Complaint that MERS has "engaged in a pattern of unfair business practices in violation of the

16    Washington Consumer Protection Act...."

17    **ANSWER:** This Interrogatory is duplicative of Interrogatory No. 10, and Defendant

18    MERS is referred to Mr. Buse's response to that Interrogatory, which is incorporated herein.

19    **INTERROGATORY NO. 12:**    Identify all medical practitioners, including, but

20

21    not limited to, physicians, psychologists, therapists, counselors, or any other health care

22    providers from whom Plaintiff has received consultation, treatment, and/or examination for any

23    physical, mental, or emotional illness, injury, or condition from 2000 to the present; and in so

24    doing, provide the name of each medical practitioner, his/her specialty area of practice, the

25    date(s) service was provided, the reason for the service, and any diagnosis given Plaintiff.

26    **ANSWER:** None.

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION AND RESPONSES THERETO- 12

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA 98104 • Tel: 206.447.0103

1

**INTERROGATORY NO. 13:**     Itemize and describe in detail all medical and

2

other expenses that Plaintiff incurred as a result of the injuries alleged in the Complaint, stating

3

for each such expense, the identity of the person to whom such expense was incurred, the date

4

on which such expense was incurred, the total amount of such expense, and if such expense has

5

been paid, by whom, and identify every bill, receipt, or check evidencing such expenses.

6

7

**ANSWER:**  None.

8

**INTERROGATORY NO. 14:**     Itemize and describe in detail each element of

9

damages Plaintiff seeks to recover from MERS including, but not limited to, the category into

10

which each item falls (that is, general damages, special or consequential damages, benefit of

11

the bargain damages, reliance damages, emotional distress damages, out-of-pocket damages,

12

interest, and any other relevant categories); the factual basis for each item of damages; the

13

amount claimed for each item of damages; an explanation of how each amount was calculated,

14

including any mathematical formula; and a description of each document on which such

15

calculation was based or that supports, tends to support, or tends to refute Plaintiff's answer to

16

17

this Interrogatory.

18

**ANSWER:** Mr. Buse has suffered out of pocket damages related to bringing this action

19

in order to stop the foreclosure sale in an amount which includes attorneys fees and costs

20

related to bringing an injunction motion and TRO of at least $3,000.00.   Damages relating to

21

emotional distress will be determined by a trier of fact.  Mr. Buse is also entitled to statutory

22

23

damages available under RESPA for failure to comply with that statute.  Further, Mr. Buse

24

seeks injunctive relief to prevent Defendant MERS from falsely representing to any other

25

borrower in the State of Washington that it is a beneficiary under a Deed of Trust and/or that it

26

has the right to foreclose on real property in the State of Washington pursuant to a Deed of

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 13

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1  Trust.

2  **INTERROGATORY NO. 15:**    Describe in detail all settlements Plaintiff has

3  entered into with any Defendant, including, but not limited to, Defendant Tom Block, related to

4  this Lawsuit, and in so doing, set forth all the terms of the settlement, including whether any

5  novations were entered into, whether any debt was forgiven, whether any monies were paid to

6  or by Plaintiff, whether any new Mortgage Documents were entered into, etc.

7

8  **ANSWER:**  Plaintiff hereby provides a copy of the Settlement Agreement entered into

9  between himself and Tom Block, which documents the terms of the settlement reached between

10  the parties.

11  **INTERROGATORY NO. 16:**    Describe in detail all efforts made by Plaintiff to

12  mitigate Plaintiff's alleged damages.

13

14  **ANSWER:**  Mr. Buse resolved his claims with Mr. Block and has been making

15  mortgage payments since that settlement was entered into.

16  **INTERROGATORY NO. 17:**    If you claim MERS or any other Defendant

17  wrongfully foreclosed on the Property, explain how MERS or any other Defendant deviated

18  from the statutory obligations for conducting a foreclosure sale, and describe how MERS or

19  any other Defendant can be liable for wrongful foreclose when the Property was not ultimately

20  sold.

21

22  **ANSWER:**  Objection, this Interrogatory seeks information which calls for a legal

23  conclusion and/or requires legal analysis, and it is a request to provide a legal theory in support

24  of factual claims, which may not be requested from a Plaintiff in discovery.

25  **INTERROGATORY NO. 18:**    If Plaintiff's answers to any of MERS's First Set

26  of Requests for Admission were anything other than an unqualified admission, for each such

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 14

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1 answer, identify in detail all facts upon which Plaintiff bases his answer, the identity of each

2 person who has knowledge of such facts, and identify in detail all documents you claim

3 substantiates or supports your answer.

4   **ANSWER:** *See,* Mr. Buse's Responses to Request for Admissions are self-contained

5 and include all relevant information.

6

7   **INTERROGATORY NO. 19:**   Identify each and every mortgage loan Plaintiff

8 has applied for and/or received since 2000 to the present, including, but not limited to, the

9 broker used, if any, the name of each bank, lending company, institution, the date of each

10 application, the outcome of each application, and if not approved, the reason for the denial of

11 the application, the amount of the transaction, setting out the total amount of the fees paid

12 and/or received, the purpose for which you desired the loan, whether you paid the amount owed

13 according to the terms of the agreement, how you paid the amount owned, and whether any

14 foreclosure action was instituted.

15

16   **ANSWER:**   Objection, this Interrogatory is unduly burdensome and not designed to

17 lead to the discovery of admissible evidence.  Without waiving any objections, Mr. Buse has

18 provided all documentation regarding this loan or any prior loans which he obtained on the

19 property which are in his possession.  Defendants are referred to those documents for all

20 responsive information.  Further, Mr. Buse has not applied for or been denied any new

21 mortgage loans in recent years and therefore he does not have any of these sorts of documents.

22

23   **INTERROGATORY NO. 20:**   Identify every lawsuit, administrative action, or

24 arbitration claim filed by or against Plaintiff, or in which Plaintiff was a plaintiff, defendant, or

25 witness, identifying the names of the parties to the suit or claim, the court in which it is or was

26 pending, the nature of the suit or claim, the outcome of the suit or claim, and the case number.

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION AND RESPONSES THERETO- 15.

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA 98104 • Tel: 206.447.0103

1    **ANSWER:**  Mr. Buse has been a defendant in other civil cases brought in the King

2    County District Court under Case Numbers 53-004076 – 11/21/05 and 57-000157 – 4/14/05,

3    and in the King County Superior Court under Case Numbers identified in the printouts attached

4    hereto. All of these cases were litigation over alleged debts owed.

5    **INTERROGATORY NO. 21:**     Identify any instances in which Plaintiff is or has

6    been in default on any financial obligation, including delinquencies, late payments, collection

7    efforts, or foreclosures.

8

9    **ANSWER:**  Objection, this Interrogatory seeks information which is not related to the

10   causes of action herein and is designed solely to harass and annoy Mr. Buse.  Therefore, Mr.

11   Buse will not respond to this Interrogatory.  The only issue in this case is the mortgage loan

12   which is the subject of this litigation, not Mr. Buse's other financial obligations, and he has

13   provided all information and documentation in his possession about the loan that is the subject

14   of this litigation.

15

16   **INTERROGATORY NO. 22:**     Identify whether Plaintiff has filed for bankruptcy

17   and if so identify the date, court, type and outcome of such filing.

18   **ANSWER:**  Mr. Buse filed for Chapter 7 bankruptcy protection in 1998 in the Western

19   District of Washington.  He received a discharge.

20   **INTERROGATORY NO. 23:**     Identify any incident of arrest or conviction at any

21   time by a court, government, or law enforcement authority for a crime involving Plaintiff,

22   including the jurisdiction, date, charges, and disposition of each case.

23

24   **ANSWER:**  Objection, this Interrogatory is overly broad and unduly burdensome, and

25   is propounded for no other reason than to harass and annoy Mr. Buse, and any such information

26   is inadmissible as irrelevant character evidence.  None of the claims being made in this case

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 16

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

relate to criminal conduct nor could any of the Defendants argue for any relief from liability based upon any arrest or convictions.  Without waiving any objections, Mr. Buse responds that he has been arrested previously for traffic violations, including driving without a license and other matters in King County, Washington in the years since 2000.   All charges were misdemeanors and Mr. Buse has never been charged with a felony.  The case numbers for these infractions and misdemeanor charges that are known to Mr. Buse in the King County District Court are I04552876 – 12/6/05; IN0034660 – 6/21/05; IN008331C – 5/6/05; IT0008051 – 12/12/06; CR008125C – 2/20/07; CR007030D – 7/20/06; CR008124C – 2/20/07; CR20382 – 4/19/07.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**     All documents that in any manner relate to the allegations in the Complaint or Answers, or otherwise relate to the subject matter of this lawsuit.

**RESPONSE:**   All responsive documents in Mr. Buse's possession were already provided to the Defendants when Mr. Buse served them with his Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 2:**     All documents that in any manner relate to your answers to MERS's First Set of Interrogatories.

**RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 3:**     All documents that in any manner relate to Plaintiff's answers to MERS's First Set of Requests for Admission.

**RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is incorporated herein by reference.

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 17

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   **REQUEST FOR PRODUCTION NO. 4:**     All statements taken by Plaintiff or

2   anyone acting upon Plaintiff's behalf from any person regarding the issues involved in this

3   lawsuit.

4       **RESPONSE:**   Objection, to the extent that this Interrogatory seeks documents

5   protected by the attorney-client privilege and/or the attorney work product doctrine.  Without

6   waiving any objections, Defendant is referred to Plaintiff's Response to Interrogatory No. 1,

7   which is incorporated herein by reference.

8

9       **REQUEST FOR PRODUCTION NO. 5:**     All documents that in any manner

10  relate to statements made by Plaintiff or any person acting on Plaintiff's behalf, or by persons

11  not a party to this Lawsuit regarding any of the events or facts related to the allegations in the

12  Complaint or Answers.

13

14      **RESPONSE:**   Objection, to the extent that this Interrogatory seeks documents

15  protected by the attorney-client privilege and/or the attorney work product doctrine.  Without

16  waiving any objections, Defendant is referred to Plaintiff's Response to Interrogatory No. 1,

17  which is incorporated herein by reference.

18      **REQUEST FOR PRODUCTION NO. 6:**     All documents that Plaintiff has sent to

19  or received from MERS or any other Defendant at any time prior to filing this Lawsuit related

20  to any of the events or facts alleged in the Complaint or Answers.

21

22      **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

23  incorporated herein by reference.

24      **REQUEST FOR PRODUCTION NO. 7:**     All documents that in any manner

25  relate to any property tax bills for the Property.

26      **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

MERS, INC.'S FIRST SET OF                          Law Offices of Melissa A. Huelsman, P.S.
INTERROGATORIES AND REQUESTS FOR                          705 Second Avenue, Suite 501
PRODUCTION  AND RESPONSES THERETO- 18          Seattle, WA  98104 • Tel: 206.447.0103

incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 8:**    All documents that in any manner relate to any appraisals of the Property.

**RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 9:**    All documents that in any manner relate to the purchase or sale of the Property, or an attempt to purchase or sell the Property from 2004 to the present, including documents related to notices of default, intent to foreclose, or to sell the Property.

**RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 10:**    All documents that in any manner relate to communications by, to, or with MERS or any other Defendant that relates to the Property, including all agreements and communications regarding the Mortgage Documents.

**RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 11:**    All documents that in any manner relate to the recording of any document related to the Property in any city, county, or state property record or index that mentions, names, or refers to Plaintiff.

**RESPONSE:**  Objection, this Request seeks to compel Plaintiff to go on a search of government records to obtain documents for Defendant MERS.  Plaintiff is not required to conduct investigative work for Defendant MERS and he will not undertake any such efforts.

**REQUEST FOR PRODUCTION NO. 12:**    All documents that in any manner

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 19

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   relate to payments Plaintiff alleges to have made to any Defendant relating to the Property,

2   including any receipt or acknowledgement of such payments by any Defendant.

3       **RESPONSE:**   Objection, this Request is overly broad and unduly burdensome.

4   Without waiving any objections, Mr. Buse responds that he has produced all documents in his

5   possession relating to the claims in this case when he sent over his Initial Disclosures and that

6   is the only documentation he will produce regarding payments made on the subject loan.

7

8       **REQUEST FOR PRODUCTION NO. 13:**   All documents that in any manner

9   relate to any attempt by Plaintiff to amend any of the Mortgage Documents.

10      **RESPONSE:**   Objection, this Request is unintelligible and therefore Mr. Buse cannot

11  respond since he cannot unilaterally "amend" mortgage documents.

12      **REQUEST FOR PRODUCTION NO. 14:**   All documents that in any manner

13

14  relate to any attempt by Plaintiff to refinance any debt related to the Property.

15      **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

16  incorporated herein by reference.

17      **REQUEST FOR PRODUCTION NO. 15:**   All documents that in any manner

18  relate to Plaintiff's contention in Paragraph 3.2 of the Complaint that the conduct of MERS

19  "constitutes the tort of outrage."

20

21      **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

22  incorporated herein by reference.

23      **REQUEST FOR PRODUCTION NO. 16:**   All documents that in any manner

24  relate to Plaintiff's contention in Paragraph 3.3 of the Complaint that the conduct of MERS

25  "constitutes the tort of intentional infliction of emotion distress and/or reckless disregard for the

26  infliction of emotional distress...."

MERS, INC.'S FIRST SET OF                     Law Offices of Melissa A. Huelsman, P.S.
INTERROGATORIES AND REQUESTS FOR                   705 Second Avenue, Suite 501
PRODUCTION   AND RESPONSES THERETO- 20        Seattle, WA  98104 • Tel: 206.447.0103

1  **RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is
2  incorporated herein by reference.

3  **REQUEST FOR PRODUCTION NO. 17:**      All documents that in any manner
4
5  relate to Plaintiff's contention in Paragraph 4.2 of the Complaint that MERS recorded, or had
6  recorded, "false documents" with the County of King in the State of Washington.

7  **RESPONSE:**  *See,* Plaintiff's Response to Interrogatory No. 6, which is incorporated
8  herein by reference.

9  **REQUEST FOR PRODUCTION NO. 18:**      All documents that in any manner
10  relate to Plaintiff's contention in Paragraph 4.2 of the Complaint that the conduct of MERS
11  "impaired Plaintiff's title," constituting "slander of title."
12
13  **RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is
14  incorporated herein by reference.

15  **REQUEST FOR PRODUCTION NO. 19:**      All documents that in any manner
16  relate to Plaintiff's contention in Paragraph 4.3 of the Complaint that the recording of "false
17  documents[] had a negative impact upon and impair[ed] the credit scores of Plaintiff such that
18  it will prevent him from obtaining a new mortgage loan or other credit."
19
20  **RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is
21  incorporated herein by reference.

22  **REQUEST FOR PRODUCTION NO. 20:**      All documents that in any manner
23  relate to Plaintiff's contention in Paragraph 5.2 of the Complaint that MERS owed Plaintiff a
24  fiduciary duty and for each such duty identified, describe in detail the legal and factual support
25  for asserting such a contention.
26  **RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 21

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   incorporated herein by reference.

2       **REQUEST FOR PRODUCTION NO. 21:**       All documents that in any manner

3   relate to Plaintiff's contention in Paragraph 6.2 of the Complaint that MERS has "engaged in a

4   pattern of unfair business practices in violation of the Washington Consumer Protection

5   Act...."

6       **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

7   incorporated herein by reference.

8

9       **REQUEST FOR PRODUCTION NO. 22:**       All documents that in any manner

10  relate to Plaintiff's medical, psychological, and/or counseling records and reports from 2000 to

11  the present, and/or an executed form releasing such medical information to the undersigned law

12  firm for the limited purpose of use in this Lawsuit.

13      **RESPONSE:**  None.

14

15      **REQUEST FOR PRODUCTION NO. 23:**       All documents that in any manner

16  relate to any emotional distress damages that Plaintiff is seeking from MERS or any other

17  Defendant in this Lawsuit including, but not limited to, any medical expenses incurred relating

18  to this Lawsuit.

19      **RESPONSE:**  None.

20

21      **REQUEST FOR PRODUCTION NO. 24:**       All diaries, journals, calendars, or

22  similar documents or recordings that in any manner relate to the period during which Plaintiff

23  alleges that he suffered emotional damages.

24      **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

25  incorporated herein by reference.

26

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION AND RESPONSES THERETO- 22

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA 98104 • Tel: 206.447.0103

1   **REQUEST FOR PRODUCTION NO. 25:**       All documents that in any manner

2   relate to any absences from Plaintiff's employment relating to this Lawsuit.

3       **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

4   incorporated herein by reference.

5       *See,* Plaintiff's Response to Request for Production No. 1, which is incorporated herein

6   by reference.

7

8   **REQUEST FOR PRODUCTION NO. 26:**       All documents that in any manner

9   relate to any other damages Plaintiff is seeking from MERS or any other Defendant in this

10  Lawsuit, including, but not limited to, Plaintiff's attorneys' fees, including any fee agreement,

11  payments that Plaintiff has made to his attorney, and invoices from Plaintiff's attorney.

12.     **RESPONSE:**   Objection, Plaintiff will not respond to this Request since it seeks

13  information which is attorney-client privileged and/or which is protected by the attorney work

14  product doctrine.

15

16  **REQUEST FOR PRODUCTION NO. 27:**       All documents that in any manner

17  relate to any settlements Plaintiff has entered into with any Defendant, including, but not

18  limited to, Defendant Tom Block, related to this Lawsuit, including, but not limited to, any

19  correspondence related to the settlement, any settlement agreements, copies of checks either

20  paid or received by Plaintiff, any other types of documents entered into, including, but not

21  limited to, any novations and amended or new Mortgage Documents.

22      **RESPONSE:**   *See,* Plaintiff's Response to Request for Production No. 1, which is

23  incorporated herein by reference.

24

25

26

MERS, INC.'S FIRST SET OF                          Law Offices of Melissa A. Huelsman, P.S.
INTERROGATORIES AND REQUESTS FOR                   705 Second Avenue, Suite 501
PRODUCTION  AND RESPONSES THERETO- 23              Seattle, WA  98104 • Tel: 206.447.0103

**REQUEST FOR PRODUCTION NO. 28:**        All documents that in any manner relate to Plaintiff's efforts minimize or mitigate his damages.

**RESPONSE:**  *See,* Plaintiff's Response to Request for Production No. 1, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 29:**        All documents that in any manner relate to Plaintiff's employment from 2000 through the present.

**RESPONSE:**  Objection, this Request seeks documentation which has no bearing upon the claims in this case and it is propounded for no other purpose than to harass and annoy Mr. Buse.  Mr. Buse has not made any claims for lost wages and therefore his employment and income therefrom has no bearing upon the claims in this case.  Mr. Buse will not provide any information or documentation relating to his employment.

**REQUEST FOR PRODUCTION NO. 30:**        All documents that in any manner relate to Plaintiff's individual or joint income tax returns, federal and state, for the years 2000 to 2008, including all schedules and attachments, and including all IRS forms 1099 and W-2 and/or an executed form releasing such tax information to the undersigned law firm for the limited purpose of use in this Lawsuit.

**RESPONSE:**  *See,* Response to Request for Production No. 29, which is incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 31:**        All documents that in any manner relate to any conviction or arrest of Plaintiff at any time for any crime.

**RESPONSE:**  Objection, this Request is made for no other purpose than to harass and annoy Mr. Buse and he will not provide any documentation in response to this Request.

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 24

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   **REQUEST FOR PRODUCTION NO. 32:**     All pleadings, filings, depositions,

2   settlements, and judgments in any lawsuit, administrative action, or arbitration claim filed by or

3   against Plaintiff, or in which Plaintiff was a plaintiff, defendant, or a witness.

4       **RESPONSE:** None.

5       **REQUEST FOR PRODUCTION NO. 33:**     All documents that in any manner

6   relate to any bankruptcy filings Plaintiff has made.

7

8       **RESPONSE:** Mr. Buse does not possess any documentation from his bankruptcy filing

9   and therefore will not produce any documents in response to this Request.

10      **REQUEST FOR PRODUCTION NO. 34:**     All documents that in any manner

11  relate to any instance in which Plaintiff is or has been in default on any financial obligation,

12  including delinquencies, late payments, collection efforts, or foreclosures.

13

14      **RESPONSE:** Objection, this Request is overly broad, unduly burdensome and seeks

15  information and documentation which has not bearing upon this litigation and is not reasonably

16  related to the discovery of admissible evidence.  Further, the sole purpose in seeking this

17  information from Mr. Buse is solely to harass and annoy him and he will not provide any of

18  this documentation to the Defendants.

19      **REQUEST FOR PRODUCTION NO. 35:**     All documents provided to or

20  received from any expert that Plaintiff may call to testify in this Lawsuit.

21

22      **RESPONSE:** None.

23      **REQUEST FOR PRODUCTION NO. 36:**     All documents that in any manner

24  relate to communications with or the opinion of any consulting expert whose opinion has been

25  reviewed by an expert Plaintiff may call to testify in this Lawsuit.

26

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 25

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1    **RESPONSE:** None.

2    **REQUEST FOR PRODUCTION NO. 37:**      All documents that Plaintiff intends to

3    introduce or attempt to introduce as evidence at any hearing or trial in the Lawsuit or use as a

4    demonstrative aid.

5    **RESPONSE:**   Objection, this Request seeks to compel Plaintiff to identify his trial

6    exhibits in advance of the deadlines set by the Court and he will not do so.

7

8    **REQUEST FOR PRODUCTION NO. 38:**      To   the   extent   not   produced   in

9    response to any other request, all documents that in any manner relate to any of the allegations

10   in the Complaint or the allegations or defenses asserted in the Answers filed in this Lawsuit.

11   **RESPONSE:** None.

12

13   DATED this 12th day of March, 2009.

14                      LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

15

16

17   By_____
                      Melissa A. Huelsman, WSBA No. 30935
18                    Attorney for Plaintiff Richard O. Buse

19

20

21

22

23

24

25

26

MERS, INC.'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
PRODUCTION  AND RESPONSES THERETO- 26

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

03/12/2009  14:52    4258446425                    NICK WICKSTROM                      PAGE   02
03/12/2008  09:15 FAX  206 447 0115               LAW OFFICES                          ☎002/002

1
2      Richard O. Buse hereby affirms under penalty of perjury:

3            That I am the plaintiff in the above-entitled lawsuit to whom these interrogatories are

4      addressed, and as such am authorized to make this verification; that I have read the foregoing

5      answers to interrogatories and requests for production of documents, know the contents thereof,

6      and believe the same to be true.

7            DATED this day of March ___3___, 2009

8

9                                                    _____
                                                     Richard O. Buse
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MERS, INC.'S FIRST SET OF                          Law Offices of Melissa A. Huelsman, P.S.
INTERROGATORIES AND REQUESTS FOR                        705 Second Avenue, Suite 501
PRODUCTION  AND RESPONSES THERETO - 27             Seattle, WA  98104 • Tel: 206.447.0103

1

## DECLARATION OF SERVICE

2     The undersigned certifies that a true and correct copy of the foregoing was served on

3 the 12th day of March, 2009, on the party of record as stated below in the manner indicated:

4
                    *Via Hand Delivery and E-mail*:
5.                  Russell B Wuehler
                    Stellman Keehnel
6                   DLA Piper US LLP, Ste 7000
                    Seattle, WA 98104-7044
7                   Telephone:  206.839.4800
                    Fax:  206.839.4801
8                   E-mail:  russell.wuehler@dlapiper.com
                    *Attorneys for Defendant MERS*
9

10                  *Via E-mail and Hand Delivery*

11                  Steven K. Linkon
                    ROUTH CRABTREE OLSEN, P.S.
12                  3535 Factoria Boulevard SE, Suite 200
                    Bellevue, WA  98006
13                  Telephone: (425) 458-2121
                    E-mail:  slinkon@rcflegal.com
14                  *Attorney for Defendant Attorney for Defendant Greenpoint Mortgage Funding,*
15                  *Inc.*

16                  *Via U.S. Mail and E-mail*
17                  Peter J. Salmon
                    PITE DUNCAN, LLP
18                  4375 Jutland Drive, Suite 200
                    San Diego, CA  92117
19                  Telephone: (619) 326-2401
                    E-mail:  psalmon@piteduncan.com
20                  *Attorney for Defendants First American Title Insurance Company and*
                    *Foreclosurelink, Inc.*
21

22
      I declare under penalty of perjury under the laws of the State of Washington, that the
23
foregoing is true and correct.
24
      DATED at Seattle, Washington on March 12th, 2009.
25
26                                          _Monique Lefebvre_
                                            Monique Lefebvre

MERS, INC.'S FIRST SET OF                          Law Offices of Melissa A. Huelsman, P.S.
INTERROGATORIES AND REQUESTS FOR                        705 Second Avenue, Suite 501
PRODUCTION  AND RESPONSES THERETO- 28              Seattle, WA  98104 • Tel: 206.447.0103

## LOAN MODIFICATION, SETTLEMENT AND RELEASE AGREEMENT

This Loan Modification, Settlement and Release Agreement ("Agreement") is entered into effective June ___, 2008 by and among Richard O. Buse ("Buse") and Tom Block ("Block") concerning the following facts:

### RECITALS

A.      On June 9, 2004, Buse entered into a Home Equity Line of Credit Agreement and Promissory Note ("Note") with GreenPoint Mortgage Funding, Inc. The Note is secured by a Home Equity Line of Credit Deed of Trust and Security Agreement ("Deed of Trust") that encumbers the real property commonly known as 31210 Carnation, Duvall Rd. NE, Carnation, WA 98014 (the "Property"). The Deed of trust was recorded in the official records of King County on July 28, 2004, as instrument number 20040729000563.

B.      The Note was ultimately assigned to Block.

C.      The Note went into default and Block commenced a nonjudicial foreclosure action.

D.      On March 5, 2008, Buse filed a complaint against Block, and others, in King County Superior Court under cause number 08-2-08093 -5 SEA for (1) Injunction, (2) Wrongful Foreclosure, (3) Breach of Contract, (4) Intentional Infliction of Emotional Distress, (5) Slander of Title, (6) Breach of Fiduciary Duty, (7) Breach of Quasi-Fiduciary Duty, and (8) Violation Of The Consumer Protection Act (the "Complaint") alleging claims related to the Note and Deed of Trust held by Block. The Complaint was later removed to the Federal District Court for the Western District of Washington, Case No. C08-0510-MJP.

E.      Buse and Block desire to settle all claims between them.  Among other things, the Note will be modified and Block will be dismissed from the Complaint, with prejudice.

NOW, THEREFORE, in consideration of the promises and the mutual agreements and the release contained herein, the parties agree as follows:

### AGREEMENT

1.      **Incorporation Of Recitals**:  The Recitals set forth above are incorporated herein by this reference and made a part of this Agreement.

00176

2.      **Modification of Note**:

2.1     The unpaid Principal balance of the Note shall be fixed at $132,550.32, as of May 31, 2008;

2.2     From June 1, 2008, until paid, the principal will accrue interest at 12% per annum;

2.3     Buse shall make monthly payments of interest only starting August 1, 2008. (The initial monthly payment shall be $1,325.50, assuming no principal reduction).

2.4     There will be no default interest rate charged at any time, but a late charge of 10% of the payment amount due shall be imposed for any payments not paid before the 15th day of the month.

2.5     All foreclosure charges, late fees, and any other charges imposed and recoverable under the Note that accrued prior to this Agreement shall be waived.

2.6     Buse shall pay Block $3,000 upon execution of this Agreement which shall be applied to the payments due for June and July of 2008, and interest accruing thereafter.

2.7     The Note shall be fully due and payable on July 01, 2029.

2.8     No further Loan Advances under the Note shall be permitted.

2.9     Except for the modifications contained herein, all other terms and provisions of the Note and Deed of Trust shall remain in effect. Any inconsistencies shall be resolved in favor of the provisions of this Agreement.

3.      **Pending Litigation**:  Upon the execution of this Agreement by the parties, and payment of the attorney fees by Block (described below), Buse shall file a dismissal of his Complaint as to Block, with prejudice.

4.      **Foreclosure Action**: Upon the execution of this Agreement by the parties, and the payment of the $3,000 by Buse, Block shall cancel the pending nonjudicial foreclosure action. None of the costs related to the foreclosure action shall be charged to the Note.

5.      **Release of Claims**:  In consideration of the modification of the Note, payment of the attorney fees by Block (described below), and the other agreements contained herein, and except for the obligations created by this Agreement, Buse does hereby irrevocably and

00177

unconditionally release and forever discharge Block and his respective affiliates, subsidiaries, parents, heirs, successors, assigns, officers, directors, shareholders, attorneys, agents, representatives, servants, employees, insurers and reinsurers (the "Released Parties"), of and from any and all actions, causes of actions, suits, debts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and other costs reasonably incurred), of any nature whatsoever in law or equity, whether known or unknown, suspected or unsuspected, which Buse ever had, now has, or may in the future have against the Released Parties arising out of or relating to the facts alleged or claims asserted in the Complaint, concerning the Note and Deed of Trust or the nonjudicial foreclosure (the "Claims").

6.    **Attorney Fees**:    Block shall pay Buse $2,500 for his attorney fees incurred in connection with the Complaint.  None of Block's attorney fees incurred in connection with the Complaint or the pending nonjudicial foreclosure shall be recoverable or added to the Note.

7.    **Miscellaneous**

(a)    **Agreements**.  The parties hereto understand and agree (a) that the consideration for this Agreement is contractual and not a mere recital; (b) that each party hereto has had the opportunity to engage counsel to review this Agreement and advise such party with respect hereto; and (c) that this Agreement and the releases and agreements contained herein are binding upon and inure to the benefit of the parties hereto, their respective heirs, successors and assigns, and all persons and entities claiming by and through such parties.

(b)    **Integration**:  This Agreement constitutes the entire agreement between the parties and supersedes all prior negotiations, agreements and understandings regarding the Complaint and the Note and Deed of Trust. This Agreement is to be construed as a whole, according to its fair meaning and not strictly for or against either of the parties, excluding only such provisions as are specifically determined by any court to be illegal or invalid, and any such exclusion will not affect

00178

the validity of the remaining parts, terms or provisions. This is an integrated agreement. This Agreement can be amended, supplemented or changed only by a writing signed by all of the parties hereto.

      (c)    **Ownership Of Claims**:    Buse warrants and represents that he is currently the owner of all Claims he has released hereby, and that the same have not been assigned, pledged or made subject to any contract to or with any other person or entity.

      (d)    **Counterparts.** This Agreement may be executed by facsimile in any number of counterparts, each of which shall be deemed an original, but all of which when taken together shall constitute one and the same instrument.

      (e)    **Governing Law and Choice of Forum**. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Washington, including all matters of construction, validity, performance and enforcement, without giving effect to principles of conflict of laws.

      (f)    **Joint Drafting**. The parties hereto have jointly cooperated to draft this Agreement.

      (g)    **Signing of Agreement**. Each of the parties, by their signatures below, acknowledge and represent that (i) he/she/it has carefully read this entire Agreement, has understood all of its provisions and has been afforded an opportunity to review this Agreement with their respective attorneys as desired, (ii) he/she/it voluntarily accepts all of the provisions of this Agreement, (iii) no binding oral representations concerning the terms or effect of this Agreement have been made by another party, and (iv) this Agreement is being executed voluntarily and without duress or undue influence

      (h)    **Further Cooperation.** Each of the parties hereto agrees that it will sign such other documents, and will provide additional information to each other as may be necessary to carry out the terms of this Agreement.

**Signatures continued below**

00179

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the date first set forth above.

TOM BLOCK                                    RICHARD O. BUSE

_____                      _____

APPROVED AS TO FORM & CONTENT:

LAW OFFICES OF MELISSA A.
HUELSMAN, P.S.

By: _____
        Melissa A. Huelsman WBA #30935
        Attorneys for Richard O. Buse

ROUTH CRABTREE OLSEN, P.S.

By: _____
        Steven Linkon, WBA #34896
        Attorney for Tom Block

00180

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the date first set forth above.

TOM BLOCK                                          RICHARD O. BUSE

APPROVED AS TO FORM & CONTENT:

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

By: _____
      Melissa A. Huelsman WBA #30935
      Attorneys for Richard O. Buse

ROUTH CRABTREE OLSEN, P.S.

By: _____
      Steven Linkon, WBA #34896
      Attorney for Tom Block

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

00181