The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9

10   RICHARD O. BUSE,                           Case No. C-08-0510-MJP

11                  PLAINTIFF,                  PLAINTIFF RICHARD BUSES RESPONSE
                                                TO THE MOTION FOR SUMMARY
12          V.                                  JUDGMENT BROUGHT BY
                                                DEFENDANTS FORECLOSURELINK,
13   FIRST AMERICAN TITLE INSURANCE             INC. AND FIRST AMERICAN TITLE
     COMPANY, FORECLOSURELINK,                  INSURANCE COMPANY
14   INC., GREENPOINT MORTGAGE
     FUNDING, INC., MORTGAGE
15   ELECTRONIC REGISTRATION
     SYSTEMS, INC., RESCOMM
16   HOLDINGS NO. 2, LLC, UM
     ACQUISITIONS, LLC, TOM BLOCK,
17   AND DOE DEFENDANTS 1 THROUGH
     20,
18
                    DEFENDANTS.
19

20

21          Plaintiff Richard Buse hereby responds to the Motion for Summary Judgment filed by

22   Defendants FORECLOSURELINK, INC. ("ForeclosureLink") and First American Title

23   Insurance Company ("First American").

24                                  **I. FACTS**

25          Mr. Buse's claims arise from a multitude of activities engaged in by the various

26   defendants who were involved in the initiation of a foreclosure proceeding against him last

MORTGAGE ELECTRONIC REGISTRATION            Law Office of Melissa  A.  Huelsman, P.S.
SYSTEMS, INC.'S FIRST SET OF                       705 Second Ave, Ste 501
INTERROGATORIES AND REQUESTS FOR          Seattle, WA  98104-7044 • Tel: 206.447-0103
PRODUCTION - 1

year.  Mr. Buse has resolved his claims against the foreclosing entity, Defendant Tom Block, and those claims have been dismissed, pursuant to the terms of a Settlement Agreement which has been presented to the Court as an attachment to the Declaration of Peter Salmon filed by Defendants ForeclosureLink and First American in support of their Motion.  Mr. Buse has also settled his claims against Defendants Greenpoint and MERS and is in the process of completing the documentation of those settlement terms.  *See,* Declaration of Melissa A. Huelsman filed in support of this Response ("Huelsman Dec."), ¶2.  The parties to those agreements expect to have that process completed by the end of this week.  *Id.*

The claims remaining against Defendants ForeclosureLink and First American are related to the manner in which they engaged in the conduct of the foreclosure sale process. Whether or not Mr. Buse was delinquent on the loan is not relevant to the analysis of the claims being made against these defendants.  Rather, the assertion is that these Defendants were violating the requirements of the Washington Deed of Trust ("DTA"), RCW 61.24, *et seq.* when they initiated the foreclosure sale and caused false documentation to be recorded in the records of King County, Washington.

Without restating the entirety of Mr. Buse's Factual Portion of his Complaint, it is important to note as regards the claims against these defendants that Defendant Block executed an Appointment of Successor Trustee document on January 4, 2007 appointing Defendant First American as the successor trustee, after he acquired ownership of Mr. Buse's second mortgage loan.  However, the document's return address was at the offices of Defendant ForeclosureLink.  A copy of that Appointment of Successor Trustee document is attached to the Affidavit of ForeclosureLink filed in support of the MSJ ("ForeclosureLink Aff.") as Exhibit "A".  That document was not recorded until January 9, 2007, which was the date that it

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 2

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

became effective under Washington law.  RCW 61.24.010(2).  Nevertheless, Defendant First American, by and through its purported agent, Defendant ForeclosureLink, served Mr. Buse with a Notice of Default document, at a time when neither of those defendants had been properly appointed as the trustee.  A copy of the Notice of Default is attached to the ForeclosureLink Aff. As Exhibit "B".

The Notice of Trustee's Sale initiated by Defendant ForeclosureLink as the ostensible agent of Defendant First American was recorded on December 4, 2007 in the records of King County, Washington.  The only address listed for contact with the foreclosing trustee on that document is an address in Fair Oaks, California.  There is no Washington address on the document for contacting the alleged trustee, Defendant First American and the return address for the recording is Defendant ForeclosureLink's office in Fair Oaks, California.  A copy of the recorded Notice of Trustee's Sale is attached to the ForeclosureLink Aff. as Exhibit "D".  A copy of an additional document entitled Notice of Foreclosure is attached to the ForeclosureLink Aff. as Exhibit "C" showing that a motion to enjoin the sale should be served upon Defendant First American at an address in Washington.  (Another Notice of Trustee's Sale was recorded earlier in the year as well, and that sale was discontinued after Mr. Buse resolved his dispute with Mr. Block.)

In its Motion for Summary Judgment, Defendants ForeclosureLink and First American submit Affidavits which describe the terms and nature of the written agreement entered into between these two defendants.  Marsha Townsend, Vice President of ForeclosureLink and Jerry Jeffers, Assistant Vice President and Chief Title Officer, both testify about this purported agreement, but neither one of them bothers to provide this Court with the writing itself, in contravention of the Best Evidence Rule, ER 1002.  In fact, at Paragraph 6, Ms. Townsend

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 3

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   states that "the business records are available for inspection and copies can be submitted to the

2   Court if required."  ForeclosureLink Aff., ¶6.  Ms. Townsend does not explain why she cannot

3   provide those documents to the Court in support of her affidavit.  Also without foundation, Ms.

4   Townsend asserts that its trustee sale documents "comply with Washington law".  *Id.*, ¶7.

5          Ms. Townsend goes on to assert that

6   
7                    Foreclosurelink only serves as an agent for First American when specifically
                   agreed upon for specific nonjudicial foreclosure of real property.
8                    Foreclosurelink does not have authority from First American to serve as the
                   agent for First American for purposes of a nonjudicial foreclosure without the
9                    prior written consent of First American, and is authorized to sign documents
                   only as the agent of First American.  Unless specifically agreed upon in writing
10                   for a limited purpose, Foreclosurelink does not have a power of attorney to
                   execute documents on behalf of First American in connection with any
11                   nonjudicial foreclosure sale.

12  *Id.*, ¶8.  Yet again, Ms. Townsend does not provide the Court with the documentation

13  evidencing the "specifically agreed upon" terms of Mr. Buse's foreclosure sale to support her

14  assertions, these "specific" documents which give Defendant ForeclosureLink these particular

15  powers nor the "limited" power of attorney.  *Id.*  Instead, both Defendants ForeclosureLink and

16  First American just ask this Court to rely upon the assertions of these corporate officers rather

17  than actually providing the documentation.

18         In contradiction to the assertions made in Paragraph 8, Ms. Townsend, in Paragraph 9,

19
20  begins by stating that it was Defendant ForeclosureLink which first contacted Defendant First

21  American about the trustee's sale which Mr. Block needed to have conducted.  *Id.*, ¶9.  This

22  information is also provided by Mr. Jeffers, whose affidavit is virtually identical to that

23  presented by Ms. Townsend except for the reversal of roles – she is testifying for Defendant

24  ForeclosureLink and he for First American.  Jeffers Aff.  Still, both Ms. Townsend and Mr.

25  
26  Jeffers both assert that it was Defendant ForeclosureLink – the purported agent – who

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 4

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

contacted Defendant First American about conducting a foreclosure sale in the State of

Washington.  In Ms. Townsend's Affidavit on behalf of Defendant ForecloosureLink she does

not assert that it is authorized under Washington law to conduct foreclosure sales except by

way of its purported agency relationship with Defendant First American.  ForeclosureLink Aff.,

¶7-9.  Mr. Jeffers, on the other hand, does assert that Defendant First American is authorized to

conduct foreclosure sales in the State of Washington based upon its licensing as a title

insurance company.  Jeffers Aff., ¶6-8.

     Both of the Affidavits of Ms. Townsend and Mr. Jeffers also assert that all work on the

foreclosure was done by Defendant ForeclosureLink, except for a title insurance guaranty

issued by Defendant First American, which Defendant ForeclosureLink used to obtain

addresses for notification.  ForeclosureLink Aff., ¶9-14; Jeffers Aff., ¶9-17.  Further, while Mr.

Jeffers makes blanket assertions about his maintenance and familiarity with the records of

Defendant First American as it pertains to Mr. Buse's foreclosure, the majority of his testimony

is about the work that Defendant ForeclosureLink undertook and performed, and he does not

provide any description regarding how he or Defendant First American has any personal

knowledge about what Defendant ForeclosureLink did or did not do in connection with this

particular foreclosure sale(s).  *Id.*  Mr. Jeffers does not report that he has access to Defendant

ForeclosureLink's records.  He does not report that these defendants share a record keeping

system such that he has access the records of another company, nor does he even explain how it

is that he has access to records regarding the conduct of foreclosure sales in the State of

Washington when he is physically located in the State of Nevada, as evidenced by the

notarization of his signature.  *Id.*  In fact, Mr. Jeffers asserted that it was entirely proper for the

executed Appointment of Successor Trustee document, appointing Defendant First American

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 5

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

as trustee, to be returned to Defendant ForeclosureLink.  Jeffers Aff., ¶12.  He does not explain

how it is that Defendant First American allegedly came into possession of a document, such

that it could maintain it in its files for purposes of now providing it to the Court, if it was

properly returned to Defendant ForeclosureLink.

As noted in the Amended Complaint, Defendant ForeclosureLink's employees were the

only persons who signed the foreclosure documents, and its contact information is the only

information on any of the foreclosure documents.  Ms. Townsend tries to provide this Court

with an expert opinion about the "use of agents to assist in the preparation and delivery of

nonjudicial foreclosure notices is common for nonjudicial foreclosures processed within the

State of Washington."  ForeclosureLink Aff., ¶16. Since Ms. Townsend has not been proffered

as an expert witness, her testimony on this subject should also be stricken.  It may also be

interpreted as Ms. Townsend's attempt to instruct this Court as to the proper interpretation of

the law of the State of Washington, which is a decision left entirely to this Court and not to Ms.

Townsend.  Mr. Jeffers also attempts to similarly  instruct this Court and/or provide

undesignated expert testimony about "common practices" in Washington state.  Jeffers Aff.,

¶19. More importantly though, the Defendants are choosing to ignore that even if their actions

have become "common practice" in the State of Washington, it does not mean that they are in

conformity with the law of the State.

## II.  ARGUMENT

A.      Motion for Summary Judgment Standard.

In bringing a motion for summary judgment, the moving party bears the burden of

proving the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrell*, 477 U.S.

317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  The disputed facts must be material,

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 6

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

or they must "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986).

Summary judgment is not the preferred method of determining a case.  It should only be granted if after considering all of the pleadings, declarations, deposition testimony or admissions and all reasonable inferences drawn therefrom are in favor of the non-moving party, the Court can say (1) that there is no genuine issue as to any material fact, (2) that all reasonable persons could reach only one conclusion, and (3) that the moving party is entitled to judgment as a matter of law.  *Baker v. Schatz*, 80 Wn.App. 775, 782, 912 P.2d 501 (1996), citing *Peterick v. State*, 22 Wn. App. 163, 180-181, 589 P.2d 250 (1977); *see also*, FRCP 56(c). As noted in *Denaxas v. Sandstone Court of Bellevue, LLC*, 148 Wn.2d 654, 63 P.2d 125 (2003),

> Summary judgment is appropriate if the pleadings, affidavits, depositions and admissions on file demonstrate the absence of any genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law.  CR 56(c).  The court must consider all facts submitted and all reasonable inferences drawn from them in the light most favorable to the nonmoving party.  *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).  The court should grant the motion only if, from all of the evidence, reasonable persons could reach but one conclusion.  *Id.*

A court should not resolve a genuine issue of credibility at a summary judgment hearing.  *Amend v. Bell*, 89 Wn.2d 124, 129, 570 P.2d 138, 95 A.L.R.3d 225 (1977).   An issue of credibility is present when the party opposing the summary judgment motion comes forward with evidence which contradicts or impeaches the movant's evidence on a material issue. *Dunlap v. Wayne*, 105 Wash.2d 529, 536-37, 716 P.2d 842 (1986).

B.      Mr. Buse can prevail upon claims under the law because the Defendants' actions, as evidenced by  their own affidavits, demonstrates that they did not act in conformity with the Deed of Trust Act.

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 7

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1    Defendant ForeclosureLink has attempted to evade the requirements for acting as a

2  trustee in the State of Washington by using Defendant First American as a "front", since it is a

3  title insurance company licensed in the State of Washington and therefore it would be able to

4  act as a trustee.  RCW 61.24.010.  The relevant portion of the Deed of Trust Act ("DTA")

5  specifies quite clearly who may act as a foreclosing trustee.  It states, in pertinent part:

6
7              (1) The trustee of a deed of trust under this chapter shall be:
                     (a)      Any domestic corporation authorized to insure title to real
8       property under the laws of this state, or its agents; or
                     (b)      Any title insurance company authorized to ensure title to real
9       property under the laws of this state, or its agents; or . . .

10  RCW 61.24.010.

11    Defendant First American, as a licensed title insurance company, does not qualify as a

12  trustee under these provisions, but Defendant ForeclosureLink (which is not even licensed to

13  engage in business in this state) is not so authorized.  Huelsman Dec., ¶3.  RCW

14  61.24.010(a)(b) allows the "agent" of a title insurance company to act on its behalf, but

15  "agents" for title insurance companies are defined under that licensing statute.  RCW 48.17, *et*

16  *seq.*  Under RCW 48.17.010(15) a "title insurance agent" is defined as "a business entity

17  licensed under the laws of this state and appointed by an authorized title insurance company to

18  sell, solicit or negotiate insurance on behalf of the title insurance company."  Further, RCW

19  48.29.160 verifies that, "To be licensed as [an] agent of a title insurer, the applicant must own

20  or lease and maintain a complete set of tract indexes of the county or counties in which such

21  agent will do business."  There is no indication whatsoever that Defendant ForeclosureLink has

22  such an index in King County, or even that it has any business address located in the State of

23  Washington.  It is clear that Defendant ForeclosureLink – the actual foreclosing trustee – is not

24  authorized to act as a trustee in the State of Washington and its "agent" status with Defendant

25
26

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 8

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

First American does not meet the criteria defined in the statute and is nothing more than a sham.

Supporting Mr. Buse's position as to the correct interpretation of the meaning of the word "agent" in the DTA is an amendment made to the DTA by the Washington Legislature this year.  The Bill to amend the DTA, HB 5810, was passed by both the House of Representatives and the Senate, and is currently being forwarded to Governor Gregoire for signature.  *See,* Huelsman Dec., ¶4.  A copy of the history of the Bill, the Bill itself which was approved by both houses of the Washington Legislature, and the last Senate Bill Report to the Senate about the Bill and its history are attached to the Huelsman Declaration as Exhibit "1".  Page 10 of the Bill shows the change that was made to the DTA to clarify the intent of the Legislature in using the word "agent" in RCW 61.24.010(b), which refers only to a "title insurance agent as defined under chapter 48.17 RCW, not in a more generic use of the word in a legal context.  The DTA, once signed by Governor Gregoire, will now clearly state that in order for a title insurance company to use an "agent" to conduct foreclosure sales in the State of Washington, that "agent" must also be licensed in this State.  *Id.*  The Senate Bill Report discusses in detail some of the more complex changes to the DTA and states, regarding the other more minor changes to the DTA such as the "agent" definition, that they were "changes for clarification".  *Id.*  Again, this supports Mr. Buse's position in this case.

This too is consistent with the rest of the portion of the DTA devoted to identifying those persons or entities who may engage in the business of acting as a foreclosing trustee.  RCW 61.24.010(1) specifies that a foreclosing trustee must be:

> (a) "a **domestic** corporation incorporated under Title 23B, 30, 31, 32 or 33 RCW of which at least one officer is a Washington resident"; or
> (b) a title insurance company or title insurance agent; or
> (c) an attorney who is licensed to practice in the State of Washington; or

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 9

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

(d) a professional corporation or limited liability company owned and operated by attorneys licensed to practice in the State of Washington; or
(e) any agency or instrumentality of the U.S. government; or
(f) "any national bank, savings bank, or savings and loan association chartered under the laws of the United States".

RCW 61.24.010(1) (emphasis added).  Clearly, the Washington Legislature was quite concerned with foreclosing trustees being Washington state residents and having a physical presence in the state.  RCW 61.24.010(1)(a).  The only entities which may be a foreclosing trustee without being licensed by the State of Washington in some fashion are federal government agencies and national banks (and clearly these entities cannot be regulated by the state).  If the Washington Legislature had intended to allow out-of-state entities like Defendant ForeclosureLink to conduct foreclosures in this state, it would have included language allowing them to so operate.  It specifically declined to do so, and just amended the DTA to "clarify" that the relationship in which these defendants have admittedly engaged are prohibited.

       1.    <u>The Deed of Trust Act requires that the foreclosing entity and its agent, the trustee, conform exactly to the requirements of the statute in conducting a non-judicial foreclosure sale.</u>

When the Washington Legislature enacted the DTA permitting non-judicial foreclosures rather than requiring lenders to file a lawsuit in order to obtain title to a residential property following default by a homeowner, they carefully crafted a process which contained "safeguards" for the homeowner and explicit requirements for conducting a foreclosure sale. RCW 61.24, *et seq.*  Nowhere in the DTA is there language excusing the foreclosing trustee from complying with its requirements if the trustee responsibilities are inconvenient.  RCW 61.24, *et seq.*  As noted by the Court in <u>Queen City Sav. & Loan Ass'n v. Mannhalt</u>, 111 Wn.2d 503, 760 P.2d 350 (1988), citing to 1 V. Towne, *Wash. Prac.* § 605 (2d ed. 1976), "[F]oreclosure proceedings must conform exactly to the statute."  <u>Id.</u> at 514.   "Because the

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 10

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

deed of trust foreclosure process is conducted without review or confirmation by a court, the

fiduciary duty imposed upon a trustee is exceedingly high." Cox v. Helenius, 103 Wn.2d 383,

693 P.2d 683 (1985).   As noted by the dissent in Queen City,

> Relatively unsophisticated borrowers used to be able to rely on the judiciary to prevent overreaching by lenders who make it their business to obtain every advantage from the foreclosure process. *See,* RCW 61.12.  Since the judiciary is not involved in deed of trust foreclosures under the Act, only the words of the Act itself stand between the borrower and the lender eager to foreclose.  Unless we strictly construe the Act, that protection will erode away to zero.

Queen City, supra, at 515.

The Washington DTA has three objectives: (1) that the nonjudicial foreclosure process

remains efficient and inexpensive; (2) that the process provides an adequate opportunity for

interested parties to prevent wrongful foreclosure; and (3) that the process promotes the

stability of land titles.  Cox v. Helenius, supra, at 387.  "Because the deed of trust foreclosure

process is conducted without review or confirmation by a court, the fiduciary duty imposed on

the trustee is exceedingly high."  Id. at 388-89.  In Cox, the Washington Supreme Court noted

that even if the plaintiffs had not properly acted to restrain the sale, it would have nevertheless

been voided because of the trustee's action.  Id.  The Cox Court noted:

> Washington courts do not require a trustee to make sure that a grantor is protecting his or her own interest. However, **a trustee of a deed of trust is a fiduciary for both the mortgagee and mortgagor and must act impartially between them.** G. Osborne, G. Nelson & D. Whitman, *Real Estate Finance Law* § 7.21 (1979).
>
> **The trustee is bound by his office to present the sale under every possible advantage to the debtor as well as to the creditor. He is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and creditor alike.**

Swindell v. Overton, 310 N.C. 707, 712, 314 S.E.2d 512 (1984) (emphasis added).  *See,* Blodgett v. Martsch, 590 P.2d 298, 302 (Utah 1978) ("duty of trustee under a trust deed is . . . to treat the trustor fairly and in according with a high punctillo of honor"); McHugh v. Church, 583 P.2d 210, 213 (Alaska 1978); Spires v. Edgar, 513 S.W.2d 372 (Mo. 1974); Whitlow v. Mountain Trust Bank, 215 Va. 149, 207 S.E.2d 837 (1974);

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 11

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1

2

        <u>Woodworth v. Redwood Empire Sav. & Loan Ass'n</u>, 22 Cal.App.3d 347, 99 Cal.Rptr. 373 (1971).

3

<u>Cox</u> at 389 (emphasis added).  The same standard should be applied here.  Defendant First

4

American may have been properly appointed as the foreclosing trustee, but it did not act as the

5

trustee in conformity with the statute.  Instead, Defendant First American was completely

6

uninvolved in the foreclosure process except for providing a trustee's sale guarantee and the

7

only entity involved in conducting the foreclosure was Defendant ForeclosureLink, in

8

9

contravention of the requirements of the DTA.  In the case of <u>Udall v. T.D. Escrow Services,</u>

<u>Inc.</u>, 130 P.3d 908, 911 (Wash. Ct. App. 2006), <u>rev'd on other grounds</u>, 154 P.3d 882 (Wash.

10

11

2007), the Court of Appeals reiterated the obligations of a trustee in a foreclosure and reminded

12

us of the requirements of the DTA, which include "an opportunity for interested parties to

13

prevent wrongful foreclosure."  <u>Id.</u> at 911.  Here, "interested parties", such as Mr. Buse, was

14

required to take action to stop the foreclosure in order to prevent a foreclosure from being

15

conducted by an unlicensed out of state entity, Defendant ForeclosureLink.

16

17

        RCW 61.24.030(4) provides in part that a nonjudicial foreclosure cannot be held unless

18

all of its requirements have been met.  Courts universally hold nonjudicial foreclosures of

19

deeds of trust by unauthorized persons void.  27 Cal. Jur. 3d <u>Deeds of Trust</u> § 260 (1987).  <u>Hall</u>

20

<u>v. Crowley</u>, 12 Cal. App. 30, 33, 106 P. 426 (1909) states the obvious:

21

22

23

        Numerous authorities are cited and discussed by appellants' counsel to the point
        that "a sale under a deed of trust by a person not authorized to act is void" – a
        proposition so elementary that it should be known to every student before he is
        admitted to practice.

24

<u>Id</u>.

25

        Also informative to the present case is the analytical approach of Washington courts to

26

potential substantive defects in non-judicial foreclosure sales.  Namely, statutes allowing

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 12

foreclosure by power of sale granted in the deed of trust require strict construction against the

lender.  3A N. Singer, *Statutory Construction* § 69.04 (4th ed. 1986).  <u>Patton v. First Fed. Sav.

& Loan Ass'n</u>, 118 Ariz. 473, 477, 578 P.2d 152 (1978) best states the reasons for this rule:

> A mortgage generally may be foreclosed only by filing a civil action
> while, under a Deed of Trust, the trustee holds a power of sale permitting
> him to sell the property out of Court with no necessity of judicial action.
> The Deed of Trust statutes thus strip borrowers of many of the
> protections available under a mortgage.  Therefore, lenders must strictly
> comply with the Deed of Trust statutes, and the statutes and Deeds of
> Trust must be strictly construed in favor of the borrower.

<u>Id.</u>

Defendant First American, as the foreclosing trustee, had a statutorily defined duty to

Mr. Buse under the DTA.  The specific nature of the duty had been defined by the Washington

Supreme Court's decision in <u>Cox</u>, <u>supra</u>, at 388.  The DTA was amended in 2008 to require that

the trustee act "impartially" as between the borrower, grantor and beneficiary, and it is again

being amended this year to require that the trustee "has a duty of good faith" to the parties.

RCW 61.24.010(4).  In most states, "a trustee is treated as a fiduciary for both the borrower and

the lender."  13 *Baxter & Dunaway*, <u>The Law of Distressed Real Estate</u> (Clark Boardman

Company, Ltd., November 1990).  In <u>McPherson v. Purdue</u>, 21 Wn. App. 450, 452-3, 585 P.2d

830 (1978), the court approved the following statement describing the duties of a trustee from

California law:

> Among those duties is that of bringing "the property to the hammer under every
> possible advantage to his <u>cestui que trusts</u>," using all reasonable diligence to obtain the
> best price.

<u>Id</u>. at 452-3.  Similarly, the Court in <u>Cox</u>, <u>supra</u>, adopted the following view:

> Because the deed of trust foreclosure process is conducted without review or
> confrontation by a court, the fiduciary duty imposed upon the trustee is "exceedingly
> high".

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 13

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

<u>Id</u>.  The <u>Cox</u> Court also found that the four primary duties of the trustee were that he is bound by his office to use diligence in presenting the sale under every possible advantage to the debtor and creditor; trustee make take reasonable and appropriate steps top avoid sacrifice of the debtor's property and interest; once a course of conduct is undertaken that is reasonably calculated to instill a sense of reliance thereon by the grantor, that course of conduct cannot be abandoned without notice to the grantor; and when an actual conflict of interest arises between the roles of attorney for the beneficiary and trustee, the attorney should withdraw from one position in order to prevent a breach of fiduciary duty.  <u>Id</u>. Here, Defendants ForeclosureLink and First American appear to have taken very intentional steps to create the false appearance of complying with the statute (DTA) and have even gone so far as to falsely assert to this Court that their actions are in conformity with the statute, while not reporting on its actual requirements in its briefing.

      C.    <u>Even if the Court is uncertain yet whether the actions of Defendants ForeclosureLink and First American violate the requirements of the DTA, there are genuine issues of material fact as to nature and contents of the agreement between Defendants ForeclosureLink and First American.</u>

      As noted above, Mr. Buse maintains that these defendants did not meet their burden of proof sufficient to obtain a summary judgment order from this Court as there remain genuine issues of material fact.  Neither of these defendants have provided this Court with the documentary evidence to support a myriad of the assertions they make through the testimony of their employees, and there are numerous contradictions in the testimony, as discussed in the Facts section above.  Specifically, the "agency" agreements which govern the relationship between Defendants ForeclosureLink and First American have not been provided to the Court.  ER 1002.  Mr. Buse can prove his claims for intentional infliction of emotional distress by demonstrating to the Court that the wrongful and illegal initiation of a foreclosure sale by these

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 14

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1  defendants caused him emotional distress because their actions go beyond the bounds of

2  decency.

3          Under the standard articulated by the Washington Supreme Court in Kloepfel v. Bokor,

4  149 Wn.2d 192, 196, 66 P.3d 630 (2003), symptoms resulting from a significant stress matter

5  meet the standard for intentional infliction of emotional distress or outrage.  The potential loss

6  of one's home to foreclosure can certainly engender this sort of response.  The tort of outrage is

7  committed when a defendant engages in conduct that is "so outrageous in character, and so

8  extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

9  atrocious, and utterly intolerable in a civilized community" will constitute intentional infliction

10 of emotional distress.  Id.  (quoting Grimsby v. Samson, 85 Wn.2d 52, 59, 530 P.2d 291

11 (1975)), (quoting Restatement (Second) of Torts §46 cmt. d); see also, Reid v. Pierce County,

12 136 Wn.2d 195, 202, 961 P.2d 333 (1998); Dicomes v. State, 113 Wn.2d 612, 630, 782 P.2d

13 1002 (1989); Rice v. Janovich, 109 Wn.2d 48, 61, 742 P.2d 1230 (1987).  Emotional distress

14 symptomatology is defined in the Restatement of Torts as including "all highly unpleasant

15 mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger,

16 chagrin, disappointment, worry and nausea."

17         Mr. Buse can prove his claim of "slander of title" against these defendants because they

18 made false statements about the nature of their relationship to the title to his property.

19 Specifically, Defendant First American was appointed the trustee and then allowed Defendant

20 ForeclosureLink to act as the trustee under the false assertion that it was an "agent" of

21 Defendant First American, when in fact it was not an "agent" either under the definition in the

22 DTA or under a generic definition of an "agent".  Defendant ForeclosureLink initiated the

23 foreclosure process after receiving contact from Mr. Block's representative, and it was the

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 15

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1     entity that contacted Defendant First American – not the other way around.  *See,*

2     ForeclosureLink Aff., ¶6-14; Jeffers Aff., ¶6-19.  Slander of title is defined as (1) false words;

3     (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4)

4     which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss.  Rorvig v.

5     Douglas, 123 Wn.2d 854, 869, 873 P.2d 492 (1994), *citing* Pay 'N Save Corp. v. Eads, 53 Wn.

6

7     App. 443, 448, 767 P.2d 592 (1989), *citing* Brown v. Safeway Stores, Inc., 94 Wn.2d 359, 375,

8     617 P.2d 704 (1980).

9           Mr. Buse's cause of action for breach of fiduciary is among his primary claims and is

10    the clearest of all claims, based upon the facts and law as described above.  Defendants First

11    American and ForeclosureLink, as its purported agent, acting as the trustee under a Deed of

12    Trust signed by Mr. Buse, breached their duties to him by way of the non-compliance with the

13    requirements of the DTA.  In essence, the defendants assert that because Mr. Buse was in

14    default at various times in this process, he cannot be harmed by their intentional breach of their

15    duties to him and the requirement that they adhere to the terms of the DTA.  This argument is

16    nonsensical.  These defendants' duties to Mr. Buse only mattered once he defaulted and a

17    foreclosure sale was being initiated.  The trustee only acts to enforce the terms of the Deed of

18

19    Trust **after** a default has occurred.  It makes no sense at all to assert that a trustee may breach

20    its duty to act in conformity with the DTA if the borrower has defaulted because it does not act

21    until the default occurs, yet this is essentially the argument being made by the Defendants.  And

22    flowing from this breach of fiduciary duty is Mr. Buse's claim for violations of the Consumer

23    Protection Act, RCW 19.86, *et seq.*  The actions of Defendants ForeclosureLink and First

24    American were not limited to Mr. Buse's foreclosure sale.  As evidenced by the Affidavits filed

25

26    in support of their Summary Judgment Motions, these defendants have been continuously and

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 16

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

repeatedly acting in contravention of the requirements of the Deed of Trust Act.  These acts do constitute an unfair and deceptive act or practice such that it caused damage to Mr. Buse's property by falsely asserting Defendant ForeclosureLink had the legal authority to conduct the foreclosure sale.

The Consumer Protection Act ("CPA") declares unlawful "unfair or deceptive acts in the conduct of any trade or commerce."  RCW 19.86.020.  The CPA defines "trade or commerce" broadly, to include "sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington."  RCW 19.86.010(2).  The CPA expressly confirms its provisions "shall be liberally construed" to fulfill its objective of protecting the public against "unfair, deceptive, and fraudulent acts or practices."  RCW 19.86.920.  The CPA is subject to enforcement by the Attorney General, by other state governmental entities, and by private individuals.  RCW 19.86.080, 090.

To establish a private CPA claim, the plaintiff must generally establish the following five elements: (i) that the defendant committed an unfair or deceptive act or practice; (ii) that the act or practice occurred in the scope of trade or commerce; (iii) that the act or practice affects the public interest; (iv) that the plaintiff suffered injury; and (v) that the injury was caused by the act or practice.  *See,* Cashmere Valley Bank v. Brender, 116 P.3d 421 (2005); *see also*, Jeckle v. Crotty, 120 Wn. App. 374; 85 P.3d 931 (2004); Micro Enhancement Intern, Inc. v. Coopers & Lynbrand, LLP, 110 Wn. App. 412; 40 P.3d 1206 (2002).  Whether a given practice is "unfair or deceptive" is a normally a question for the finder of fact.  Burbo v. Harley C. Douglass, Inc., 125 Wn. App. 684; 106 P.3d 258 (2005); *see also,* Guijosa v. Wal-Mart Stores, Inc., 144 Wash.2d 907; 32 P.3d 250 (2001).  Here, Mr. Buse maintains that these defendants were engaged in numerous unfair and deceptive acts in order to increase their

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 17

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

profits, speed along the foreclosure sale and benefit each other rather than acting in conformity with the DTA.

The next element in a CPA claim is showing that the act occurred in the course of trade or commerce.  This element generally requires some sort of commercial relationship between the defendant and the homeowner.  *See,* Merchant v. Peterson*,* 38 Wn. App. 855, 860; 690 P.2d 1192 (1984); *see also,* Holiday Resort Community Association v. Echo Lake Associates, LLC*,* 135 P.3d 499, 504 (2006).  However, there does not need to be privity of contract or a specific contractual relationship between the parties.  Holiday Resort at 504.  Here, it is clear that these Defendants engaged in the challenged wrongful acts in the course of "trade or commerce" – the servicing of a mortgage loan and the completion of a foreclosure sale under the terms of the Note and Deed of Trust.  RCW 19.86.010(2).

The next element in a private CPA claim is showing that the unfair or deceptive act "impacts the public interest."  Whether the practice impacts the public interest is also a question of fact, but is generally determined according to such factors as (i) whether the acts were committed in the course of the defendant's business; (ii) whether the defendant advertised to the general public; (iii) whether the defendant actively solicited the plaintiff or others; and (iv) whether the defendant occupied a superior bargaining position to the plaintiff.  Cotton v. Kronenberg*,* 111 Wn. App. 258, 274; 44 P.3d 878 (2002).  These, and potentially other relevant factors, are to be viewed in light of the context and circumstances in which the alleged unfair or deceptive practices took place.  Cotton at 274.  In this case, it is clear that the regular unfair and deceptive actions evidenced herein by these Defendants would have an impact upon the public interest since they regularly engage in the improper and illegal foreclosures against Washington state residential properties.  Their actions are part of a regular course of business practices

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 18

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

which will result in wrongful foreclosures and improper loan servicing of other individuals in this state.  To be blunt – they must be stopped.

Another more recent case of importance in determining liability under the CPA is the Washington Supreme Court's decision in <u>Indoor Billboard v. Integra Telecom</u>, 162 Wn.2d 59; 170 P.3d 10 (2007), where the Court held that the "proximate cause" standard should be applied to CPA claims.  The Court found:

> We conclude where a defendant has engaged in an unfair or deceptive act or practice, and there has been an affirmative misrepresentation of fact, our case law establishes that there must be some demonstration of a causal link between the misrepresentation and the plaintiff's injury. Indoor Billboard urges us to adopt a per se rule and hold that payment of Integra's invoice is per se sufficient to establish the proximate cause of plaintiff's damages. We reject Indoor Billboard's per se rule because mere payment of an invoice may not establish a causal connection between the unfair or deceptive act or practice and plaintiff's damages.  Proximate cause is a factual question to be decided by the trier of fact.  Payment of an invoice may or may not be sufficient to establish a causal connection between the misrepresentation of fact and damages, but payment of the invoice may be considered with all other relevant evidence on the issue of proximate cause.
>
> We hold that the proximate cause standard embodied in WPI 15.01 is required to establish the causation element in a CPA claim. A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury.

<u>Id</u>. at 84.

## CONCLUSION

Based upon the foregoing, Mr. Buse maintains that Defendants ForeclosureLink and First American have not met their burden required to obtain a summary judgment order because the Washington DTA clearly requires conformity with all of its requirements and these defendants have not complied with the statute.  Moreover, there are other genuine issues of material fact which are in dispute and which must be reserved for determination by the trier of fact.

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 19

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

DATED this 20th day of April, 2009.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.


_____/s/  Melissa A. Huelsman_____
Melissa A. Huelsman, WSBA No. 30935
Attorney for Plaintiff Richard O. Buse

Richard O. Buse hereby affirms under penalty of perjury:

That I am the plaintiff in the above-entitled lawsuit to whom these interrogatories are addressed, and as such am authorized to make this verification; that I have read the foregoing answers to interrogatories and requests for production of documents, know the contents thereof, and believe the same to be true.

DATED this day of March _____, 2009

_____
Richard O. Buse

PLAINTIFF'S RESPONSE TO DEF.
FORECLOSURELINK AND FIRST AMERICAN'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. 08-0510-MJP - 20

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1          <u>**DECLARATION OF SERVICE**</u>

2          The undersigned certifies that a true and correct copy of the foregoing was served on

3    the 12th day of March, 2009, on the party of record as stated below in the manner indicated:

4
                    *Via Hand Delivery and E-mail*:
5                   Russell B Wuehler
                    Stellman Keehnel
6                   DLA Piper US LLP, Ste 7000
                    Seattle, WA 98104-7044
7                   Telephone:  206.839.4800
                    Fax:  206.839.4801
8                   E-mail:  russell.wuehler@dlapiper.com
                    *Attorneys for Defendant MERS*
9

10                  *Via E-mail and Hand Delivery*

11                  Steven K. Linkon
                    ROUTH CRABTREE OLSEN, P.S.
12                  3535 Factoria Boulevard SE, Suite 200
                    Bellevue, WA  98006
13                  Telephone:  (425) 458-2121
                    E-mail:  slinkon@rcflegal.com
14                  *Attorney for Defendant Attorney for Defendant Greenpoint Mortgage Funding,*
15                  *Inc.*

16                  *Via U.S. Mail and E-mail*
17                  Peter J. Salmon
                    PITE DUNCAN, LLP
18                  4375 Jutland Drive, Suite 200
                    San Diego, CA  92117
19                  Telephone:  (619) 326-2401
                    E-mail:  psalmon@piteduncan.com
20                  *Attorney for Defendants First American Title Insurance Company and*
21                  *Foreclosurelink, Inc.*

22
           I declare under penalty of perjury under the laws of the State of Washington, that the
23
      foregoing is true and correct.
24
           DATED at Seattle, Washington on March 12th, 2009.
25

26                              _____
                                Monique Lefebvre

PLAINTIFF'S RESPONSE TO DEF.                    Law Offices of Melissa A. Huelsman, P.S.
FORECLOSURELINK AND FIRST AMERICAN'S                 705 Second Avenue, Suite 501
MOTION FOR SUMMARY JUDGMENT                     Seattle, WA  98104 • Tel: 206.447.0103
CASE NO. 08-0510-MJP - 21