How To Use This Site | About Us | Contact Us | Search

Legislature Home | Senate | House of Representatives

Print Version | *No disponible en español*

Bill Information > ESB 5810 - 2009-10

**Inside the Legislature**
* Find Your Legislator
* Visiting the Legislature
* Agendas, Schedules and Calendars
* Bill Information
* Laws and Agency Rules
* Legislative Committees
* Legislative Agencies
* Legislative Information Center
* E-mail Notifications (Listserv)
* Students' Page
* History of the State Legislature

**Outside the Legislature**
* Congress - the Other Washington
* TV Washington
* Washington Courts
* OFM Fiscal Note Website



| Search by Bill Number | |
| --- | --- |
| 5810 | Search [i] |
| **Search Brief Description by Keyword** | |
| | Search [i] |

## ESB 5810 - 2009-10  (What is this?)

### Concerning foreclosures on deeds of trust.

Go to documents...

**History of Bill**
as of Monday, April 20, 2009 4:40 PM

| | |
| --- | --- |
| **Sponsors:** | Senators Kauffman, Berkey, Shin, Franklin, Keiser, Tom, Kohl-Welles |
| **By Request:** | Governor Gregoire |
| **Companion Bill:** | HB 1942 |

**2009 REGULAR SESSION**

| | |
| --- | --- |
| Feb 3 | First reading, referred to Financial Institutions, Housing & Insurance. (View Original Bill) |
| Feb 18 | Public hearing in the Senate Committee on Financial Institutions and Housing & Insurance at 3:30 PM. |
| Feb 24 | Public hearing, executive action taken in the Senate Committee on Financial Institutions, and Housing & Insurance at 10:00 AM. |
| Feb 25 | FIHI - Majority; 1st substitute bill be substituted, do pass. (View 1st Substitute) |
| | Passed to Rules Committee for second reading. |
| Mar 4 | Placed on second reading by Rules Committee. |
| Mar 12 | **1st substitute bill not substituted.** (View 1st Substitute) |
| | Floor amendment(s) adopted. |
| | Rules suspended. Placed on Third Reading. |
| | Third reading, passed; yeas, 33; nays, 16; absent, 0; excused, 0. (View Roll Calls) (View 1st Engrossed) |

**IN THE HOUSE**

| | |
| --- | --- |
| Mar 13 | First reading, referred to Judiciary. |
| Mar 23 | Public hearing in the House Committee on Judiciary at 1:30 PM. |
| Mar 26 | Executive action taken in the House Committee on Judiciary at 10:00 AM. |
| | JUDI - Executive action taken by committee. |
| | JUDI - Majority; do pass with amendment(s). |
| Mar 30 | Passed to Rules Committee for second reading. |
| Apr 8 | Placed on second reading. |
| Apr 9 | Committee recommendations adopted and the bill amended. |
| | Rules suspended. Placed on Third Reading. |
| | Third reading, passed; yeas, 98; nays, 0; absent, 0; excused, 0. (View Roll Calls) |

**IN THE SENATE**

| | |
| --- | --- |
| Apr 20 | Senate concurred in House amendments. |
| | Passed final passage; yeas, 46; nays, 2; absent, 0; excused, 1. (View Roll Calls) |

Go to history...

### Available Documents

| Bill Documents | Bill Digests | Bill Reports |
| --- | --- | --- |
| Original Bill | Bill Digest | Senate Bill Report (Orig.) |

Substitute Bill (FIHI 09)      ┊Substitute Bill Digest      ┊Senate Bill Report
Engrossed Bill                 ┊                            ┊Engrossed House Bill Analysis 2009
                               ┊                            ┊Engrossed House Bill Report
                               ┊                            ┊Engrossed Senate Bill Report

**Amendments**

| Amendment Name | Num | Sponsor | Type | Description | Action |
|---|---|---|---|---|---|
| 5810 AMS KAUF S2359.1 | 141 | Kauffman | Floor | Striker | ADOPTED 03/12/2009 |
| 5810 AMS BENT S2493.1 | 239 | Benton | Floor | Pg 6 Ln 33 | NOT ADOPTED 03/12/2009 |
| 5810.E AMH JUDI TANG 072 | | JUDI | Cmte | Striker | ADOPTED 04/09/2009 |

**Fiscal Note (Available)**
Get Fiscal Note

Glossary of Terms | Comments about this site | Privacy Notice | Accessibility Information | Disclaimer

# SENATE BILL REPORT
# ESB 5810

As Amended by House, April 9, 2009

**Title**: An act relating to foreclosures on deeds of trust.

**Brief Description**: Concerning foreclosures on deeds of trust.

**Sponsors**: Senators Kauffman, Berkey, Shin, Franklin, Keiser, Tom and Kohl-Welles; by request of Governor Gregoire.

**Brief History:**
   **Committee Activity**: Financial Institutions, Housing & Insurance: 2/18/09, 2/24/09 [DPS].
   Passed Senate: 3/12/09, 33-16.

## SENATE COMMITTEE ON FINANCIAL INSTITUTIONS, HOUSING & INSURANCE

**Majority Report**: That Substitute Senate Bill No. 5810 be substituted therefor, and the substitute bill do pass.
   Signed by Senators Berkey, Chair; Hobbs, Vice Chair; Franklin, McDermott, Parlette and Schoesler.

**Staff**: Diane Smith (786-7410)

**Background**: A deed of trust is a type of security interest in real property. A deed of trust is essentially a three-party mortgage. The borrower (grantor) grants a deed creating a lien on the real property to a third party (the trustee) who holds the deed in trust as security for an obligation due to the lender (the beneficiary).

The major difference between a deed of trust and a mortgage is that the deed of trust may be nonjudicially foreclosed, whereas a mortgage may only be foreclosed judicially. If the grantor defaults on the loan obligation, the trustee may foreclose on the real property as long as certain procedural and notice requirements are met.

The trustee of a deed of trust may be a domestic corporation, a title insurance company, an attorney, a professional corporation whose shareholders are licensed attorneys, an agency of the United States government, or a bank or savings and loan association. A trustee must resign at the request of a beneficiary, and the beneficiary may designate a successor trustee.

---

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

In order for a deed of trust to be nonjudicially foreclosed, the following requirements must be met: (1) the deed contains a power of sale and provides that the real property is not used principally for agricultural purposes; (2) a default has occurred which makes the power of sale operative; (3) the deed has been recorded; (4) a notice of default is sent at least 30 days before a notice of sale is recorded; and (5) no other action is pending to seek satisfaction of an obligation secured by the deed of trust.

To initiate foreclosure procedures the trustee must (1) file a notice of trustee's sale 90 days before the sale; (2) send notice of the sale to the grantor, beneficiary, and any other person with a recorded interest in the land; (3) post the notice on the property or personally serve any occupants; and (4) publish the notice of sale in a newspaper at specified dates.

The sale may not take place less than 190 days from the date of default. Any person other than the trustee may bid at the sale. After sale of the property there is no right of redemption and no right to a deficiency judgment.

The proceeds of the foreclosure sale are distributed first to the expenses of sale and the obligation secured by the deed of trust, and the surplus is deposited with the clerk of the court. Any interests or liens on the real property that are eliminated by the sale attached to the surplus proceeds.

Notice of trustee's sale must be given to occupants of property consisting of a single-family residence, condominium, cooperative, and dwelling with less than five units; the notice must identify personal property that may be sold and any other action that is pending to foreclose on another security; the notice must specify the potential effects of foreclosure on the occupants of the property; and there are two eight-day time periods during which the trustee must publish the notice of sale in a legal newspaper.

**Summary of Engrossed Bill**: For deeds of trust made from January 1, 2003, to December 31, 2007, for owner-occupied, residential property, a 30-day extension is made to the current timeline for foreclosure. Thirty days must pass before the notice of default can be filed. The 30 days are measured from the time the lender contacts the borrower, or satisfies due diligence requirements to contact the borrower, to work out a way to avoid foreclosure.

Obligations of the lender to the borrower are to advise the borrower of his or her right to request a subsequent meeting; to schedule that meeting to occur within 14 days; and to give the borrower a toll-free telephone number for contacting a HUD-certified counselor.

The notice of default must include a declaration from the lender that it contacted the borrower or used due diligence in attempting to do so. Actions by the lender to contact the borrower and the times at which these actions are to be taken are specified in detail.

Under certain circumstances the 30-day delay in filing the notice of default and the due diligence requirements need not be met.

Tenants in non-owner-occupied one- to four-unit residences must be notified of the impending foreclosure sale, the potential consequences to them, and their option to contact a lawyer, legal aid, or a housing counselor about their rights. Tenants living in foreclosed

property must be given 60 days' written notice before they are removed from the property by an unlawful detainer action.

The trustee has a duty of good faith to the beneficiary, grantor, and others with an interest in the property. This requirement has no expiration date.

Certain claims, such as the trustee's failure materially to comply with the deed of trust law, are not waived by the borrower's failure to bring a lawsuit to enjoin a foreclosure sale of an owner-occupied one- to four-unit residence, but these claims must be asserted within two years of the foreclosure sale. This requirement has no expiration date.

There must be proof that the beneficiary is the actual holder of the obligation secured by the deed of trust.

Existing law is conformed to the specific requirements of this bill.

Other than as mentioned above, this bill expires January 1, 2013.

**Appropriation**: None.

**Fiscal Note**: Not requested.

**Committee/Commission/Task Force Created**: No.

**Effective Date**: Ninety days after adjournment of session in which bill is passed.

**Staff Summary of Public Testimony**: PRO: The numbers of foreclosures are increasing and are expected to continue to increase for some period. This bill will complement very well the Obama plan that came out today. Our Senate provided a wonderful package of counseling for homeowners last year. The landscape continues to change. We continue to work with the banks and the bar association. While the legal language is complicated, we need to make sure it protects both the financial institutions and the consumers. This bill is part of the Governor's stimulus package. A lot of work has been done to prevent foreclosures in the future. This bill helps people who are struggling now. Loan modifications are just not happening. This bill will not be enough. Lenders are not acting correctly. The third party trained mediation could be the solution to this crisis in a lot of ways. We need a loan modification plan with teeth. The Brown court case fix is important. If done right, this could be the single most important piece of consumer protection legislation we see in our careers. There were more January foreclosures than sales in King County. Few homeowners know who has the authority to negotiate with them due to loan repackaging. The entity owning the loan should have to present the paper to prove they have authority to foreclose.

CON: It is important to maintain the trustee's impartiality by not adding duties that undermine that neutrality. The unconstitutionality arises from casting too large a net.

OTHER: We are concerned that we get this legislation right for consumers and for the health of our financial institutions. We need to amend the bill so that nonjudicial foreclosure works for both parties. This bill is important in preventing foreclosures. When people get

depressed, they get difficult to reach.  Some language in the bill is not applicable to our Deed of Trust Act and some is unconstitutional.  It is important to strike the balance between judicial and nonjudicial foreclosure.  Trustees do not want to be caught in the middle of terms that are not well defined.

**Persons Testifying**:  PRO:  Kari Burrell, Governor's Policy Office; Melissa Huelsman, private consumer attorney; Bruce Neas, Columbia Legal Service; Nick Federici, Washington Low Income Housing Alliance; Georgene T. Monday, ACORN; Michelle Thomas, Tenants Union of Washington.

CON:  Stu Halsan, Washington Land Title; Aleana Harris, Real Property Realtors, Trust Section of the Washington State Bar Association.

OTHER:   Denny Eliason, Washington Bankers Association;   Joe Sakay, Washington Mortgage Lenders Association.

**House Amendment(s)**:  Requires the beneficiary's initial contact to be by phone and letter. The contact requirement does not apply when the beneficiary is a homeowner or condominium association. Language stating the contact requirements do not apply if the borrower contracts with a distressed home consultant is removed.

The provision allowing the claim to be raised in an unlawful detainer action is removed. An action for breach of contract is removed from the types of claims that are not waived. A violation of Title 19 RCW (regulations of businesses, including the Consumer Protection Act) is added to the list of nonwaived claims. That the nonwaived claims must be brought within two years of the foreclosure sale or within the applicable statute of limitation for the claim, whichever is earlier, is clarified.

The trustee's proof of the beneficiary's ownership of the promissory note may be in the form of the beneficiary's declaration and the language regarding the trustee having possession of the original note is removed. The trustee may rely on the declaration, unless the trustee violated its duty of good faith.

Beneficiaries that are homeowner or condominium associations are exempt from the bill. The notice of default must contain the name and address of the owner of the promissory note and servicer of any obligation secured by the deed of trust.  That the requirements apply only to residential real property, is clarified.

Language stating the purchaser may offer a tenant payment in exchange for the tenant vacating the property before the 60 days expires is removed.

"Residential real property" is defined as property consisting solely of a single family residence, a residential condominium unit, or a residential cooperative unit.

"Tenant-occupied" property is defined  as property consisting solely of residential real property that is the principal residence of a tenant or that is another building with four or fewer residential units that is the principal residence of a tenant.

The expiration date that applied to the sections on notice to tenants is removed.

Language imposing on a trustee a duty of good faith to persons other than the borrower, beneficiary, and grantor, is removed.

Makes other changes for clarification.

5810.E AMH JUDI TANG 072

<u>ESB 5810</u> - H COMM AMD
By Committee on Judiciary

ADOPTED 4/09/2009

1    Strike  everything  after  the  enacting  clause  and  insert  the
2 following:
3    "**Sec. 1.**   RCW 61.24.005 and 1998 c 295 s 1 are each amended to
4 read as follows:
5    The  definitions  in  this  section  apply  throughout  this  chapter
6 unless the context clearly requires otherwise.
7    (1) "Grantor" means a person, or its successors, who executes a
8 deed  of  trust  to  encumber  the  person's  interest  in  property  as
9 security  for  the  performance  of  all  or  part  of  the  borrower's
10 obligations.
11   (2) "Beneficiary" means the holder of the instrument or document
12 evidencing  the  obligations  secured  by  the  deed  of  trust,  excluding
13 persons holding the same as security for a different obligation.
14   (3) "Affiliate of beneficiary" means any entity which controls, is
15 controlled by, or is under common control with a beneficiary.
16   (4)  "Trustee"  means  the  person  designated  as  the  trustee  in  the
17 deed of trust or appointed under RCW 61.24.010(2).
18   (5)  "Borrower"  means  a  person  or  a  general  partner  in  a
19 partnership, including a joint venture, that is liable for all or part
20 of  the  obligations  secured  by  the  deed  of  trust  under  the  instrument
21 or other document that is the principal evidence of such obligations,
22 or  the  person's  successors  if  they  are  liable  for  those  obligations
23 under a written agreement with the beneficiary.
24   (6) "Guarantor" means any person and its successors who is not a
25 borrower and who guarantees any of the obligations secured by a deed
26 of trust in any written agreement other than the deed of trust.
27

1    (7) "Commercial loan" means a loan that is not made primarily for
2 personal, family, or household purposes.

3    (8) "Trustee's sale" means a nonjudicial sale under a deed of
4 trust undertaken pursuant to this chapter.

5    (9) "Fair value" means the value of the property encumbered by a
6 deed of trust that is sold pursuant to a trustee's sale.  This value
7 shall be determined by the court or other appropriate adjudicator by
8 reference to the most probable price, as of the date of the trustee's
9 sale, which would be paid in cash or other immediately available
10 funds, after deduction of prior liens and encumbrances with interest
11 to the date of the trustee's sale, for which the property would sell
12 on such date after reasonable exposure in the market under conditions
13 requisite to a fair sale, with the buyer and seller each acting
14 prudently, knowledgeably, and for self-interest, and assuming that
15 neither is under duress.

16    (10) "Record" and "recorded" includes the appropriate registration
17 proceedings, in the instance of registered land.

18    (11) "Person" means any natural person, or legal or governmental
19 entity.

20    (12) "Owner-occupied" means property that is the principal
21 residence of the borrower.

22    (13) "Residential real property" means property consisting solely
23 of a single family residence, a residential condominium unit, or a
24 residential cooperative unit.

25    (14) "Tenant-occupied property" means property consisting solely
26 of residential real property that is the principal residence of a
27 tenant subject to chapter 59.18 RCW or other building with four or
28 fewer residential units that is the principal residence of a tenant
29 subject to chapter 59.18 RCW.

30

31        NEW SECTION.  Sec. 2.  A new section is added to chapter
32 61.24 RCW to read as follows:

33    (1)(a) A trustee, beneficiary, or authorized agent may not issue a
34 notice of default under RCW 61.24.030(8) until thirty days after

1 initial contact with the borrower is made as required under (b) of
2 this subsection or thirty days after satisfying the due diligence
3 requirements as described in subsection (5) of this section.

4    (b) A beneficiary or authorized agent shall contact the borrower
5 by letter and by telephone in order to assess the borrower's financial
6 ability to pay the debt secured by the deed of trust and explore
7 options for the borrower to avoid foreclosure.  The letter required
8 under this subsection must be mailed in accordance with subsection
9 (5)(a) of this section and must include the information described in
10 subsection (5)(a) and (5)(e)(i) through (iv) of this section.

11    (c) During the initial contact, the beneficiary or authorized
12 agent shall advise the borrower that he or she has the right to
13 request a subsequent meeting and, if requested, the beneficiary or
14 authorized agent shall schedule the meeting to occur within fourteen
15 days of the request.  The assessment of the borrower's financial
16 ability to repay the debt and a discussion of options may occur during
17 the initial contact or at a subsequent meeting scheduled for that
18 purpose.  At the initial contact, the borrower must be provided the
19 toll-free telephone number made available by the department to find a
20 department-certified housing counseling agency and the toll-free
21 numbers for the Department of Financial Institutions and the statewide
22 civil legal aid hotline for possible assistance and referrals.

23    (d) Any meeting under this section may occur telephonically.

24    (2) A notice of default issued under RCW 61.24.030(8) must include
25 a declaration, as provided in subsection (9) of this section, from the
26 beneficiary or authorized agent that it has contacted the borrower as
27 provided in subsection (1)(b) of this section, it has tried with due
28 diligence to contact the borrower under subsection (5) of this
29 section, or the borrower has surrendered the property to the trustee,
30 beneficiary, or authorized agent.  Unless the trustee has violated his
31 or her duty under RCW 61.24.010(4), the trustee is entitled to rely on
32 the declaration as evidence that the requirements of this section have
33 been satisfied, and the trustee is not liable for the beneficiary's or
34

1 its authorized agent's failure to comply with the requirements of this
2 section.

3   (3)  A  beneficiary's  or  authorized  agent's  loss  mitigation
4 personnel may participate by telephone during any contact required
5 under this section.

6   (4)  Within  fourteen  days  after  the  initial  contact  under
7 subsection (1) of this section, if a borrower has designated a
8 department-certified housing counseling agency, attorney, or other
9 advisor to discuss with the beneficiary or authorized agent, on the
10 borrower's behalf, options for the borrower to avoid foreclosure, the
11 borrower shall inform the beneficiary or authorized agent and provide
12 the contact information.  The beneficiary or authorized agent shall
13 contact  the  designated  representative  for  the  borrower  for  the
14 discussion within fourteen days after the representative is designated
15 by the borrower.  Any deed of trust modification or workout plan
16 offered at the meeting with the borrower's designated representative
17 by the beneficiary or authorized agent is subject to approval by the
18 borrower.

19   (5) A notice of default may be issued under RCW 61.24.030(8) if a
20 beneficiary  or  authorized  agent  has  not  contacted  a  borrower  as
21 required under subsection (1)(b) of this section and the failure to
22 contact  the  borrower  occurred  despite  the  due  diligence  of  the
23 beneficiary  or  authorized  agent.    Due  diligence  requires  the
24 following:

25   (a) A beneficiary or authorized agent shall first attempt to
26 contact a borrower by sending a first-class letter to the address in
27 the  beneficiary's  records  for  sending  account  statements  to  the
28 borrower and to the address of the property encumbered by the deed of
29 trust.  The letter must include the toll-free telephone number made
30 available by the department to find a department-certified housing
31 counseling agency, and the following information:

32   "You may contact the Department of Financial Institutions, the
33 Washington State Bar Association, or the statewide civil legal aid
34 hotline for possible assistance or referrals."

1     (b)(i)  After  the  letter  has  been  sent,  the  beneficiary  or
2 authorized agent shall attempt to contact the borrower by telephone at
3 least three times at different hours and on different days.  Telephone
4 calls must be made to the primary and secondary telephone numbers on
5 file with the beneficiary or authorized agent.

6     (ii) A beneficiary or authorized agent may attempt to contact a
7 borrower using an automated system to dial borrowers if the telephone
8 call, when answered, is connected to a live representative of the
9 beneficiary or authorized agent.

10     (iii) A beneficiary or authorized agent satisfies the telephone
11 contact requirements of this subsection (5)(b) if the beneficiary or
12 authorized  agent  determines,  after  attempting  contact  under  this
13 subsection (5)(b), that the borrower's primary telephone number and
14 secondary  telephone  number  or  numbers  on  file,  if  any,  have  been
15 disconnected or are not good contact numbers for the borrower.

16     (c) If the borrower does not respond within fourteen days after
17 the telephone call requirements of (b) of this subsection have been
18 satisfied, the beneficiary or authorized agent shall send a certified
19 letter, with return receipt requested, to the borrower at the address
20 in the beneficiary's records for sending account statements to the
21 borrower and to the address of the property encumbered by the deed of
22 trust.    The  letter  must  include  the  information  described  in
23 subsection (5)(e)(i) through (iv) of this section.

24     (d) The beneficiary or authorized agent shall provide a means for
25 the borrower to contact the beneficiary or authorized agent in a
26 timely manner, including a toll-free telephone number or charge-free
27 equivalent that will provide access to a live representative during
28 business hours.

29     (e) The beneficiary or authorized agent shall post a link on the
30 home page of the beneficiary's or authorized agent's internet web
31 site, if any, to the following information:

32     (i) Options that may be available to borrowers who are unable to
33 afford their mortgage payments and who wish to avoid foreclosure, and
34

1 instructions to borrowers advising them on steps to take to explore
2 those options;

3     (ii) A list of financial documents borrowers should collect and be
4 prepared to present to the beneficiary or authorized agent when
5 discussing options for avoiding foreclosure;

6     (iii) A toll-free telephone number or charge-free equivalent for
7 borrowers who wish to discuss options for avoiding foreclosure with
8 their beneficiary or authorized agent; and

9     (iv) The toll-free telephone number or charge-free equivalent made
10 available by the department to find a department-certified housing
11 counseling agency.

12     (6) Subsections (1) and (5) of this section do not apply if any of
13 the following occurs:

14     (a) The borrower has surrendered the property as evidenced by
15 either a letter confirming the surrender or delivery of the keys to
16 the property to the trustee, beneficiary, or authorized agent; or

17     (b) The borrower has filed for bankruptcy, and the bankruptcy stay
18 remains in place, or the borrower has filed for bankruptcy and the
19 bankruptcy court has granted relief from the bankruptcy stay allowing
20 enforcement of the deed of trust.

21     (7)(a) This section applies only to deeds of trust made from
22 January 1, 2003, to December 31, 2007, inclusive, that are recorded
23 against owner-occupied residential real property.  This section does
24 not apply to deeds of trust:  (i) Securing a commercial loan; (ii)
25 securing obligations of a grantor who is not the borrower or a
26 guarantor; or (iii) securing a purchaser's obligations under a seller-
27 financed sale.

28     (b) This section does not apply to association beneficiaries
29 subject to chapters 64.32, 64.34, or 64.38 RCW.

30     (8) As used in this section:

31     (a) "Department" means the United States department of housing and
32 urban development.

33     (b) "Seller-financed sale" means a residential real property
34 transaction where the seller finances all or part of the purchase

1 price, and that financed amount is secured by a deed of trust against
2 the subject residential real property.

3    (9) The form of declaration to be provided by the beneficiary or
4 authorized agent as required under subsection (2) of this section must
5 be in substantially the following form:

6

7                 "FORECLOSURE LOSS MITIGATION FORM

8

9 **Please select applicable option(s) below.**

10

11    The  undersigned  beneficiary  or  authorized  agent  for  the
12 beneficiary hereby represents and declares under the penalty of
13 perjury that [check the applicable box and fill in any blanks so that
14 the trustee can insert, on the beneficiary's behalf, the applicable
15 declaration in the notice of default required under chapter 61.24
16 RCW]:

17    (1) [ ] The beneficiary or beneficiary's authorized agent has
18 contacted the borrower under, and has complied with, section 1 of this
19 act (contact provision to "assess the borrower's financial ability to
20 pay the debt secured by the deed of trust and explore options for the
21 borrower to avoid foreclosure").

22    (2) [ ] The beneficiary or beneficiary's authorized agent has
23 exercised due diligence to contact the borrower as required in section
24 1(5) of this act and, after waiting fourteen days after the
25 requirements in section 1 of this act were satisfied, the beneficiary
26 or the beneficiary's authorized agent sent to the borrower(s), by
27 certified mail, return receipt requested, the letter required under
28 section 1 of this act.

29    (3) [ ] The borrower has surrendered the secured property as
30 evidenced by either a letter confirming the surrender or by delivery
31 of the keys to the secured property to the beneficiary, the
32 beneficiary's authorized agent or to the trustee.

33    (4) [ ] Under section 1 of this act, the beneficiary or the
34 beneficiary's authorized agent has verified information that, on or

1 before the date of this declaration, the borrower(s) has filed for
2 bankruptcy and the bankruptcy stay remains in place, or the borrower
3 has filed for bankruptcy and the bankruptcy court has granted relief
4 from the bankruptcy stay allowing the enforcement of the deed of
5 trust."

6

7 NEW SECTION.  **Sec. 3.**  A new section is added to chapter 61.24 RCW
8 to read as follows:

9     If the trustee elects to foreclose the interest of any occupant of
10 tenant-occupied property, upon posting a notice of trustee's sale
11 under RCW 61.24.040, the trustee or its authorized agent shall post in
12 the manner required under RCW 61.24.040(1)(e) and shall mail at the
13 same time in an envelope addressed to the "Resident of property
14 subject to foreclosure sale" the following notice:

15

16     "The foreclosure process has begun on this property, which may
17 affect your right to continue to live in this property.  Ninety days
18 or more after the date of this notice, this property may be sold at
19 foreclosure.  If you are renting this property, the new property owner
20 may either give you a new rental agreement or provide you with a
21 sixty-day notice to vacate the property.  You may wish to contact a
22 lawyer or your local legal aid or housing counseling agency to discuss
23 any rights that you may have."

24

25 NEW SECTION.  **Sec. 4.**  A new section is added to chapter 61.24 RCW
26 to read as follows:

27     (1) A tenant or subtenant in possession of a residential real
28 property at the time the property is sold in foreclosure must be given
29 sixty days' written notice to vacate before the tenant or subtenant
30 may be removed from the property as prescribed in chapter 59.12 RCW.
31 Notwithstanding the notice requirement in this subsection, a tenant
32 may be evicted for waste or nuisance in an unlawful detainer action
33 under chapter 59.12 RCW.

34

1    (2) This section does not prohibit the new owner of a property
2 purchased pursuant to a trustee's sale from negotiating a new purchase
3 or rental agreement with a tenant or subtenant.

4    (3) This section does not apply if the borrower or grantor remains
5 on the property as a tenant, subtenant, or occupant.

6

7    NEW SECTION.  **Sec. 5.**  Sections 3 and 4 of this act apply only to
8 the foreclosure of tenant-occupied property.

9

10    NEW SECTION.  **Sec. 6.**  A new section is added to chapter 61.24 RCW
11 to read as follows:

12    (1) The failure of the borrower or grantor to bring a civil action
13 to enjoin a foreclosure sale under this chapter may not be deemed a
14 waiver of a claim for damages asserting:

15    (a) Common law fraud or misrepresentation;

16    (b) A violation of Title 19 RCW; or

17    (c) Failure of the trustee to materially comply with the
18 provisions of this chapter.

19    (2) The nonwaived claims listed under subsection (1) of this
20 section are subject to the following limitations:

21    (a) The claim must be asserted or brought within two years from
22 the date of the foreclosure sale or within the applicable statute of
23 limitations for such claim, whichever expires earlier;

24    (b) The claim may not seek any remedy at law or in equity other
25 than monetary damages;

26    (c) The claim may not affect in any way the validity or finality
27 of the foreclosure sale or a subsequent transfer of the property;

28    (d) A borrower or grantor who files such a claim is prohibited
29 from recording a lis pendens or any other document purporting to
30 create a similar effect, related to the real property foreclosed upon;

31    (e) The claim may not operate in any way to encumber or cloud the
32 title to the property that was subject to the foreclosure sale, except
33 to the extent that a judgment on the claim in favor of the borrower or

34

1 grantor may, consistent with RCW 4.56.190, become a judgment lien on
2 real property then owned by the judgment debtor; and

3      (f) The relief that may be granted for judgment upon the claim is
4 limited to actual damages.  However, if the borrower or grantor brings
5 in the same civil action a claim for violation of chapter 19.86 RCW,
6 arising out of the same alleged facts, relief under chapter 19.86 RCW
7 is limited to actual damages, treble damages as provided for in RCW
8 19.86.090, and the costs of suit, including a reasonable attorney's
9 fee.

10     (4) This section applies only to foreclosures of owner-occupied
11 residential real property.

12     (5) This section does not apply to the foreclosure of a deed of
13 trust used to secure a commercial loan.

14

15     **Sec. 7.**  RCW 61.24.010 and 2008 c 153 s 1 are each amended to read
16 as follows:

17     (1) The trustee of a deed of trust under this chapter shall be:

18     (a) Any domestic corporation incorporated under Title 23B, 30, 31,
19 32, or 33 RCW of which at least one officer is a Washington resident;
20 or

21     (b) Any title insurance company authorized to insure title to real
22 property under the laws of this state, or ((its agents)) any title
23 insurance agent licensed under chapter 48.17 RCW; or

24     (c) Any attorney who is an active member of the Washington state
25 bar association at the time the attorney is named trustee; or

26     (d) Any professional corporation incorporated under chapter 18.100
27 RCW, any professional limited liability company formed under chapter
28 25.15 RCW, any general partnership, including limited liability
29 partnerships, formed under chapter 25.04 RCW, all of whose
30 shareholders, members, or partners, respectively, are either licensed
31 attorneys or entities, provided all of the owners of those entities
32 are licensed attorneys, or any domestic corporation wholly owned by
33 any of the entities under this subsection (1)(d); or

34

1      (e) Any agency or instrumentality of the United States government;
2  or

3      (f)  Any  national  bank,  savings  bank,  or  savings  and  loan
4  association chartered under the laws of the United States.

5      (2) The trustee may resign at its own election or be replaced by
6  the beneficiary.  The trustee shall give prompt written notice of its
7  resignation to the beneficiary.  The resignation of the trustee shall
8  become effective upon the recording of the notice of resignation in
9  each county in which the deed of trust is recorded.  If a trustee is
10 not  appointed  in  the  deed  of  trust,  or  upon  the  resignation,
11 incapacity,  disability,  absence,  or  death  of  the  trustee,  or  the
12 election of the beneficiary to replace the trustee, the beneficiary
13 shall appoint a trustee or a successor trustee.  Only upon recording
14 the appointment of a successor trustee in each county in which the
15 deed of trust is recorded, the successor trustee shall be vested with
16 all powers of an original trustee.

17     (3) The trustee or successor trustee shall have no fiduciary duty
18 or  fiduciary  obligation  to  the  grantor  or  other  persons  having  an
19 interest in the property subject to the deed of trust.

20     (4)  ((~~The  trustee  or  successor  trustee  shall  act  impartially~~
21 ~~between  the  borrower,  grantor,  and  beneficiary.~~))  The  trustee  or
22 successor  trustee  has  a  duty  of  good  faith  to  the  borrower,
23 beneficiary, and grantor.

24

25     **Sec. 8.**  RCW 61.24.030 and 2008 c 153 s 2  and 2008 c 108 s 22 are
26 each reenacted and amended to read as follows:

27     It shall be requisite to a trustee's sale:

28     (1) That the deed of trust contains a power of sale;

29     (2) That the deed of trust contains a statement that the real
30 property conveyed is not used principally for agricultural purposes;
31 provided, if the statement is false on the date the deed of trust was
32 granted or amended to include that statement, and false on the date of
33 the  trustee's  sale,  then  the  deed  of  trust  must  be  foreclosed
34

1 judicially.   Real property is used for agricultural purposes if it is
2 used in an operation that produces crops, livestock, or aquatic goods;

3      (3) That a default has occurred in the obligation secured or a
4 covenant of the grantor, which by the terms of the deed of trust makes
5 operative the power to sell;

6      (4) That no action commenced by the beneficiary of the deed of
7 trust is now pending to seek satisfaction of an obligation secured by
8 the deed of trust in any court by reason of the grantor's default on
9 the obligation secured:   PROVIDED, That (a) the seeking of the
10 appointment of a receiver shall not constitute an action for purposes
11 of this chapter; and (b) if a receiver is appointed, the grantor shall
12 be entitled to any rents or profits derived from property subject to a
13 homestead as defined in RCW 6.13.010.   If the deed of trust was
14 granted to secure a commercial loan, this subsection shall not apply
15 to actions brought to enforce any other lien or security interest
16 granted to secure the obligation secured by the deed of trust being
17 foreclosed;

18      (5) That the deed of trust has been recorded in each county in
19 which the land or some part thereof is situated;

20      (6) That prior to the date of the notice of trustee's sale and
21 continuing thereafter through the date of the trustee's sale, the
22 trustee must maintain a street address in this state where personal
23 service of process may be made, and the trustee must maintain a
24 physical presence and have telephone service at such address; and

25      (7)(a) That, for residential real property, before the notice of
26 trustee's sale is recorded, transmitted, or served, the trustee shall
27 have proof that the beneficiary is the owner of any promissory note or
28 other obligation secured by the deed of trust.  A declaration by the
29 beneficiary made under the penalty of perjury stating that the
30 beneficiary is the actual holder of the promissory note or other
31 obligation secured by the deed of trust shall be sufficient proof as
32 required under this subsection.

33

34

1    (b) Unless the trustee has violated his or her duty under RCW
2 61.24.010(4), the trustee is entitled to rely on the beneficiary's
3 declaration as evidence of proof required under this subsection.

4    (c)   This   subsection   (7)   does   not   apply   to   association
5 beneficiaries subject to chapters 64.32, 64.34, or 64.38 RCW.

6    ((<del>(7)</del>)) (8) That at least thirty days before notice of sale shall
7 be recorded, transmitted or served, written notice of default shall be
8 transmitted by the beneficiary or trustee to the borrower and grantor
9 at  their  last  known  addresses  by  both  first-class  and  either
10 registered  or  certified  mail,  return  receipt  requested,  and  the
11 beneficiary or trustee shall cause to be posted in a conspicuous place
12 on  the  premises,  a  copy  of  the  notice,  or  personally  served  on  the
13 borrower  and  grantor.    This  notice  shall  contain  the  following
14 information:

15    (a) A description of the property which is then subject to the
16 deed of trust;

17    (b) A statement identifying each county in which the deed of trust
18 is  recorded  and  the  document  number  given  to  the  deed  of  trust  upon
19 recording by each county auditor or recording officer;

20    (c) A statement that the beneficiary has declared the borrower or
21 grantor  to  be  in  default,  and  a  concise  statement  of  the  default
22 alleged;

23    (d) An itemized account of the amount or amounts in arrears if the
24 default alleged is failure to make payments;

25    (e) An itemized account of all other specific charges, costs, or
26 fees that the borrower, grantor, or any guarantor is or may be obliged
27 to  pay  to  reinstate  the  deed  of  trust  before  the  recording  of  the
28 notice of sale;

29    (f) A statement showing the total of (d) and (e) of this
30 subsection,  designated  clearly  and  conspicuously  as  the  amount
31 necessary to reinstate the note and deed of trust before the recording
32 of the notice of sale;

33    (g) A statement that failure to cure the alleged default within
34 thirty days of the date of mailing of the notice, or if personally

1 served, within thirty days of the date of personal service thereof,
2 may lead to recordation, transmittal, and publication of a notice of
3 sale, and that the property described in (a) of this subsection may be
4 sold at public auction at a date no less than one hundred twenty days
5 in the future;

6      (h) A statement that the effect of the recordation, transmittal,
7 and publication of a notice of sale will be to (i) increase the costs
8 and fees and (ii) publicize the default and advertise the grantor's
9 property for sale;

10     (i) A statement that the effect of the sale of the grantor's
11 property by the trustee will be to deprive the grantor of all their
12 interest in the property described in (a) of this subsection;

13     (j) A statement that the borrower, grantor, and any guarantor has
14 recourse to the courts pursuant to RCW 61.24.130 to contest the
15 alleged default on any proper ground; ((and))

16     (k) In the event the property secured by the deed of trust is
17 owner-occupied residential real property, a statement, prominently set
18 out at the beginning of the notice, which shall state as follows:

19     "You should take care to protect your interest in your home.  This
20 notice of default (your failure to pay) is the first step in a process
21 that could result in you losing your home.  You should carefully
22 review your options.  For example:

23     Can you pay and stop the foreclosure process?

24     Do you dispute the failure to pay?

25     Can you sell your property to preserve your equity?

26     Are you able to refinance this loan or obligation with a new loan
27 or obligation from another lender with payments, terms, and fees that
28 are more affordable?

29     Do you qualify for any government or private homeowner assistance
30 programs?

31     Do you know if filing for bankruptcy is an option?  What are the
32 pros and cons of doing so?

33     Do not ignore this notice; because if you do nothing, you could
34 lose your home at a foreclosure sale.  (No foreclosure sale can be

1 held any sooner than ninety days after a notice of sale is issued and
2 a notice of sale cannot be issued until thirty days after this
3 notice.)  Also, if you do nothing to pay what you owe, be careful of
4 people who claim they can help you.  There are many individuals and
5 businesses that watch for the notices of sale in order to unfairly
6 profit as a result of borrowers' distress.

7      You may feel you need help understanding what to do.  There are a
8 number of professional resources available, including home loan
9 counselors and attorneys, who may assist you.  Many legal services are
10 lower-cost or even free, depending on your ability to pay.  If you
11 desire legal help in understanding your options or handling this
12 default, you may obtain a referral (at no charge) by contacting the
13 county bar association in the county where your home is located.
14 These legal referral services also provide information about
15 lower-cost or free legal services for those who qualify.  <u>You may</u>
16 <u>contact the Department of Financial Institutions or the statewide</u>
17 <u>civil legal aid hotline for possible assistance or referrals." and;</u>

18      <u>(l) In the event the property secured by the deed of trust is</u>
19 <u>residential real property, the name and address of the owner of any</u>
20 <u>promissory notes or other obligations secured by the deed of trust and</u>
21 <u>the name, address, and telephone number of a party acting as a</u>
22 <u>servicer of the obligations secured by the deed of trust.</u>

23

24      **Sec. 9.**  RCW 61.24.040 and 2008 c 153 s 3 are each amended to read
25 as follows:

26      A deed of trust foreclosed under this chapter shall be foreclosed
27 as follows:

28      (1) At least ninety days before the sale, the trustee shall:

29      (a)  Record  a  notice  in  the  form  described  in  ((~~RCW~~
30 ~~61.24.040(1)~~))(f) <u>of this subsection</u> in the office of the auditor in
31 each county in which the deed of trust is recorded;

32      (b) To the extent the trustee elects to foreclose its lien or
33 interest, or the beneficiary elects to preserve its right to seek a
34 deficiency judgment against a borrower or grantor under RCW

1  61.24.100(3)(a), and if their addresses are stated in a recorded
2  instrument evidencing their interest, lien, or claim of lien, or an
3  amendment thereto, or are otherwise known to the trustee, cause a copy
4  of the notice of sale described in ((RCW 61.24.040(1))) (f) of this
5  subsection to be transmitted by both first-class and either certified
6  or registered mail, return receipt requested, to the following persons
7  or their legal representatives, if any, at such address:

8      (i) The borrower and grantor;

9      (ii) The beneficiary of any deed of trust or mortgagee of any
10  mortgage, or any person who has a lien or claim of lien against the
11  property, that was recorded subsequent to the recordation of the deed
12  of trust being foreclosed and before the recordation of the notice of
13  sale;

14     (iii) The vendee in any real estate contract, the lessee in any
15  lease, or the holder of any conveyances of any interest or estate in
16  any portion or all of the property described in such notice, if that
17  contract, lease, or conveyance of such interest or estate, or a
18  memorandum or other notice thereof, was recorded after the recordation
19  of the deed of trust being foreclosed and before the recordation of
20  the notice of sale;

21     (iv) The last holder of record of any other lien against or
22  interest in the property that is subject to a subordination to the
23  deed of trust being foreclosed that was recorded before the
24  recordation of the notice of sale;

25     (v) The last holder of record of the lien of any judgment
26  subordinate to the deed of trust being foreclosed; and

27     (vi) The occupants of property consisting solely of a single-
28  family residence, or a condominium, cooperative, or other dwelling
29  unit in a multiplex or other building containing fewer than five
30  residential units, whether or not the occupant's rental agreement is
31  recorded, which notice may be a single notice addressed to "occupants"
32  for each unit known to the trustee or beneficiary;

33     (c) Cause a copy of the notice of sale described in ((RCW
34  61.24.040(1))) (f) of this subsection to be transmitted by both first-

1  class and either certified or registered mail, return receipt
2  requested, to the plaintiff or the plaintiff's attorney of record, in
3  any court action to foreclose a lien or other encumbrance on all or
4  any part of the property, provided a court action is pending and a lis
5  pendens in connection therewith is recorded in the office of the
6  auditor of any county in which all or part of the property is located
7  on the date the notice is recorded;

8      (d) Cause a copy of the notice of sale described in ((RCW
9  61.24.040(1))) (f) of this subsection to be transmitted by both first-
10 class and either certified or registered mail, return receipt
11 requested, to any person who has recorded a request for notice in
12 accordance with RCW 61.24.045, at the address specified in such
13 person's most recently recorded request for notice;

14     (e) Cause a copy of the notice of sale described in ((RCW
15 61.24.040(1))) (f) of this subsection to be posted in a conspicuous
16 place on the property, or in lieu of posting, cause a copy of said
17 notice to be served upon any occupant of the property;

18     (f) The notice shall be in substantially the following form:

19

20                    NOTICE OF TRUSTEE'S SALE

21

22                              I.

23

24 NOTICE IS HEREBY GIVEN that the undersigned Trustee will on the
25 . . . . day of . . . . . ., . . ., at the hour of . . . . o'clock
26 . . . . M. at . . . . . . . . . . . . . . . . . . . . . . . . . . .
27 [street address and location if inside a building] in the City of
28 . . . . . ., State of Washington, sell at public auction to the
29 highest and best bidder, payable at the time of sale, the following
30 described real property, situated in the County(ies) of . . . . . .,
31 State of Washington, to-wit:

32

33

34

```
 1      [If any personal property is to be included in the trustee's
 2      sale, include a description that reasonably identifies such
 3      personal property]
 4
 5
 6 which is subject to that certain Deed of Trust dated . . . . . .,
 7 . . ., recorded . . . . . . ., . . ., under Auditor's File No. . . . . .,
 8 records of . . . . . County, Washington, from . . . . . . . . ., as
 9 Grantor, to . . . . . . . . . ., as Trustee, to secure an obligation in
10 favor of . . . . . . . . ., as Beneficiary, the beneficial interest in
11 which was assigned by . . . . . . . . ., under an Assignment recorded
12 under Auditor's File No. . . . .  [Include recording information for
13 all counties if the Deed of Trust is recorded in more than one
14 county.]
15
16                                        II.
17
18 No action commenced by the Beneficiary of the Deed of Trust is now
19 pending to seek satisfaction of the obligation in any Court by reason
20 of the Borrower's or Grantor's default on the obligation secured by
21 the Deed of Trust.
22
23      [If there is another action pending to foreclose other
24      security for all or part of the same debt, qualify the
25      statement and identify the action.]
26
27
28                                        III.
29
30 The default(s) for which this foreclosure is made is/are as follows:
31
32      [If default is for other than payment of money, set forth the
33      particulars]
34
```

1

2 Failure to pay when due the following amounts which are now in

3 arrears:

4

5                                         IV.

6

7 The sum owing on the obligation secured by the Deed of Trust is:

8 Principal $ . . . . . ., together with interest as provided in the

9 note or other instrument secured from the . . . . day of . . . . . .,

10 . . ., and such other costs and fees as are due under the note or

11 other instrument secured, and as are provided by statute.

12

13                                         V.

14

15 The above-described real property will be sold to satisfy the expense

16 of sale and the obligation secured by the Deed of Trust as provided by

17 statute.   The sale will be made without warranty, express or implied,

18 regarding title, possession, or encumbrances on the . . . . day of

19 . . . . . . ., . . .   The default(s) referred to in paragraph III must

20 be cured by the . . . . day of . . . . . . ., . . . (11 days before the

21 sale date), to cause a discontinuance of the sale.   The sale will be

22 discontinued and terminated if at any time on or before the . . . .

23 day of . . . . . . ., . . ., (11 days before the sale date), the

24 default(s) as set forth in paragraph III is/are cured and the

25 Trustee's fees and costs are paid.   The sale may be terminated any

26 time after the . . . . day of . . . . . ., . . . (11 days before the

27 sale date), and before the sale by the Borrower, Grantor, any

28 Guarantor, or the holder of any recorded junior lien or encumbrance

29 paying the entire principal and interest secured by the Deed of Trust,

30 plus costs, fees, and advances, if any, made pursuant to the terms of

31 the obligation and/or Deed of Trust, and curing all other defaults.

32

33                                         VI.

34

1 A written notice of default was transmitted by the Beneficiary or
2 Trustee to the Borrower and Grantor at the following addresses:

3

4 . . . . . . . . . . . . . .

5 . . . . . . . . . . . . . .

6 . . . . . . . . . . . . . .

7 by both first-class and certified mail on the . . . . day of
8 . . . . . . ., . . ., proof of which is in the possession of the
9 Trustee; and the Borrower and Grantor were personally served on the
10 . . . . day of . . . . . . ., . . ., with said written notice of default
11 or the written notice of default was posted in a conspicuous place on
12 the real property described in paragraph I above, and the Trustee has
13 possession of proof of such service or posting.

14

15                                    VII.

16

17 The Trustee whose name and address are set forth below will provide in
18 writing to anyone requesting it, a statement of all costs and fees due
19 at any time prior to the sale.

20

21                                    VIII.

22

23 The effect of the sale will be to deprive the Grantor and all those
24 who hold by, through or under the Grantor of all their interest in the
25 above-described property.

26

27                                    IX.

28

29 Anyone having any objection to the sale on any grounds whatsoever will
30 be afforded an opportunity to be heard as to those objections if they
31 bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.
32 Failure to bring such a lawsuit may result in a waiver of any proper
33 grounds for invalidating the Trustee's sale.

34

[Add Part X to this notice if applicable under RCW 61.24.040(9)]

. . . . . . . . . . . . . . . . . . . . . .

. . . . . , Trustee

. . . . ⎤

. . . . ⎬ Address

. . . . ⎦

. . . . } Phone

[Acknowledgment]

(2) In addition to providing the borrower and grantor the notice of sale described in ((RCW 61.24.040)) subsection (1)(f) of this section, the trustee shall include with the copy of the notice which is mailed to the grantor, a statement to the grantor in substantially the following form:

NOTICE OF FORECLOSURE

Pursuant to the Revised Code of Washington,

Chapter 61.24 RCW

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to . . . . . ., the Beneficiary of your Deed of Trust and owner of the obligation secured thereby.  Unless the default(s) is/are cured, your property will be sold at auction on the . . . . day of . . . . . ., . . .

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorneys' fees as set forth below by the . . . . day of . . . . . ., . . . [11 days before the sale date].  To date, these arrears and costs are as follows:

|  | Currently<br>due<br>to reinstate<br>on . . . . .<br>. . . . . | Estimated<br>amount<br>that will be<br>due<br>to reinstate<br>on . . . . .<br>. . . . .<br>(11 days<br>before<br>the date set<br>for sale) |
|---|---|---|
| Delinquent payments from . . . . . . ., . . ., in the amount of $ . . . ./mo.: | $ . . . . | $ . . . . |
| Late charges in the total amount of: | $ . . . . | $ . . . . |
|  |  | Estimated Amounts |
| Attorneys' fees: | $ . . . . | $ . . . . |
| Trustee's fee: | $ . . . . | $ . . . . |
| Trustee's expenses: (Itemization) |  |  |
| Title report | $ . . . . | $ . . . . |
| Recording fees | $ . . . . | $ . . . . |
| Service/Posting of Notices | $ . . . . | $ . . . . |
| Postage/Copying expense | $ . . . . | $ . . . . |

```
 1          Publication       $ . . . .      $ . . . . .
 2          Telephone                        $ . . . .
 3          charges           $ . . . .
 4          Inspection fees   $ . . . .      $ . . . .
 5          . . . . . .       $ . . . .      $ . . . .
 6          . . . . . .       $ . . . .      $ . . . .
 7          TOTALS            $ . . . .      $ . . . .
 8
 9
10     To pay off the entire obligation secured by your Deed of Trust as
11 of the . . . . day of . . . . . . you must pay a total of $. . . . .
12 in principal, $. . . . . in interest, plus other costs and advances
13 estimated to date in the amount of $. . . . . .   From and after the
14 date of this notice you must submit a written request to the Trustee
15 to obtain the total amount to pay off the entire obligation secured by
16 your Deed of Trust as of the payoff date.
17     As to the defaults which do not involve payment of money to the
18 Beneficiary of your Deed of Trust, you must cure each such default.
19 Listed below are the defaults which do not involve payment of money to
20 the Beneficiary of your Deed of Trust.   Opposite each such listed
21 default is a brief description of the action necessary to cure the
22 default and a description of the documentation necessary to show that
23 the default has been cured.
24
25               Default  Description of Action
26                        Required to Cure and
27                        Documentation Necessary
28                        to Show Cure
29               . . . .  . . . . . . . . . . . . . . . . . . . . .
30                        . . . . . . . . . . . . . . . . . . . . .
31                        . . . . . . . . . . . . . . . . . . . . .
32               . . . .  . . . . . . . . . . . . . . . . . . . . .
33                        . . . . . . . . . . . . . . . . . . . . .
34                        . . . . . . . . . . . . . . . . . . . . .
```

5810.E AMH JUDI TANG 072                        Official Print - 23

1

2

3     You may reinstate your Deed of Trust and the obligation secured
4  thereby  at  any  time  up  to  and  including  the  . . . .  day  of
5  . . . . . .,  . . .  [11 days before the sale date], by paying the
6  amount set forth or estimated above and by curing any other defaults
7  described above.  Of course, as time passes other payments may become
8  due,  and  any  further  payments  coming  due  and  any  additional  late
9  charges must be added to your reinstating payment.  Any new defaults
10 not involving payment of money that occur after the date of this
11 notice  must  also  be  cured  in  order  to  effect  reinstatement.    In
12 addition,  because  some  of  the  charges  can  only  be  estimated  at  this
13 time, and because the amount necessary to reinstate or to pay off the
14 entire  indebtedness  may  include  presently  unknown  expenditures
15 required to preserve the property or to comply with state or local
16 law, it will be necessary for you to contact the Trustee before the
17 time you tender reinstatement or the payoff amount so that you may be
18 advised of the exact amount you will be required to pay.  Tender of
19 payment or performance must be made to:  . . . . . ., whose address is
20 . . . . . ., telephone ( ) . . . . . .  AFTER THE . . . . DAY OF
21 . . . . . ., . . ., YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY PAYING
22 THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS
23 OUTLINED ABOVE.  The Trustee will respond to any written request for
24 current payoff or reinstatement amounts within ten days of receipt of
25 your written request.  In such a case, you will only be able to stop
26 the  sale  by  paying,  before  the  sale,  the  total  principal  balance
27 ($ . . . . . .) plus accrued interest, costs and advances, if any,
28 made pursuant to the terms of the documents and by curing the other
29 defaults as outlined above.

30    You may contest this default by initiating court action in the
31 Superior Court of the county in which the sale is to be held.  In such
32 action,  you  may  raise  any  legitimate  defenses  you  have  to  this
33 default.  A copy of your Deed of Trust and documents evidencing the
34 obligation secured thereby are enclosed.  You may wish to consult a

1 lawyer.   Legal action on your part may prevent or restrain the sale,
2 but only if you persuade the court of the merits of your defense.   <u>You</u>
3 <u>may contact the Department of Financial Institutions or the statewide</u>
4 <u>civil legal aid hotline for possible assistance or referrals.</u>

5      The court may grant a restraining order or injunction to restrain
6 a trustee's sale pursuant to RCW 61.24.130 upon five days notice to
7 the trustee of the time when, place where, and the judge before whom
8 the application for the restraining order or injunction is to be made.
9 This   notice   shall   include   copies   of   all   pleadings   and   related
10 documents to be given to the judge.   Notice and other process may be
11 served on the trustee at:

12
13                         NAME:   .....................
14                         ADDRESS:    .................
15                                     .................
16                         TELEPHONE    ...........
17                         NUMBER:

18

19

20      If you do not reinstate the secured obligation and your Deed of
21 Trust in the manner set forth above, or if you do not succeed in
22 restraining the sale by court action, your property will be sold.   The
23 effect of such sale will be to deprive you and all those who hold by,
24 through or under you of all interest in the property;

25      (3) In addition, the trustee shall cause a copy of the notice of
26 sale described in ((<s>RCW 61.24.040</s>)) <u>subsection</u> (1)(f) <u>of this section</u>
27 (excluding the acknowledgment) to be published in a legal newspaper in
28 each county in which the property or any part thereof is situated,
29 once on or between the thirty-fifth and twenty-eighth day before the
30 date of sale, and once on or between the fourteenth and seventh day
31 before the date of sale;

32      (4) On the date and at the time designated in the notice of sale,
33 the trustee or its authorized agent shall sell the property at public
34

1   auction to the highest bidder.  The trustee may sell the property in
2   gross or in parcels as the trustee shall deem most advantageous;

3       (5) The place of sale shall be at any designated public place
4   within the county where the property is located and if the property is
5   in more than one county, the sale may be in any of the counties where
6   the property is located.  The sale shall be on Friday, or if Friday is
7   a legal holiday on the following Monday, and during the hours set by
8   statute for the conduct of sales of real estate at execution;

9       (6) The trustee has no obligation to, but may, for any cause the
10  trustee deems advantageous, continue the sale for a period or periods
11  not exceeding a total of one hundred twenty days by (a) a public
12  proclamation at the time and place fixed for sale in the notice of
13  sale and if the continuance is beyond the date of sale, by giving
14  notice of the new time and place of the sale by both first class and
15  either certified or registered mail, return receipt requested, to the
16  persons specified in ((RCW 61.24.040)) subsection (1)(b)(i) and (ii)
17  of this section to be deposited in the mail (i) not less than four
18  days before the new date fixed for the sale if the sale is continued
19  for up to seven days; or (ii) not more than three days after the date
20  of the continuance by oral proclamation if the sale is continued for
21  more than seven days, or, alternatively, (b) by giving notice of the
22  time and place of the postponed sale in the manner and to the persons
23  specified in ((RCW 61.24.040)) subsection (1)(b), (c), (d), and (e) of
24  this section and publishing a copy of such notice once in the
25  newspaper(s) described in ((RCW 61.24.040)) subsection (3) of this
26  section, more than seven days before the date fixed for sale in the
27  notice of sale.  No other notice of the postponed sale need be given;

28      (7) The purchaser shall forthwith pay the price bid and on payment
29  the trustee shall execute to the purchaser its deed; the deed shall
30  recite the facts showing that the sale was conducted in compliance
31  with all of the requirements of this chapter and of the deed of trust,
32  which recital shall be prima facie evidence of such compliance and
33  conclusive evidence thereof in favor of bona fide purchasers and
34  encumbrancers for value, except that these recitals shall not affect

1 the lien or interest of any person entitled to notice under ((RCW
2 61.24.040)) subsection (1) of this section, if the trustee fails to
3 give the required notice to such person.  In such case, the lien or
4 interest of such omitted person shall not be affected by the sale and
5 such omitted person shall be treated as if such person was the holder
6 of the same lien or interest and was omitted as a party defendant in a
7 judicial foreclosure proceeding;

8    (8) The sale as authorized under this chapter shall not take place
9 less than one hundred ninety days from the date of default in any of
10 the obligations secured;

11    (9) If the trustee elects to foreclose the interest of any
12 occupant or tenant of property comprised solely of a single-family
13 residence, or a condominium, cooperative, or other dwelling unit in a
14 multiplex or other building containing fewer than five residential
15 units, the following notice shall be included as Part X of the Notice
16 of Trustee's Sale:

17
18                                    X.
19
20                    NOTICE TO OCCUPANTS OR TENANTS
21
22 The purchaser at the trustee's sale is entitled to possession of the
23 property on the 20th day following the sale, as against the grantor
24 under the deed of trust (the owner) and anyone having an interest
25 junior to the deed of trust, including occupants ((and)) who are not
26 tenants.  After the 20th day following the sale the purchaser has the
27 right to evict occupants ((and)) who are not tenants by summary
28 proceedings under ((the unlawful detainer act,)) chapter 59.12 RCW.
29 For tenant-occupied property, the purchaser shall provide a tenant
30 with written notice in accordance with section 10 of this act;

31    (10) Only one copy of all notices required by this chapter need be
32 given to a person who is both the borrower and the grantor.  All
33 notices required by this chapter that are given to a general
34

1 partnership are deemed given to each of its general partners, unless
2 otherwise agreed by the parties.

3

4    **Sec. 10.**  RCW 61.24.060 and 1998 c 295 s 8 are each amended to
5 read as follows:

6    (1) The purchaser at the trustee's sale shall be entitled to
7 possession of the property on the twentieth day following the sale, as
8 against the borrower and grantor under the deed of trust and anyone
9 having an interest junior to the deed of trust, including occupants
10 ((and)) who are not tenants, who were given all of the notices to
11 which they were entitled under this chapter.  The purchaser shall also
12 have a right to the summary proceedings to obtain possession of real
13 property provided in chapter 59.12 RCW.

14    (2) If the trustee elected to foreclose the interest of any
15 occupant or tenant, the purchaser of tenant-occupied property at the
16 trustee's sale shall provide written notice to the occupants and
17 tenants at the property purchased in substantially the following form:

18    "NOTICE:  The property located at . . . . . was purchased at a
19 trustee's sale by . . . . . . on . . . . .(date).

20    1.  If you are the previous owner or an occupant who is not a
21 tenant of the property that was purchased, pursuant to RCW 61.24.060,
22 the purchaser at the trustee's sale is entitled to possession of the
23 property on . . . . . .(date), which is the twentieth day following
24 the sale.

25    2.  If you are a tenant or subtenant in possession of the property
26 that was purchased, pursuant to section 4 of this act, the purchaser
27 at the trustee's sale may either give you a new rental agreement OR
28 give you a written notice to vacate the property in sixty days or more
29 before the end of the monthly rental period."

30    (3) The notice required in subsection (2) of this section must be
31 given to the property's occupants and tenants by both first-class
32 mail, and either certified or registered mail, return receipt
33 requested.

34

1    NEW SECTION.  **Sec. 11.**  A new section is added to chapter 59.12
2  RCW to read as follows:

3    An unlawful detainer action, commenced as a result of a trustee's
4  sale under chapter 61.24 RCW, must comply with the requirements of RCW
5  61.24.040 and 61.24.060.

6

7    NEW SECTION.  **Sec. 12.**  If any provision of this act or its
8  application to any  person  or  circumstance  is  held  invalid,  the
9  remainder of the  act  or  the  application  of  the  provision to other
10 persons or circumstances is not affected.

11

12    NEW SECTION.  **Sec. 13.**  Section 2 of this act expires December 31,
13 2012."

14

15    Correct the title.

16

   **EFFECT:**    The striking amendment makes the following changes:

   1.  Requirement for beneficiary to contact the borrower
   Requires the beneficiary's initial contact to be by phone and
   letter.  Provides that the contact requirement does not apply when
   the beneficiary is a homeowner or condominium association.
   Removes language stating the contact requirements do not apply if
   the borrower contracts with a distressed home consultant.

   2.  Nonwaiver of claims
   Removes the provision allowing the claim to be raised in an
   unlawful detainer action.  Removes breach of contract from the
   types of claims that are not waived.  Adds to the list of
   nonwaived claims a violation of Title 19 RCW (regulations of
   businesses, including the Consumer Protection Act).  Clarifies
   that the nonwaived claims must be brought within two years of the
   foreclosure sale or within the applicable statute of limitation
   for the claim, whichever is earlier.

   3.  Requirements before recording the notice of sale
   Provides that the trustee's proof of the beneficiary's ownership
   of the promissory note may be in the form of the beneficiary's
   declaration (language regarding the trustee having possession of
   the original note is removed).  Allows the trustee to rely on the
   declaration, unless the trustee violated its duty of good faith.

34

Exempts beneficiaries that are homeowner or condominium associations.  Requires that the notice of default must contain the name and address of the owner of the promissory note and servicer of any obligation secured by the deed of trust. Clarifies that the requirements apply only to residential real property.

4.  Notice to tenants
Removes language stating the purchaser may offer a tenant payment in exchange for the tenant vacating the property before the 60 days expires.

5.  Other changes
Defines "residential real property" as property consisting solely of a single family residence, a residential condominium unit, or a residential cooperative unit.  Defines "tenant-occupied" property as property consisting solely of residential real property that is the principal residence of a tenant or other building with four or fewer residential units that is the principal residence of a tenant.
Removes the expiration date that applied to the sections on notice to tenants.
Removes language imposing on a trustee a duty of good faith to persons other than the borrower, beneficiary, and grantor.
Makes other changes for clarification.

--- END ---