UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICHARD O. BUSE,<br><br>    Plaintiff,<br><br>    vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY; FORCLOSURELINK, INC.; GREENPOINT MORTGAGE FUNDING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RESCOMM HOLDINGS NO. 2, LLC; UM ACQUISITIONS, LLC; TOM BLOCK; and Doe Defendants 1 through 20,,<br><br>    Defendants. | Case No. C-08-0510-MJP<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' FIRST AMERICAN TITLE INSURANCE COMPANY AND FORECLOSURELINK, INC.S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, FOR SUMMARY ADJUDICATION<br><br>NOTE ON MOTION CALENDAR<br>April 24, 2009 |

    Defendants First American Title Insurance Company ("First American") and Foreclosurelink, Inc. ("Foreclosurelink"), submit the following reply to the Opposition by Plaintiff Richard O. Buse ("Buse" or "Plaintiff") to their Motion for Summary Judgment, or Alternatively, for Summary Adjudication of Cause of Action.

I.     **SUMMARY OF THE ARGUMENT**

    The entirety of Plaintiff's Opposition is premised upon disputing the Affidavits of First American and Foreclosurelink while failing to offer any evidence of his own in response. By claiming the Defendants should be required to produce documents in order to obtain summary judgment while Plaintiff does nothing, the Plaintiff essentially wants the Court to dispense with any requirement he present evidence of a establish a disputed issue of material fact Plaintiff. Instead,

REPLY TO OPPOSITION TO MSJ
Page 1
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

he wants the Court to accept that the premise that he may be able to establish a disputed issue of material fact at trial even though he failed to propound any written discovery to these defendants or seek to take the depositions of any person associated with either First American or Foreclosurelink.

The Court should reject the Plaintiff's position and grant summary judgment to First American and Foreclosurelink on the causes of action asserted against them. As set forth herein, the affidavits of First American and Foreclosurelink have proper foundation for the witness testimony and do not implicate the Best Evidence Rule with regarding to their agency relationship for nonjudicial foreclosure notices. Further, Plaintiff's argument that a revised version of RCW 61.24.010(1)(b) going into effect on July 1, 2009, shows some impropriety in the nature or scope of the agency between First American and Foreclosurelink fails. No portion of the revised subdivision purports to preclude or limit a trustee's use of an agent to assist with foreclosure notices. Instead, the revised section simply clarifies who may serve as the substituted trustee, and multiple other portions of the revised statutory scheme do not in any way limit the use by a trustee of agents to assist in delivery of notices. Finally, as the opposition of the Plaintiff to summary judgment on each cause of action rests upon his assertion of the alleged impropriety of the agency relationship in fact or in practice, the arguments from the original motion and in this Reply at Sections II. and III. establish that defendants are entitled to summary judgment on the claims for Infliction of Emotional Distress, Slander of Title, Breach of Fiduciary Duty, and Violation of the Consumer Protection Act.

## II. THE FIRST AMERICAN AND FORECLOSURELINK AFFIDAVITS ESTABLISH THE PERSONAL KNOWLEDGE OF EACH AFFIANT AND DO NOT VIOLATE THE BEST EVIDENCE RULE

The Plaintiff challenges both the personal knowledge of Jerry Jeffers of First American concerning the facts set forth in his affidavit and the sufficiency of each affiant's testimony regarding the agency relationship between First American and Foreclosurelink, claiming the Best Evidence Rule mandates introduction of the written agreement between these entities. Each of these arguments fails to provide any basis to deny admissibility of the proffered evidence in each affidavit.

/././

/././

REPLY TO OPPOSITION TO MSJ  
Page 2  
C08-0510

Pite Duncan, LLP  
P.O. Box 17935  
San Diego, CA 92177-0935  
(858) 750-7600

A. <u>The Jeffers Affidavit Establishes the Foundation for His Testimony</u>:

Jerry Jeffers provides the foundation that he is an Assistant Vice President and Chief Title Office with First American. He specifies in paragraph 2 of that Affidavit that he is familiar with the operations of First American as a nonjudicial foreclosure trustee in the State of Washington, its relationship with Defendant Foreclosurelink for purposes of nonjudicial foreclosures, and the corporate and licensing status of First American in the State of Washington. He testifies to his status as a custodian of First American's records as they pertain to nonjudicial foreclosures generally, with regard go this nonjudicial foreclosure specifically, and the maintenance of the records for this foreclosure as consistent with First American's procedures. (Jeffers Aff., ¶¶ 4, 5). He discusses the form of all of the nonjudicial foreclosure notices utilized by First American and its verification of compliance with Washington law and its personal preparation of a trustee's sale guaranty for each nonjudicial foreclosure. (*Id.* at ¶¶ 8-9). He then discusses the actual notices prepared, mailed, recorded, posted, and published at paragraphs 13 through 17 of his Affidavit. He established the foundation for the maintenance of records for the present foreclosure, and for each foreclosure, by First American at paragraphs 3 through 5 of this Affidavit.

Based upon the foregoing, the Plaintiff's assertion that Mr. Jeffers has no personal knowledge of the notices actually delivered is simply inaccurate. Further, the Plaintiff's argument that Mr. Jeffers does not discuss whether he has direct access to electronic records that Foreclosurelink maintains does not deprive him of personal knowledge of this particular nonjudicial foreclosure or the documents created, recorded, mailed, posted, and published in connection with it. Plaintiff apparently wants to create an obligation of a principal to have complete control over and access to every record maintained by an agent in order to permit a trustee such as First American to utilized the assistance of an agent such as Foreclosurelink. No such obligation exists under Title 61 of the Revised Code of Washington, and does not support exclusion of the testimony of Mr. Jeffers.

B. <u>The Best Evidence Rule Does Not Apply to the Testimony of First American and Foreclosurelink and Does Not Require Defendants to Produce a Written Agreement</u>:

Plaintiff's argument that the Best Evidence Rule mandates the production of any written agreement between First American and Foreclosurelink concerning the conduct of nonjudicial

REPLY TO OPPOSITION TO MSJ  
Page 3  
C08-0510  

Pite Duncan, LLP  
P.O. Box 17935  
San Diego, CA 92177-0935  
(858) 750-7600

foreclosures is simply incorrect. Federal Rule of Evidence 1002, known as the Best Evidence Rule, provides as follows: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." This rule "does not set up an order of preferred admissibility, which must be followed to prove any fact. It is, rather, a rule applicable only when one seeks to prove the contents of documents or recordings." See U.S. v. Gonzales-Benitez, 537 F.2d 1051, 1053–54 (9th Cir.1976).

In the present case, First American and Foreclosurelink have offered testimony through the affidavits of Mr. Jeffers and Ms. Townsend describing the nature and scope of the agency relationship. At paragraphs 10 and 11 of the Jeffers Affidavit, he describes the relationship between First American and Foreclosurelink for purposes of nonjudicial foreclosures in the State of Washington. Mr. Jeffers already indicated at paragraph 2 of his Affidavit that he is personally familiar with the relationship between these entities for purposes of nonjudicial foreclosures, and therefore provides the foundation for his testimony about the nature and scope of the relationship. Similarly, the Townsend Affidavit sets forth the basis of her knowledge of the agency relationship and the actual conduct of the parties under it. (Townsend Aff., ¶¶ 2, 5–8).

As a result, each affiant has established their personal knowledge of the agency relationship and their ability to testify as to what tasks are performed and records maintained. Neither First American nor Foreclosurelink have claimed that the specific content of any written agreement precludes the Plaintiff's claim as a matter of law. Instead, the affidavits establish that work done by each entity satisfies the requirements of RCW 61.24.005 *et seq.* The testimony of each affiant is admissible to establish the existence of the agreement and how the parties actually conduct themselves pursuant to it. Therefore, the Court should deny Plaintiff's attempt to exclude their testimony based upon the Best Evidence Rule.

Indeed, the Plaintiff's attempt to exclude the testimony of these affiants on the grounds that they have not provided "documentary" evidence represents a transparent attempt to overcome his utter failure to produce any evidence to establish a disputed issue of material fact. Plaintiff has conducted no discovery as to these defendants, has failed to submit an affidavit seeking further discovery, and instead claims that testimony is insufficient to establish facts. See Declaration of

REPLY TO OPPOSITION TO MSJ
Page 4
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

Peter J. Salmon, ¶ 2. The Plaintiff essentially asks this Court to dispense with the requirement that he submit evidence to establish a material issue of fact, and instead put the burden on the defendants to rebut the hypothetical case that Plaintiff might put on a trial. This is a fundamentally flawed premise which the Court should not countenance by the attempt to exclude the proper testimony of First American and Foreclosurelink.

## III. THE PLAINTIFF HAS FAILED TO CITE WASHINGTON LAW PRECLUDING THE USE OF FORECLOSURELINK AS AN AGENT OR ESTABLISHING IMPROPRIETY IN THE SCOPE OF THE ACTUAL AGENCY

The Plaintiff essentially argues that Foreclosurelink acted as the nonjudicial foreclosure instead of First American in order to oppose summary judgment and that Washington law not even in effect somehow precludes the use of an agent to assist with delivery of nonjudicial foreclosure notices unless that agent itself qualifies to serve as a trustee. Each of these arguments is flawed and fails to establish a disputed issue of material fact.

### A. Plaintiff's Argument Regarding a Future Amendment to RCW 61.24.010 Addressing a Title Insurance Agent is Irrelevant and Misapprehends the Permissible Delegation of Duties by a Nonjudicial Trustee

As expected, Plaintiff relies on statutory authority not in effect to claim that Foreclosurelink cannot act as an agent for an authorized nonjudicial foreclosure trustee for purposes of assisting with delivery of notices. Plaintiff argues that RCW 48.17.010 subdivision (15), which does not come into effect until July 1, 2009, nevertheless clarifies that only a licensed title insurance agent can serve as an "agent" assisting a trustee as the term "agent" is used in RCW 61.24.010(1)(b). However, the future amendment simply clarifies what type of entity is authorized to act as a nonjudicial foreclosure trustee, and does not specify whether third parties that assist a trustee must independently qualify as trustees themselves. Indeed, RCW 61.24.010(4) remains unchanged by the future amendments, as that subdivision provides that the trustee or its authorized agent shall cause the sale to proceed and does not define "agent" as a "Title Insurance Agent". If the future, inapplicable amendments sought to eliminate the ability of a trustee to use an agent to assist with notices, the Washington legislature would have changed that section as well.

REPLY TO OPPOSITION TO MSJ
Page 5
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1   Further, the future amendments do not modify RCW 61.24.040, which specifically contemplates that the trustee may have assistance in the delivery of the required notices. Indeed, subdivision (3) remains unchanged in providing that the trustee shall "cause" the notice of sale to be published; subdivisions (1)(b) through (f) are unchanged and provide that the trustee shall "cause" the notice of sale to be mailed to the required persons. If the Washington legislature intended that the trustee personally deliver each of those notices, it would have amended these subdivisions as well. Consequently, the theory that Foreclosurelink cannot serve as an agent to assist First American as the trustee has no support in existing or future Washington law. As set forth in the next section, the attempt to argue that Foreclosurelink is acting as the actual trustee is devoid of factual support, making summary judgment appropriate.

B.   <u>Plaintiff Cannot Establish Any Impropriety in the Actual Work Done by Foreclosurelink as an Agent for First American</u>

Plaintiff argues that, notwithstanding the affidavits of Foreclosurelink and First American, Foreclosurelink is acting as the substituted trustee under the deed of trust rather than the agent for First American. This argument is premised upon alleged improprieties in the way First American came to receive the request to serve as the substituted trustee (Plaintiff's Opposition at page 4), the propriety of the return address for certain recorded documents (<u>Id</u>. at p. 2), who signed nonjudicial foreclosure notices (<u>Id</u>. at p. 6), whether certain nonjudicial foreclosure notices contained the Washington address for First American (<u>Id</u>. at p. 3), and whether the affiants for First American and Foreclosurelink attempt to provide expert testimony (<u>Id</u>. at p. 6). As set forth below, none of these arguments establish any disputed issue of material fact that a violation of the Washington nonjudicial foreclosure statutory scheme exists for the Buse foreclosure.

First, the Affidavit of Marsha Townsend of Foreclosurelink already explained that the initial inquiry on behalf of Mr. Block came to its office, and that Foreclosurelink therefore contacted First American (Townsend Aff., ¶ 9). Ms. Townsend's affidvit specifies that "First American agreed to serve as the successor trustee under the Deed of Trust for purposes of commencing a nonjudicial foreclosure. Accordingly, Mr. Block executed an Appointment of Successor Trustee on January 4, 2007, appointing First American as the successor trustee." Plaintiff cannot cite to any legal authority

REPLY TO OPPOSITION TO MSJ  
Page 6  
C08-0510

Pite Duncan, LLP  
P.O. Box 17935  
San Diego, CA 92177-0935  
(858) 750-7600

1  that precludes an entity from informing another of a business opportunity, which the Townsend
2  Affidavit establishes. Therefore, Plaintiff's purported dispute on this basis is devoid of merit.

3  Second, the Plaintiff's claim that because the Appointment of Successor Trustee had the
4  return address for Foreclosurelink on it after recording somehow makes it invalid has not legal
5  support whatsoever. RCW 61.24.010 governs the qualifications for a trustee, and none of the four
6  subdivisions create a requirement that a substitution of trustee must specify any particular return
7  address. Plaintiff has failed to cite any authority which would require this or how it would create
8  a material issue of disputed fact if a substituted trustee designates some address other than its
9  Washington office address as the return address for a recorded document.

10  Third, the argument that Foreclosurelink signing notices explicitly as agent for First
11  American somehow violates Washington law again lacks any legal support. The Notice of Default,
12  Notice of Foreclosure, and Notice of Trustee's Sale each specify that Foreclosurelink signs as the
13  agent for First American. No portion of RCW 61.24.030 or 61.24.040 precludes the use of an agent
14  for any purpose, including the signing of notices. Both First American and Foreclosurelink have
15  submitted affidavits which address the form of the notices, the source of the information, and the
16  preparation of those notices. The process followed by First American and Foreclosurelink, as well
17  as the notices themselves, establish the compliance with the Revised Code of Washington, and the
18  signature on documents as the agent for the trustee does not create even a disputed issue of material
19  fact that some impropriety exists.

20  Fourth, Plaintiff's argument that the Notice of Default and Notice of Trustee's Sale do not
21  specify the First American Washington office address fails to create any factual or legal issue in
22  dispute because RCW 61.24.030 and RCW 61.24.040 do not require the physical office address in
23  those documents. Rather, RCW 61.24.040(2) provides that the Notice of Foreclosure must specify
24  the Washington office address of the trustee. As set forth in the supporting affidavits and
25  acknowledged by Plaintiff, the Notice of Foreclosure attached to the Notice of Trustee's Sale
26  actually issued for this matter contains First American's Washington office address. Neither RCW
27  61.24.010(f), setting forth the requisite contents of the Notice of Trustee's Sale, nor RCW 61.24.030,
28  addressing the contents of the Notice of Default, mandate that the Washington office address for the

REPLY TO OPPOSITION TO MSJ
Page 7
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1  trustee must appear. As a result, the Plaintiff is simply trying to create a requirement that does not
2  exist, meaning this basis for opposition to summary judgment lacks merit.

3  Fifth, neither the affidavits of First American nor Foreclosurelink proffer expert testimony
4  as Plaintiff claims. Instead, Mr. Jeffers and Ms. Townsend provide testimony which details their
5  personal experience in the conduct of nonjudicial foreclosures in the State of Washington and their
6  personal understanding of the use of agents for a trustee. Indeed, at paragraph 16 of Ms. Townsend's
7  affidavit, she offers testimony based upon her personal employment and experience with
8  Foreclosurelink regarding the use of agents to assist in the preparation and delivery of nonjudicial
9  foreclosure notices, and also whether the handling of the nonjudicial foreclosure notices as agent for
10 First American in this matter is consistent with Foreclosurelink's procedures generally. Her
11 testimony on these issues does not constitute expert witness opinion, but advises of her personal
12 experience.

13 Similarly, Mr. Jeffers does not purport to offer an opinion of the standard of care for trustees
14 and agents in Washington regarding nonjudicial foreclosure sales. Rather, at paragraph 19 of his
15 affidavit, he testifies that based upon his personal knowledge that "First American regularly utilizes
16 agents to assist in the preparation and delivery of nonjudicial foreclosure notices for properties
17 located in the State of Washington. The handling of the nonjudicial foreclosure notices in this matter
18 is consistent with First American's procedures generally." Mr. Jeffers does not purport to testify as
19 the standard of care of trustees and agents generally. Therefore, Plaintiff's argument that these
20 affidavits improperly contain expert testimony has no basis in fact.

21 **IV.    PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH A DISPUTED ISSUE OF**
22 **MATERIAL FACT ON ANY OF HIS CAUSES OF ACTION**

23 Plaintiff's specific opposition to summary judgment, or alternatively summary adjudication,
24 on the causes of action for Infliction of Emotional Distress, Slander of Title, Breach of Fiduciary
25 Duty/Quasi-Fiduciary Duty, and Violation of the Consumer Protection Act each depend on the
26 arguments addressed in Section III. The following sets for the specific defects in the opposition.
27 /./././
28 /././/

REPLY TO OPPOSITION TO MSJ
Page 8
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

A. <u>Plaintiff Cannot Establish a Disputed Issue on the Infliction of Emotional Distress Claim By His Unsupported Claim that the Affiants Gave False Testimony</u>:

The Plaintiff does not dispute the elements of the tort as cited by Defendants in their opposition to summary judgment. Instead, he argues that the Court cannot rely on the affidavits submitted by First American and Foreclosurelink due to "numerous contradictions" and the alleged requirement that these defendants produce a written agency agreement. This argument fails to create a disputed issue of material fact because Plaintiff fails to identify the purported contradictions, and as set forth in section II.B, the Best Evioence Rule does not apply. Instead, the Plaintiff simply has no evidence to support a claim that any statement made by First American or Foreclosurelink is untrue, much less deliberately false to the point that it constitutes extreme and outrageous conduct with the intent to cause emotional distress, or so reckless as to cause that distress. The Plaintiff has not even specified that he actually suffered emotional distress. The theory that he could suffer emotional distress if some violation existed fails to create a disputed issue of material fact, and shows that First American and Foreclosurelink are entitled to summary judgment on this claim.

B. <u>Plaintiff Cannot Establish a Disputed Issue on the Slander of Title Claim By His Unsupported Claim that the Affiants Gave False Testimony Slander of Title</u>:

The Plaintiff does not dispute the elements of this tort as cited by Defendants in his opposition to summary judgment. Instead, he argues that First American and Foreclosurelink "made false statements about the nature of their relationship to the tile to his property." (Opp. at p. 15:19-21.) Therefore, the Plaintiff is claiming that the affiants for First American and Foreclosurelink have deliberately given false testimony under oath to this Court. The Court should strike this argument as scurrilous, as Plaintiff has no evidence to support a claim that any statement made by First American or Foreclosurelink is untrue, much less false or malicious.

C. <u>Plaintiff Fails to Establish Any Facts to Create a Dispute that these Defendants Breached some Fiduciary Duty</u>:

The Plaintiff's opposition to summary judgment/adjudication on this cause of action rests upon the same arguments he makes regarding the alleged impropriety of the agency relationship between First American and Foreclosurelink. Defendants incorporate their arguments in section III.

REPLY TO OPPOSITION TO MSJ
Page 9
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1  by this reference in opposition, and assert that the undisputed facts continue to show that First
2  American, with the assistance of Foreclosurelink, delivered all of the nonjudicial foreclosure notices
3  required under Washington law and recorded discontinuances of each Notice of Trustee's Sale when
4  requested by the beneficiary. As a result, these defendants are entitled to summary judgment on this
5  cause of action.

6      D.    <u>Plaintiff's Claim of Violation of the Consumer Protection Act is Tantamount to a
7  Request that This Court Create Law that the Washington Legislature has not Passed</u>:

8      Plaintiff's opposition to summary judgment on this cause of action again rests upon his
9  contention that the use of agents generally, and the manner of use in this foreclosure specifically,
10 constitute unfair or deceptive acts or practices that proximately caused him injury. As set forth in
11 Section III., no portion of Washington nonjudicial foreclosure law precludes the use of an agent to
12 assist a trustee in delivering nonjudicial foreclosure notices. The Plaintiff tried to argue that existing
13 Washington nonjudicial foreclosure law requires a person assisting a trustee in delivery of notices
14 to satisfy the definition of a title insurance agent under Washington law. Neither the current version
15 of RCW 61.24.010(1)(b) nor the version which will go into effect on July 1, 2009, prohibit the use
16 of agents or mandate that a person or entity assisting with notices meet the definition of a title
17 insurance agent. Further, neither the existing version of that statute or the new version require any
18 person or entity assisting some other type of qualified trustee to have the same licensure status as that
19 trustee.

20     In essence, the Plaintiff wants this Court to expand the scope of RCW 61.24.010 beyond
21 what it presently provides and what the Washington legislature has deemed fit to amend. Therefore,
22 the Court should reject this attempt by Plaintiff to make lawful conduct into unfair practices within
23 the meaning of the Consumer Protection Act. Further, the Plaintiff has still failed to set forth that
24 he "relied upon a misrepresentation of fact. . .[that] induced the plaintiff to act or refrain from
25 acting." <u>Robinson v. Avis Rent-A-Car System, Inc.</u>, 106 Wash.App. 104, 112 (Wash.App.2001).
26 Consequently, these defendants are entitled to summary judgment on this cause of action.
27 /././
28 /././

REPLY TO OPPOSITION TO MSJ  
Page 10  
C08-0510  

Pite Duncan, LLP  
P.O. Box 17935  
San Diego, CA 92177-0935  
(858) 750-7600

**V.     CONCLUSION**

Based upon the foregoing, First American and Foreclosurelink request that the Court overrule the Plaintiff's Opposition, and request entry of an order granting summary judgment to them, for entry of a separate Judgment in their favor, and for such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: April 27, 2009                         PITE DUNCAN, LLP


                                              /s/ Peter J. Salmon
                                              PETER J. SALMON, WSBA No. 31382
                                              Attorneys for Defendants FIRST
                                              AMERICAN TITLE INSURANCE
                                              COMPANY AND FORECLOSURELINK,
                                              INC.

1798659.wpd

REPLY TO OPPOSITION TO MSJ
Page 11
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600