1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD O. BUSE,

        Plaintiff,

    v.

FIRST AMERICAN TITLE INSURANCE
COMPANY, FORECLOSURELINK, INC.,
GREENPOINT MORTGAGE FUNDING, INC.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., RESCOMM HOLDINGS NO.
2, LLC, UM ACQUISITIONS, LLC, TOM
BLOCK, AND DOE DEFENDANTS 1
THROUGH 20,

        Defendants.

Case No. C-08-0510-MJP

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT
BROUGHT BY DEFENDANTS
FIRST AMERICAN TITLE
INSURANCE CO. AND
FORECLOSURELINK, INC.

This matter comes before the Court on a motion for summary judgment brought by

Defendants First American Title Insurance Company and Foreclosurelink, Inc. (Dkt No. 41).

Having reviewed the motion, Plaintiffs' response (Dkt No. 47), Defendants' reply brief in

support of their motion (Dkt No. 53), and all papers submitted in support thereof, the Court

GRANTS SUMMARY JUDGMENT in favor of Defendants as to all causes of action.

**Legal Standard**

Rule 56(c) provides, in part, that summary judgment is appropriate if "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Summary judgment is not warranted if a material

ORDER — 1

1   issue of fact exists for trial. <u>Warren v. City of Carlsbad</u>, 58 F.3d 439, 441 (9th Cir. 1995). The

2   underlying facts are viewed in the light most favorable to the party opposing the motion.

3   <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). "Summary

4   judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for

5   the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A party is

6   entitled to summary judgment if the non-moving party "fails to make a showing sufficient to

7   establish the existence of an element essential to that party's case, and on which that party will

8   bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23 (1986).

9                                            **Background**

10          This action concerns a deed of trust.  A deed of trust differs from a standard mortgage as

11  to the parties involved and the method of foreclosure.  <u>Kezner v. Landover Corp.</u>, 87 Wash. App.

12  458, 464 n.9, 465 (1997) (noting deed of trust's similarity to mortgage as well as its distinctive

13  characteristics).  A deed of trust involves not only a lender and a borrower, but a neutral third

14  party called the trustee.  <u>Id.</u> at 464 n.9 (citing John A. Gose, <u>The Trust Deed Act in Washington</u>,

15  41 Wash. L. Rev. 94, 96 (1966)).  The trustee holds an interest in the title to the borrower's

16  property on behalf of the lender, who is also called the beneficiary.  <u>Id.</u> (citing Gose, 41 Wash. L.

17  Rev. at 96).  Should the borrower default on his loan, the beneficiary need not petition a court to

18  initiate foreclosure proceedings but may instruct the trustee to conduct a non-judicial

19  foreclosure.  <u>Id.</u> at 464–65.  The beneficiary may replace the trustee with a successor trustee to

20  handle the foreclosure.  RCW 61.24.010(2) ("[U]pon the . . . election of the beneficiary to

21  replace the trustee, the beneficiary shall appoint . . . a successor trustee.").  The Washington

22  Deed of Trust Act, codified as Chapter 61.24 of the Revised Code of Washington, governs the

23  use of deeds of trust in the state of Washington.  RCW 61.24.005 <u>et seq.</u>

24          Plaintiff Richard Buse owns real property encumbered by a deed of trust.  (Dkt No. 43 at

25  ¶ 3.) Tom Block, the beneficiary of the deed of trust, contacted Defendant Foreclosurelink

26  concerning Block's desire to foreclose on Plaintiff.  (Dkt No. 43 at ¶ 9.)  Foreclosurelink is "a

27

ORDER — 2

1    California Corporation specializing in Non-Judicial Foreclosures . . . ."  Foreclosurelink, Inc.,

2    http://foreclosurelink.com/about_page.htm (last visited May 22, 2009).   Foreclosurelink

3    contacted Defendant First American, who agreed to serve as successor trustee for purposes of the

4    foreclosure.  (Dkt No. 43 at ¶ 9.)  First American is licensed as a title insurance company in

5    Washington and maintains an office in Seattle.  (Dkt No. 42 at ¶¶ 6–7.)  Foreclosurelink

6    generated a Notice of Default, Notice of Sale, and Notice of Foreclosure, using formats specified

7    by First American and content provided by First American.  (Id. at ¶¶ 13–14.)  Foreclosurelink

8    sent these documents to Plaintiff and to other parties statutorily entitled to notice.  (Id.)  At

9    Block's request, Foreclosurelink prepared a Notice of Discontinuance of the Trustee's Sale.  (Id.

10    at ¶ 15.)

11        Six months later, Block requested via an agent that First American commence new

12    foreclosure proceedings against Plaintiff due to Plaintiff's default on the deed of trust.  (Dkt No.

13    42 at ¶ 16.)  Foreclosurelink drew up and sent new Notices of Default, Sale, and Foreclosure,

14    again as per First American's specifications.  (Id. at ¶¶ 16–17.)  First American again

15    discontinued the sale, this time due to this lawsuit and the instructions of Block.  (Id. at ¶ 18.)

16                                    **Analysis**

17        Plaintiff brings causes of action against Defendants First American and Foreclosurelink

18    for infliction of emotional distress, slander of title, breach of fiduciary duty, and violation of the

19    Consumer Protection Act.  Plaintiff premises all of these claims on the assertion that

20    Foreclosurelink's role as agent of trustee First American was a "sham." (Dkt No. 47 at 8–9.)

21    According to Plaintiff, Foreclosurelink was the real trustee and used First American as a "front"

22    to bypass Foreclosurelink's statutory ineligibility to serve as trustee.  (Id. at 8.)  However,

23    Plaintiff's arguments to that end fail to raise a material issue of fact.

24    Foreclosurelink's Authority to Serve as First American's Agent

25        The Deed of Trust Act "explicitly permits trustees to use agents, thereby incorporating

26    agency law principles."  Udall v. T.D. Escrow Servs., Inc., 132 Wash. App. 290, 300 n.4 (2006)

27

1  (citing RCW 61.24.041(4)), rev'd on other grounds by Udall v. T.D. Escrow Servs., Inc., 159

2  Wash. 2d 903 (2007); see also Russell v. Lundberg, 120 P.3d 541, 544 (Utah Ct. App. 2005)

3  ("[I]t appears to be accepted practice for [deed of trust] trustees to use third parties to perform

4  foreclosure activities."). This occurs in RCW 61.24.040(4), which states that, "[o]n the date and

5  at the time designated in the notice of sale, the trustee or its authorized agent shall sell the

6  property at public auction to the highest bidder."

7       Plaintiff argues that RCW 61.24.010(1) further restricts who may act as a trustee's agent

8  when the trustee is a title insurance company, rendering Foreclosurelink's service as First

9  American's agent unlawful. RCW 61.24.010(1) provides, in relevant part:

10

11       "The trustee of a deed of trust under this chapter shall be:
     (a) Any domestic corporation incorporated under Title 23B, 30, 31, 32, or 33

12       RCW of which at least one officer is a Washington resident; or
     (b) Any title insurance company authorized to insure title to real property under

13       the laws of this state, or its agents . . . ."

14

15  RCW 61.24.010(1). Plaintiff interprets RCW 61.24.010(1)(b) as "allow[ing] the 'agent' of a title

16  insurance company to act on its behalf," but with "agent" narrowly defined pursuant to Title 48

of the RCW, which deals with insurance. (Dkt No. 47 at 8.)

17

18       Plaintiff misunderstands RCW 61.24.010(1)(b). The provision establishes only who may

19  serve as a trustee of a deed of trust. It says nothing about who may act as a trustee's agent. As

20  discussed above, the provision of the Deed of Trust Act that authorizes trustees' agents is RCW

21  61.24.040(4). See Udall, 132 Wash. App. at 300 n.4. There is no indication that this Title 61

22  provision defines "agent" by reference to Title 48. Unlike RCW 61.24.010(1)(b), RCW

23  61.24.040(4) makes no mention of insurance or title insurance companies. Additionally, a

24  pending bill that will alter RCW 61.24.010(1)(b) to specifically reference "title insurance agents"

25  as defined by RCW 48.17 makes no such changes to RCW 61.24.040(4). S. 7810.SL, 61st

26  Legis., Reg. Sess. (Wash. 2009). Neither RCW 61.24.010(1)(b) nor Title 48 restricted

27  Foreclosurelink from lawfully serving as First American's agent.

ORDER — 4

1    <u>Foreclosurelink's Authority to Generate Documents on First American's Behalf</u>

2          Foreclosurelink, acting on First American's behalf, generated a Notice of Default, Notice

3    of Sale, and Notice of Foreclosure and sent them to relevant parties. (Dkt No. 42 at ¶¶ 16–17.)

4    First American specified and approved the formats of these notices.  (<u>Id.</u>)  The Deed of Trust Act

5    does not expressly address whether a trustee's agent has authority to generate such documents or

6    send them on the trustee's behalf.

7          The courts of the state of Washington have not discussed the permissible scope of a

8    trustee's agent's authority.  However, other states provide helpful cases, largely from the first

9    half of the twentieth century or earlier.  These cases suggest that a trustee can delegate some but

10   not all of its powers to an agent.  Notably, an agent cannot execute the sale of the borrower's

11   property without the supervision or approval of the trustee.  <u>Price v. Mooneyham</u>, 144 S.W.2d

12   770, 770 (Tenn. 1940).  The sale of property is a duty requiring discretion and judgment,

13   <u>Citizens Bank of Edina v. West Quincy Auto Auction, Inc.</u>, 742 S.W.2d 161, 164 (Mo. 1987),

14   and the trustee must perform such duties itself, <u>id.</u>; <u>Johns v. Sergeant</u>, 45 Miss. 334, 1871 WL

15   5889, at *3 (Miss. Oct. 1871).  However, an agent can perform "mere ministerial acts" relating to

16   the foreclosure.  <u>Johns</u>, 45 Miss. 334, 1871 WL 5889, at *3; <u>Gillespie v. Smith</u>, 29 Ill. 473, 1863

17   WL 3004, at *6 (Ill. Jan. 1863) (allowing an agent to perform "ministerial acts" as long as the

18   trustee has supervisory power over the agent).

19         Foreclosurelink's preparation and dissemination of documents pursuant to First

20   American's specifications (Dkt No. 42 at ¶¶ 16–17) were "mere ministerial acts" that did not

21   involve discretion or judgment.  Foreclosurelink did not exceed its purview as First American's

22   agent.  The primary act that an agent cannot perform, the actual sale of the borrower's property,

23   never occurred.  On instructions from the lender, Block, First American discontinued the

24   foreclosure before it reached that stage.  (<u>Id.</u> at ¶ 18.)

25   <u>The Use of Foreclosurelink's California Address on the Notice of Sale</u>

26         Section 61.24.040 of the RCW requires that the trustee include his address on two

27

1    documents: the Notice of Sale and the Notice of Foreclosure.  The operative Notice of

2    Foreclosure sent out by Foreclosurelink on First American's behalf included First American's

3    Washington address.  (Dkt No. 42 at 15.)  The operative Notice of Sale included the address of

4    Foreclosurelink's headquarters in Fair Oaks, California, with the heading: "First American Title

5    Insurance Company c/o Foreclosurelink, Inc."  (Id. at 19.)

6         The use of Foreclosurelink's California address on the Notice of Sale is permissible.

7    RCW 61.24.040 does not specify that the address listed on the forms be in the state of

8    Washington.  Webster's Third New International Dictionary defines "address" as "the

9    designation of a place (as a residence or place of business) where a person or organization may

10   be found or communicated with[.]"  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 25

11   (2002).  The address identifies First American as the ultimate recipient of mailings, and Plaintiffs

12   make no showing that First American was not reachable there via its agent, Foreclosurelink.  The

13   address provided on the Notice of Sale qualifies as First American's address.

14   <u>The Agency Relationship Between Foreclosurelink and First American</u>

15        The affidavits of Jerry Jeffers, Assistant Vice President and Chief Title Officer of First

16   American, and Marsha Townsend, Vice President of Foreclosurelink, mention a written contract

17   between First American and Foreclosurelink and discuss the agency relationship between the

18   two companies.  Defendants do not, however, produce the written contract for the Court's

19   inspection.  Plaintiff asserts that this violates the Best Evidence Rule, Fed. R. Evid. 1002, which

20   requires that a party seeking to prove the content of a document do so by submitting the

21   document itself unless impossible or impracticable.  (Dkt No. 47 at 3–4.)  On this basis, Plaintiff

22   calls into question the existence and nature of the agency relationship between First American

23   and Foreclosurelink.

24        Jeffers's and Townsend's statements do not violate the Best Evidence Rule because they

25   draw on their personal knowledge of the relationship between the two companies, not their

26   knowledge of a document's contents.  See U.S. v. Gonzales-Benitez, 537 F.2d 1051, 1053–54

27

ORDER — 6

1    (9th Cir. 1976) (holding that the Best Evidence Rule "does not set up an order of preferred

2    admissibility" requiring parties to prove facts through documents or recordings whenever

3    possible).

4                                            **Conclusion**

5            Having determined that Plaintiff fails to raise a material issue of fact, the Court

6    GRANTS SUMMARY JUDGMENT in favor of Defendants First American and Foreclosurelink

7    as to all of Plaintiff's claims against them.  Judgment shall be entered in favor of Defendants.

8            The Clerk is directed to transmit a copy of this Order to all counsel of record.

9            Dated: May 29, 2009.

10                                           s/Marsha J. Pechman_____
                                             Marsha J. Pechman
11                                           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER — 7