1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**
                       **WESTERN DISTRICT OF WASHINGTON**
9                                  **AT SEATTLE**

10   RICHARD O. BUSE,                          Case No. C-08-0510-MJP

11              PLAINTIFF,                      MOTION FOR RECONSIDERATION OF
                                               ORDER GRANTING SUMMARY
12        V.                                   JUDGMENT TO DEFENDANTS
                                               FORECLOSURELINK, INC. AND FIRST
13   FIRST AMERICAN TITLE INSURANCE            AMERICAN TITLE INSURANCE
     COMPANY, FORECLOSURELINK,                 COMPANY BY PLAINTIFF RICHARD
14   INC., GREENPOINT MORTGAGE                 BUSE
     FUNDING, INC., MORTGAGE
15   ELECTRONIC REGISTRATION
     SYSTEMS, INC., RESCOMM
16   HOLDINGS NO. 2, LLC, UM                   NOTE FOR MOTION: JUNE 20, 2009
     ACQUISITIONS, LLC, TOM BLOCK,
17   AND DOE DEFENDANTS 1 THROUGH
     20,
18
                DEFENDANTS.
19

20

21        Plaintiff Richard Buse hereby moves this Court to reconsider its decision in gratngin

22   summary judgment to Defendants by Defendants FORECLOSURELINK, INC.

23   ("ForeclosureLink") and First American Title Insurance Company ("First American").

24                                      **I.  FACTS**

25        Mr. Buse outlined in his responsive pleadings the facts in evidence and the genuine

26   issues of material fact which he asserted precluded entry of summary judgment by this Court.

Law Office of Melissa  A.  Huelsman, P.S.
705 Second Ave, Ste 501
Seattle, WA  98104-7044 • Tel: 206.447-0103

In granting summary judgment to the Defendants, this Court accepted as facts that Defendant Foreclosurelink is a California corporation that conducts non-judicial foreclosure sales based upon information apparently obtained from its website by the Court AND that Defendant Foreclosurelink contacted Defendant First American to act as a trustee to conduct the foreclosure of Mr. Buse's real property in the State of Washington.  This finding strongly supports Mr. Buse's position rather than harming it, as the Court seems to imply.  Defendant First American was not intended to be the trustee nor contacted by the beneficiary to act as the trustee.  Rather, the beneficiary contacted a California company to conduct the foreclosure sale, and it was a company that could not act as a trustee in the State of Washington under Washington law.  Mr. Buse alleged that the relationship between Defendant Foreclosurelink and First American was a fraud because Defendant First American was not really acting as the trustee- that that role was really being performed by Defendant Foreclosurelink and that Defendant First American did not really do anything at all in the foreclosure.  The finding by the Court about how the relationship came about in the first place supports this conclusion. Order at 2:24-3:10.

The Court then goes on to find that Defendant Foreclosurelink prepared all of the documentation (based upon forms provided by Defendant First American) and sent all of these documents to the required parties.  Order at 3:8-10.  And it finds that when the beneficiary, Tom Block, wanted to discontinue the sale, he made that request to Defendant Foreclosurelink and that it discontinued the sale.  *Id.*  This process was repeated, according to the Affidavits filed by both Defendants and each time, it was Defendant Foreclosurelink which received the request to discontinue and it was Defendant Foreclosurelink who completed the discontinuance. If Defendant First American were really the trustee, why was Defendant Foreclosurelink doing

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 2

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

all of the work?  These things matter because it is these facts which support Mr. Buse's assertions – Defendant First American was NOT acting as the trustee.  Defendant Foreclosurelink was acting as the trustee at all times, and especially at a crucial time in the process when it discontinued the sale. (Dkt. 42, ¶13-17).

It is important to note that Defendant First American provided testimony about how the foreclosure sale process was conducted, except that it does not have personal knowledge about how the process was completed since, by its own admission, it did not do anything at all except apparently agree to let Defendant Foreclosurelink do all of the trustee work.  There is nothing in the Affidavit provided by Defendant First American which discusses any work actually conducted by its employees except that it agreed to act as a trustee after being contacted by Defendant Foreclosurelink and that it provided a trustee's sale guarantee.  (Dkt. 42, ¶1-13).  It's affiant testifies that she is familiar with its business records and the maintenance of its business records, but there is no mention of how Defendant First American and/or its affiant has any knowledge about the foreclosure process or how it even has any business records related to the process (if it does have any records).  In fact, at Paragraph 15, Defendant First American testifies about Defendant Foreclosurelink's response to a request by Mr. Block to discontinue the foreclosure sale.  *Id.*  How does Defendant First American have this information based upon its own personal knowledge?

The Affidavits by both Defendant Foreclosurelink and First American asserts that Defendant Foreclosurelink was retained in order to prepare forms, prepare notices, mail notices, coordinate the posting and publishing of the Notices and to arrange for the auctioneer to conduct the actual sale.  (Dkt. 42, ¶10 and Dkt. 41, ¶10).  There is no mention in either affidavit that Defendant Foreclosurelink has the authority to discontinue foreclosure sales or

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 3

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

perform other duties of a trustee, and yet both Defendants describe repeated instances when Defendant Foreclosurelink discontinued the foreclosure sale.  (Dkt. 42, ¶12-17; Dkt. 41, ¶9-16). The affiant for Defendant Foreclosurelink goes so far as to assert her alleged familiarity with the foreclosure process and laws in the State of Washington and apparently attempts to influence the Court with her purported knowledge, except that she does not provide any explanation for how she has acquired this knowledge and familiarity with the foreclosure laws of the State of Washington since neither she nor the company with whom she is employed is allowed to act as a trustee in the State of Washington. She also does not describe how she has acquired that knowledge. (Dkt. 41, ¶16).

Defendant First American notes that the last Notice of Foreclosure Sale listed the Seattle office of Defendant First American as the address for service of process.  *Id.*; Exh. C. The Notice of Default attached as Exhibit "B" to its Affidavit gives only the address and phone number of Defendant Foreclosurelink for contact about the foreclosure.  However, the Notice of Trustee's Sale, which is the document defined by statute and recorded in the records of the King County, Washington, and which was served upon Mr. Buse at his residence and by mail, only has return addresses and contact information for Defendant Foreclosurelink in Fair Oaks, California.  *Id.*; Exh. D.

Defendant First American also contends that it "regularly utilizes agents to assist in the preparation and delivery of nonjudicial foreclosure notices for properties located in the State of Washington."  *Id.*  The assertion that it regularly uses agents to conduct foreclosures may well be true, but the problem in this case is that there is nothing in the Affidavit provided by Defendant First American wherein its representative states that it was actually doing anything at all in this case.  Defendant Foreclosurelink did not "assist" Defendant First American with

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 4

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   this foreclosure.  The entire foreclosure was handled at every stage by Defendant

2   Foreclosurelink, just as alleged by Mr. Buse and Defendant First American was never acting as

3   a trustee at all.

4                                  **II.  ARGUMENT**

5

6       A.      Motion for Reconsideration.

7       In bringing a motion for reconsideration under Federal Rule of Civil Procedure 59(e),

8   "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual

9   circumstances, unless the district court is presented with newly discovered evidence, committed

10  *clear error*, or if there is an intervening change in the controlling law." McDowell v Calderon,

11  197 F3d 1253, 1255 (9th Cir. 1999) (internal quotation omitted).  Here, Mr. Buse maintains that

12  this Court committed a clear error when it interpreted the language of the Washington Deed of

13  Trust Act (RCW 61.24, *et seq.*) relating to the role of a trustee and who may act as a trustee

14  and/or its agent.

15

16      In order to obtain an order of summary judgment, the moving party bears the burden of

17  proving the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrell*, 477 U.S.

18  317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  The disputed facts must be material,

19  or they must "affect the outcome of the suit under the governing law."  *Anderson v. Liberty*

20  *Lobby*, 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986).  Here, when

21  the Deed of Trust Act is considered in connection with the factual information which is before

22  this Court, Mr. Buse maintains that entering an order of summary judgment in favor of

23  Defendants Foreclosurelink and First American was done in error.

24

25      //

26      //

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 5

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

B.   The Washington Deed of Trust Act clearly defines who may act as a trustee and the subsequent section allowing for an agent to perform some of the trustee's duties does not subsume the portion of the statute which defines who may be a trustee.

In rendering its decision granting summary judgment to Defendant Foreclosurelink and First American, this Court appears to have confused the reason that the Washington Legislature clarified who may act as a trustee (RCW 61.24.010(1)(b)) and reached the conclusion that that section was clarified for no good reason because all of a trustee's duties may be performed by an undefined agent in another portion of the statute which only provides the correct format for the notice to be sent to a consumer.  (RCW 61.24.040).  RCW 61.24.040(1)(f) states that the notice to the borrower "shall be in substantially the following form:" and then goes on to lay out the form that may be used.  *Id.*  The language to which the Court refers at RCW 61.24.040(4) only states that the trustee or "its authorized agent shall sell the property at public auction to the highest bidder."  *Id.*  There is no indication that the Legislature intended that the form language in the notice, identified at RCW 61.24.040(4), should subsume and surplant their specific directive that a trustee may only be an entity as defined in RCW 61.24.010(1)(b).

The interpretation of the statute argued by Mr. Buse is consistent with the history of the Deed of Trust Act.  RCW 61.24, *et seq.*  With the exception of United States government agencies and national banking entities, all persons authorized to act as trustees in Washington have a physical presence in the State of Washington.

(1) The trustee of a deed of trust under this chapter shall be:

(a) Any domestic corporation incorporated under Title 23B, 30, 31, 32 or 33 RCW **of which at least one officer is a Washington resident**; or
(b) Any title insurance company authorized to insure title to real property under the laws of this state, or its agents; or
(c) Any attorney who is an active member of the Washington state bar association at the time the attorney is named trustee; or
(d) Any professional corporation incorporated under chapter 18.100 RCW, any professional limited liability company formed under chapter 25.15 RCW, any general

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

partnership, including limited liability partnerships, formed under chapter 25.04 RCW, all of whose shareholders, members, or partners, respectively, are either licensed attorneys or entities, provided all of the owners of those entities are licensed attorneys, or any domestic corporation wholly owned by any of the entities under this subsection (1)(d); or
(e) Any agency or instrumentality of the United States government; or
(f) Any national bank, savings bank, or savings and loan association chartered under the laws of the United States.

RCW 61.24.010(1)(b) (emphasis added).

In essence, all trustees must be regulated by the State of Washington in some fashion (attorneys and attorney operated companies and title insurance companies) **or** not only be incorporated here, but have at least one officer who is a Washington state resident.  RCW 61.24.010(1)(b).  Defendant Foreclosurelink cannot meet any of these requirements and therefore cannot be a trustee.  If the Washington Legislature had intended that these requirements be meaningless because an entity authorized to act as a trustee could have all of its functions performed by unauthorized agents with offices outside of the State of Washington, then there would be no purpose at all to defining who may act as a trustee.  RCW 61.24.040(4) merely defines the content of the notice provided to homeowners.  The more important portion of the Deed of Trust, on the subject of who may act as a trustee, is RCW 61.24.010(1)(b) where the Legislature provides the definitions, and then clarified its position on the subject this year by adding a word to that portion of the statute.  *Id.*

As noted by the Washington Supreme Court in <u>Udall v. T.D. Escrow Servs., Inc.</u>, 159 Wash. 2d 903 (2007),

> "A court's objective in construing a statute is to determine the legislature's intent." <u>Tingey v. Haisch</u>, No. 77689-0, 2007 Wash. LEXIS 130, at *5 (Feb. 15, 2007). "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'"  Id. (alteration in original) (internal quotation marks omitted) (quoting <u>State v. Jacobs</u>, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)). Plain meaning is "discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related

provisions, and the statutory scheme as a whole." Id. at *6.  If the statutory language remains susceptible to more than one reasonable interpretation, the statute is considered ambiguous, and the court may  then  employ statutory construction  tools, including legislative history, for assistance in discerning legislative intent.  Id.

Udall v. TD Escrow Services, Inc., supra, at 905.  Here, the Legislature clearly intended that

only certain entities based within the State of Washington act as trustees and Defendant

Foreclosurelink does not meet those criteria, and that requirement is not changed by way of the

language in RCW 61.24.040(4).

        C.      The Court's reliance upon the decision in Udall v. TD Escrow Services was misplaced.

        This Court relies in great part upon the decision of the Washington Court of Appeals in

Udall v. T.D. Escrow Servs., Inc., 132 Wash. App. 290, 300 n.4 (2006) (citing RCW

61.24.041(4)) and asserting that that decision was reversed on other grounds by Udall v. T.D.

Escrow Servs., Inc., 159Wash.2d 903 (2007).  (Order 3:25-4:6).  However, this is incorrect.

The Supreme Court did reverse the Court of Appeals decision, in part, based upon an analysis

of the role of the agent in conducting the sale.  Udall v. TD Escrow Services, supra, 907.  In

both cases, the Court was looking at the appropriate role of an agent of a trustee who conducted

the actual foreclosure sale.  In Udall, the foreclosing trustee, TD Escrow Services, used the

services of ABC Legal employees to actually conduct the sale and that employee made a

mistake about the correct opening bid price.  The agent in that case was acting consist with the

language of RCW 61.24.040(4) by conducting the actual sale, which is sensible since a trustee

cannot be in numerous places at any one time and personally conducting foreclosure sales in

multiple counties and multiple locations even within a county.  The Washington Supreme Court

analyzed the role of the agent and the reliance of the bidder at the sale upon the apparent

agency relationship between the person calling the auction who asserted during that process

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 8

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1    that she was authorized to conduct the sale on behalf of the foreclosing trustee.  Id.  This Court

2    stated in its Order that, "[t]he primary act that an agent cannot perform, the actual sale of the

3    borrower's property, never occurred. On instructions from the lender, Block, First American

4    discontinued the foreclosure before it reached that stage. (citation omitted)"  (Order 5:22-25).

5    In fact, the Udall decision demonstrates that this Court has misunderstood the non-judicial

6    foreclosure process because the agent in Udall was performing "the actual sale", which was

7    approved by the Washington Supreme Court.  Those acts which this Court describes as the

8    "mere ministerial acts" of preparing, signing, posting and recording the documentation (and

9    presumably it is including the discontinuances of the sale also performed by Defendant

10   Foreclosurelink) are those acts which should be performed by trustees, and which should

11   include contact information for an entity in the State of Washington so that the borrower can

12   easily obtain information about how to avoid the sale.  Order 5:19-25.

13

14           This Court stated at Page 5, lines 10 through 18, in reviewing decisions from other

15   states, that,

16           Notably, an agent cannot execute the sale of the borrower's property without the
             supervision or approval of the trustee. Price v. Mooneyham, 144 S.W.2d 770, 770
17           (Tenn. 1940). The sale of property is a duty requiring discretion and judgment, Citizens
             Bank of Edina v. West Quincy Auto Auction, Inc., 742 S.W.2d 161, 164 (Mo. 1987),
18           and the trustee must perform such duties itself, id.; Johns v. Sergeant, 45 Miss. 334,
             1871 WL 5889, at *3 (Miss. Oct. 1871). However, an agent can perform "mere
19           ministerial acts" relating to the foreclosure. Johns, 45 Miss. 334, 1871 WL 5889, at *3;
             Gillespie v. Smith, 29 Ill. 473, 1863 WL 3004, at *6 (Ill. Jan. 1863) (allowing an agent
20           to perform "ministerial acts" as long as the trustee has supervisory power over the
             agent).
21

22   Order, 5:10-18.   The Tennessee case specifically prohibits a trustee from allowing another to

23   "execute the sale", but that is precisely what the Washington Supreme Court permits in Udall.

24   The Court's consideration of the other states' cases demonstrates that they too are illustrative of

25   the importance of the trustee's role in a non-judicial foreclosure sale.  That is consistent with

26

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 9

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

the requirement that foreclosure sales in Washington be conducted in strict conformity with the statute.  As noted by the Court in <u>Queen City Sav. & Loan Ass'n v. Mannhalt</u>, 111 Wn.2d 503, 760 P.2d 350 (1988), citing to 1 V. Towne, *Wash. Prac.* § 605 (2d ed. 1976), "[F]oreclosure proceedings must conform exactly to the statute."  <u>Id.</u> at 514.   Allowing these defendants to subvert the process by having an unauthorized out of state entity perform all functions of the trustee and preventing Mr. Buse from having a contact in the State of Washington is in direct contravention of the statute and the intent of the Washington Legislature in specifically defining who may act as a trustee.

RCW 61.24.040(4) was not amended by the Legislature because there was no need to do so.  If the Legislature had intended the effect given to the words of the statute by this Court, then the language of RCW 61.24.010(1)(b) has no meaning whatsoever and the Legislature's actions this year to clarify the statute were without consequence.

Supporting Mr. Buse's position as to the correct interpretation of the meaning of the word "agent" in the DTA is an amendment made to the DTA by the Washington Legislature this year.  The Bill to amend the DTA, HB 5810, was passed by both the House of Representatives and the Senate, and will go into effect in July 2009.  A copy of the history of the Bill, the Bill itself which was approved by both houses of the Washington Legislature, and the last Senate Bill Report to the Senate about the Bill and its history were previously provided to this Court.  Page 10 of the Bill shows the change that was made to the DTA to clarify the intent of the Legislature in using the word "agent" in RCW 61.24.010(b), which refers only to a "title insurance agent as defined under chapter 48.17 RCW, not in a more generic use of the word in a legal context.  The DTA will now clearly state that in order for a title insurance company to use an "agent" to conduct foreclosure sales in the State of Washington, that "agent"

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 10

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

must also be licensed in this State.  *Id.*  The Senate Bill Report discusses in detail some of the more complex changes to the DTA and states, regarding the other more minor changes to the DTA such as the "agent" definition, that they were "changes for clarification".  *Id.*  Again, this supports Mr. Buse's position in this case.  Further, as noted in the Declaration of Melissa Huelsman filed in support of his Response, she participated in all of the meetings and hearings in the Legislature related to the changes to the Deed of Trust Act and is very familiar with all of decisions made in relation to those changes.  The changes to the DTA regarding who may serve as a trustee were done specifically to prevent out of state entities from conducting foreclosures in this state.  *See,* Huelsman Dec.

When the Washington Legislature enacted the DTA permitting non-judicial foreclosures rather than requiring lenders to file a lawsuit in order to obtain title to a residential property following default by a homeowner, they carefully crafted a process which contained "safeguards" for the homeowner and explicit requirements for conducting a foreclosure sale. RCW 61.24, *et seq.*  Nowhere in the DTA is there language excusing the foreclosing trustee from complying with its requirements if the trustee responsibilities are inconvenient.  RCW 61.24, *et seq.*  "Because the deed of trust foreclosure process is conducted without review or confirmation by a court, the fiduciary duty imposed upon a trustee is exceedingly high."  Cox v. Helenius, 103 Wn.2d 383, 693 P.2d 683 (1985).   As noted by the dissent in Queen City,

> Relatively unsophisticated borrowers used to be able to rely on the judiciary to prevent overreaching by lenders who make it their business to obtain every advantage from the foreclosure process.  *See,* RCW 61.12.  Since the judiciary is not involved in deed of trust foreclosures under the Act, only the words of the Act itself stand between the borrower and the lender eager to foreclose.  Unless we strictly construe the Act, that protection will erode away to zero.

Queen City, supra, at 515.

The Washington DTA has three objectives: (1) that the nonjudicial foreclosure process

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 11

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

remains efficient and inexpensive; (2) that the process provides an adequate opportunity for interested parties to prevent wrongful foreclosure; and (3) that the process promotes the stability of land titles.  Cox v. Helenius, supra, at 387.  "Because the deed of trust foreclosure process is conducted without review or confirmation by a court, the fiduciary duty imposed on the trustee is exceedingly high."  Id. at 388-89.  In Cox, the Washington Supreme Court noted that even if the plaintiffs had not properly acted to restrain the sale, it would have nevertheless been voided because of the trustee's action.  Id.  The Cox Court noted:

> Washington courts do not require a trustee to make sure that a grantor is protecting his or her own interest. However, **a trustee of a deed of trust is a fiduciary for both the mortgagee and mortgagor and must act impartially between them.** G. Osborne, G. Nelson & D. Whitman, *Real Estate Finance Law* § 7.21 (1979).
>
> **The trustee is bound by his office to present the sale under every possible advantage to the debtor as well as to the creditor. He is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and creditor alike.**
>
> Swindell v. Overton, 310 N.C. 707, 712, 314 S.E.2d 512 (1984) (emphasis added). *See,* Blodgett v. Martsch, 590 P.2d 298, 302 (Utah 1978) ("duty of trustee under a trust deed is . . . to treat the trustor fairly and in according with a high punctillo of honor"); McHugh v. Church, 583 P.2d 210, 213 (Alaska 1978); Spires v. Edgar, 513 S.W.2d 372 (Mo. 1974); Whitlow v. Mountain Trust Bank, 215 Va. 149, 207 S.E.2d 837 (1974); Woodworth v. Redwood Empire Sav. & Loan Ass'n, 22 Cal.App.3d 347, 99 Cal.Rptr. 373 (1971).

Cox at 389 (emphasis added).  The same standard should be applied here.  Defendant First American may have been properly appointed as the foreclosing trustee, but it did not act as the trustee in conformity with the statute.  Instead, Defendant First American was completely uninvolved in the foreclosure process except for providing a trustee's sale guarantee and the only entity involved in conducting the foreclosure was Defendant Foreclosurelink, in contravention of the requirements of the DTA.

RCW 61.24.030(4) provides in part that a nonjudicial foreclosure cannot be held unless

all of its requirements have been met.  Courts universally hold nonjudicial foreclosures of deeds of trust by unauthorized persons void.  27 Cal. Jur. 3d <u>Deeds of Trust</u> § 260 (1987).  <u>Hall v. Crowley</u>, 12 Cal. App. 30, 33, 106 P. 426 (1909) states the obvious:

> Numerous authorities are cited and discussed by appellants' counsel to the point that "a sale under a deed of trust by a person not authorized to act is void" – a proposition so elementary that it should be known to every student before he is admitted to practice.

<u>Id</u>.

Defendant First American, as the foreclosing trustee, had a statutorily defined duty to Mr. Buse under the DTA.  The specific nature of the duty has been defined by the Washington Supreme Court's decision in <u>Cox</u>, <u>supra</u>, at 388.  The DTA was amended in 2008 to require that the trustee act "impartially" as between the borrower, grantor and beneficiary, and it is again being amended this year to require that the trustee "has a duty of good faith" to the parties. RCW 61.24.010(4).

## CONCLUSION

Based upon the foregoing, Mr. Buse hereby requests that this Court reconsider its decision in granting summary judgment to Defendants Foreclosurelink and First American and deny them summary judgment.

DATED this 8th day of June, 2009.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.


_____/s/  Melissa A. Huelsman_____
Melissa A. Huelsman, WSBA No. 30935
Attorney for Plaintiff Richard O. Buse

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 13

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1

2

3

4

5

6

7

8

9

10

Richard O. Buse hereby affirms under penalty of perjury:

11

       That I am the plaintiff in the above-entitled lawsuit to whom these interrogatories are

12

addressed, and as such am authorized to make this verification; that I have read the foregoing

13

answers to interrogatories and requests for production of documents, know the contents thereof,

14

and believe the same to be true.

15

       DATED this day of March _____, 2009

16

17

                                    _____

18

                                      Richard O. Buse

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR
RECONSIDERATION
CASE NO. 08-0510-MJP - 14

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1

## <u>DECLARATION OF SERVICE</u>

2      The undersigned certifies that a true and correct copy of the foregoing was served on

3 the 12th day of March, 2009, on the party of record as stated below in the manner indicated:

4

5
         *Via Hand Delivery and E-mail*:
         Russell B Wuehler
         Stellman Keehnel
6        DLA Piper US LLP, Ste 7000
         Seattle, WA 98104-7044
7        Telephone:  206.839.4800
         Fax:  206.839.4801
8        E-mail:  russell.wuehler@dlapiper.com
         *Attorneys for Defendant MERS*
9

10       *Via E-mail and Hand Delivery*

11       Steven K. Linkon
         ROUTH CRABTREE OLSEN, P.S.
12       3535 Factoria Boulevard SE, Suite 200
         Bellevue, WA  98006
13       Telephone:  (425) 458-2121
         E-mail:  slinkon@rcflegal.com
14       *Attorney for Defendant Attorney for Defendant Greenpoint Mortgage Funding,*
15       *Inc.*

16       *Via U.S. Mail and E-mail*
17       Peter J. Salmon
         PITE DUNCAN, LLP
18       4375 Jutland Drive, Suite 200
         San Diego, CA  92117
19       Telephone:  (619) 326-2401
         E-mail:  psalmon@piteduncan.com
20       *Attorney for Defendants First American Title Insurance Company and*
21       *Foreclosurelink, Inc.*

22
         I declare under penalty of perjury under the laws of the State of Washington, that the
23
   foregoing is true and correct.
24
         DATED at Seattle, Washington on March 12th, 2009.
25

26
                                          _____
                                          Monique Lefebvre

PLAINTIFF'S MOTION FOR
RECONSIDERATION                        Law Offices of Melissa A. Huelsman, P.S.
CASE NO. 08-0510-MJP - 15                 705 Second Avenue, Suite 501
                                        Seattle, WA  98104 • Tel: 206.447.0103