UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| RICHARD O. BUSE,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY; FORCLOSURELINK, INC.; GREENPOINT MORTGAGE FUNDING INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RESCOMM HOLDINGS NO. 2, LLC; UM ACQUISITIONS, LLC; TOM BLOCK; and Doe Defendants 1 through 20,,<br><br>Defendants. | Case No. C-08-0510-MJP<br><br>OPPOSITION BY DEFENDANTS FIRST AMERICAN TITLE INSURANCE COMPANY AND FORECLOSURELINK, INC. TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR<br>June 8, 2009 |

Defendants First American Title Insurance Company ("First American") and Foreclosurelink, Inc. ("Foreclosurelink"), submit the following Opposition to the Motion by Plaintiff Richard O. Buse ("Buse" or "Plaintiff") for Reconsideration of the Order Granting Summary Judgment to First American and Foreclosurelink.

I.     **SUMMARY OF THE ARGUMENT**

The Plaintiff seeks to set aside the entry of summary judgment in favor of First American and Foreclosurelink on the grounds that this Court committed clear error in entering the order. The Plaintiff admits that he cannot offer any new evidence or cite to any change in law that would permit reconsideration. As set forth herein, the Plaintiff simply re-argues the same issues he argued unsuccessfully in opposing the Motion for Summary Judgment; he fails to identify what portion of

OPPOSITION TO MOTION FOR RECONSIDERATION
Page 1
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

the ruling would meet the standard of "clear error" so as to justify reconsideration. Indeed, the Plaintiff does not even make reference to any of the individual causes of action asserted in his Complaint and how summary judgment was inappropriate in light of those separate claims. As a result, the Plaintiff's Motion does not constitute a proper motion for reconsideration under either FRCP 59 or CR 7(h) and should be denied on that basis.

Further, even if the Court considers the arguments raised, the absence of any error by the Court in granting summary judgment means that the Court must deny the Plaintiff's Motion for Reconsideration. The only "new" argument raised by Plaintiff is the Court's alleged misapprehension of the decision in Udall v. T.D. Escrow Servs., Inc., 132 Wash.App. 290, 300 n. 4 (2006), rev'd on other grounds by Udall v. T.D. Escrow Servs., Inc., 159 Wash. 2d 902 (2007). However, Plaintiff's argument misrepresents the order on summary judgment as finding that all nonjudicial foreclosure notices are ministerial acts under Washington law. Instead, the Court looked in detail at the statutory requirements, the contents of the notices, the testimony regarding the form and preparation of the documents, and found that no violation of the Washington Deed of Trust Act existed through the delegation of duties between First American and Foreclosurelink. Finally, Plaintiff's identical argument that future amendments to the Revised Code of Washington require any "agent" assisting a trustee to be a licensed title insurance agent remains plainly erroneous. Consequently, the Court should deny the Plaintiff's Motion for Reconsideration even if it reaches the merits.

## II.   LEGAL STANDARD GOVERNING MOTION FOR RECONSIDERATION

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." See Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." See 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999).

A motion for reconsideration may be brought on the basis of judicial mistakes, as well as mistakes of a party or his counsel. Liberty Mutual Insurance Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir.1982). However, a motion for reconsideration that presents no arguments that have not already

OPPOSITION TO MOTION FOR RECONSIDERATION  
Page 2  
C08-0510

Pite Duncan, LLP  
P.O. Box 17935  
San Diego, CA 92177-0935  
(858) 750-7600

1  been raised in opposition to summary judgment should be denied. Backlund v. Barnhart, 778 F.2d
2  1386, 1388 (9th Cir.1985); see Bronson v. Swinney, 648 F.Supp. 1094, 1102-03 (D.Nev.1986).
3  Under CR 7(h)(1), motions for reconsideration are disfavored, and the Court will ordinarily deny
4  such motions in the absence of a showing of manifest error in the prior ruling or a showing of new
5  facts or legal authority which could not have previously been brought to the Court's attention.

6  **III.   THE PRESENT MOTION SIMPLY RE-ARGUES THE OPPOSITION TO**
7  **SUMMARY JUDGMENT AND SHOULD BE DENIED ON THAT BASIS**

8  The Plaintiff's Motion argues that Foreclosurelink was actually the trustee under the Deed
9  of Trust, not First American (Plaintiff's Motion at pp. 7-8), that Foreclosurelink performed duties
10 that only the actual trustee can perform (Id. at pp. 8-10), that the definition of agent in RCW
11 61.24.040(1)(b) trustee will be amended to mean that only a licensed title insurance agent an be an
12 agent of any type (Id. at pp. 10-11), and that the nonjudicial foreclosure processes started and
13 discontinued were inappropriate because First American did not comply with the Deed of Trust Act
14 (Id.at pp. 11-13). Plaintiff also asserts that the affidavits in support of summary judgment were
15 insufficient in various respects (Id. at pp. 3-4).

16 Rather than constitute new arguments, these simply repeat the Plaintiff's Opposition to the
17 Motion for Summary Judgment. Specifically, in his Opposition, Plaintiff argued that Foreclosurelink
18 must meet the definition of a title insurance agent and performed duties only a trustee can perform
19 (pp. 8-10), that the foreclosures initiated were improper because First American did not comply with
20 the Deed of Trust Act (pp. 10-15), and that various defects in the affidavits in support of summary
21 judgment exist (pp. 3-6).

22 Accordingly, the Plaintiff's Motion is expressly the type of "reconsideration" that the Ninth
23 Circuit has already found in appropriate – a motion for reconsideration that presents no arguments
24 that have not already been raised in opposition to summary judgment should be denied. Backlund
25 v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985); see Bronson v. Swinney, 648 F.Supp. 1094,
26 1102-03 (D.Nev.1986). Therefore, the Court should deny the Motion for Reconsideration on the
27 grounds that it does not present arguments not already raised on summary judgment.
28 /././

OPPOSITION TO MOTION FOR RECONSIDERATION
Page 3
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

## IV. PLAINTIFF CANNOT ESTABLISH CLEAR ERROR IN THE COURT'S RELIANCE ON THE AFFIDAVITS IN SUPPORT OF SUMMARY JUDGMENT

Plaintiff again challenges both the personal knowledge of Jerry Jeffers of First American concerning the facts set forth in his affidavit and the sufficiency of each affiant's testimony regarding the agency relationship between First American and Foreclosurelink. These arguments failed to provide any basis to deny admissibility at summary judgment and fail to provide a basis for reconsideration now.

At page 3 of the Motion, Plaintiff again argues that Jerry Jeffers had no personal knowledge about how the process was completed and that First American has no actual involvement in the foreclosure process. This is simply false. The Jeffers Affidavit provides the foundation that he is an Assistant Vice President and Chief Title Office with First American. He specifies in paragraph 2 of that Affidavit that he is familiar with the operations of First American as a nonjudicial foreclosure trustee in the State of Washington, its relationship with Defendant Foreclosurelink for purposes of nonjudicial foreclosures, and the corporate and licensing status of First American in the State of Washington. He testifies to his status as a custodian of First American's records as they pertain to nonjudicial foreclosures generally, with regard go this nonjudicial foreclosure specifically, and the maintenance of the records for this foreclosure as consistent with First American's procedures. (Jeffers Aff., ¶¶ 4, 5). He discusses the form of all of the nonjudicial foreclosure notices utilized by First American and its verification of compliance with Washington law and its personal preparation of a trustee's sale guaranty for each nonjudicial foreclosure. (*Id.* at ¶¶ 8-9).

Mr. Jeffers then discusses the <u>actual</u> notices prepared, mailed, recorded, posted, and published at paragraphs 13 through 17 of his Affidavit. This includes paragraph 15, specifying that the Notice of Discontinuance of Trustee's Sale actually utilized is in the form previously approved by First American, and which was executed by Foreclosurelink expressly as agent for First American. The Affidavit further establishes that the Notice of Foreclosure was sent concurrently with the Notice of Trustee's Sale, and that the Washington address of First American is specified in the Notice of Foreclosure. Plaintiff cannot cite any fact or indicia of authority to indicate how this fails to comply with Title 61 of the Revised Code of Washington.

OPPOSITION TO MOTION FOR RECONSIDERATION
Page 4
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1 | As to the Foreclosurelink affidavit, the Plaintiff raises the same argument of the lack of foundation for Ms. Townsend's testimony. (Motion at p. 4). However, Plaintiff utterly ignores the Townsend Affidavit at paragraphs 2 and 5 through 8 setting forth the basis of her knowledge of the agency relationship and the actual conduct of the parties under it. As a result, the Plaintiff's contentions regarding the affidavits of First American and Foreclosurelink are the same as already rejected on summary judgment, and constitute a waste of the Court's resources in evaluating as purported "clear error" for purposes of reconsideration.

## V. PLAINTIFF'S CONTENTION THAT THE COURT MISAPPREHENDED THE UDALL DECISION IS FUNDAMENTALLY FLAWED

Plaintiff argues that the Court misinterpreted the decision in Udall v. T.D. Escrow Servs., Inc., 132 Wash.App. 290, 300 n. 4 (2006), rev'd on other grounds by Udall v. T.D. Escrow Servs., Inc., 159 Wash. 2d 902 (2007), claiming at page 9 of his Motion that this Court found that the written nonjudicial foreclosure notices required by RCW 61.24.030 and 61.24.040 are ministerial acts only. Plaintiff's argument is grossly misleading because it fails to include the complete sentence of the Court's Order, which demonstrates the soundness of its conclusion: "Foreclosurelink's preparation and dissemination of documents pursuant to First American's specifications [Dkt No. 42 ¶¶ 16-17) were "ministerial acts" that did not involve discretion or judgment". (Order at p. 5:19-21, emphasis added)

The underlined portion of the previous sentence indicates the Court's consideration of the particular role of First American in the form of the all of the foreclosure notices actually generated and served in this particular case, as it cites to the Affidavit of First American in support of summary judgment at paragraphs 16 and 17. Paragraph 16 of the First American Affidavit specifies that the form of the Notice of Default actually delivered in this case was previously approved by First American, and the information for the mailing of the Notice of Default came from the trustee's sale guarantee prepared by First American. Paragraph 17 of the First American Affidavit specifies that the Notice of Foreclosure and Notice of Trustee's Sale actually prepared and delivered in this matter were in the form previously approved by First American, the information for the mailing of the notices came from the trustee's sale guarantee prepared by First American, and the Notice of

OPPOSITION TO MOTION FOR RECONSIDERATION
Page 5
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

Foreclosure specified the office address of First American in Seattle as the office to serve any process, as required by RCW 61.24.040(2).

Therefore, Plaintiff's omission of the Court's reliance on the First American Affidavit in citing to "ministerial acts" misrepresents its appropriate consideration of <u>Udall</u> and the role of Foreclosurelink as agent to First American. The Court correctly found that Foreclosurelink could assist First American in preparing and delivering notices in the form previously approved by First American and with notice information supplied by First American. As a result, the Plaintiff cannot cite any clear error in the Court's reliance on <u>Udall</u> and other state court decisions to recognize that the Revised Code of Washington permits a trustee to delegate some functions to an agent, particularly where the trustee specifies the format and provides the information required by statute.

## VI. THE PLAINTIFF CONTINUES TO FUNDAMENTALLY MISAPPREHEND CURRENT AND FUTURE STATUTORY AUTHORITY REGARDING THE MEANING OF AGENT UNDER RCW 61.24.010

The Plaintiff again argues that RCW 48.17.010 subdivision (15), which does not come into effect until July 1, 2009, nevertheless means that only a licensed title insurance agent can serve as an "agent" assisting a trustee as the term "agent" is used in RCW 61.24.010(1)(b). However, the Court already found that "Plaintiff misunderstands RCW 61.24.010(1)(b). The provision establishes only who may serve as a trustee of a deed of trust. It says nothing about who may act as a trustee's agent." (Order at p. 4:17:19.) Plaintiff simply makes the same arguments and relies on the same evidence as argued in opposition to summary judgment in an attempt to claim "clear error".

Plaintiff's argument about the future amendment remains erroneous, as the change simply clarifies what type of entity is authorized to act as a nonjudicial foreclosure trustee, and does not specify whether third parties that assist a trustee must independently qualify as trustees themselves. Indeed, RCW 61.24.010(4) remains unchanged by the future amendments, as that subdivision provides that the trustee or its authorized agent shall cause the sale to proceed and does not define "agent" as a "Title Insurance Agent". Further, the future amendments do not modify RCW 61.24.040, which specifically contemplates that the trustee may have assistance in the delivery of the required notices. Indeed, subdivision (3) remains unchanged in providing that the trustee shall

OPPOSITION TO MOTION FOR RECONSIDERATION
Page 6
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

"cause" the notice of sale to be published; subdivisions (1)(b) through (f) are unchanged and provide that the trustee shall "cause" the notice of sale to be mailed to the required persons. If the Washington legislature intended that the trustee personally deliver each of those notices and wanted to eliminate the ability of a trustee to use an agent to assist with notices, the Washington legislature would have changed those subdivisions as well. As a result, Plaintiff's contention that this Court committed clear error in rejecting his erroneous interpretation of the present and future versions of RCW 61.24.010 and 61.24.040 is erroneous and fails to provide a basis for reconsideration.

## VII. CONCLUSION

Based upon the foregoing, First American and Foreclosurelink respectfully request that the Court deny the Plaintiff's Motion for Reconsideration. Rather than present the Court with some genuine argument that it committed "clear error", the Plaintiff instead takes the opportunity to re-argue his unsuccessful opposition to the Motion for Summary Judgment, which fails to provide a legal basis for reconsideration. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). The Plaintiff did not and simply could not establish any disputed issue of material facts on his causes of action for Infliction of Emotional Distress, Slander of Title, Breach of Fiduciary Duty/Quasi-Fiduciary Duty, and Violation of the Consumer Protection Act. Therefore, the Court appropriately granted summary judgment in favor of First American and Foreclosurelink, and the Plaintiff cannot come close to establishing clear error to warrant reconsideration of that decision.

Respectfully submitted,

Dated: June 19, 2009

PITE DUNCAN, LLP

/s/ Peter J. Salmon
PETER J. SALMON, WSBA No. 31382
Attorneys for Defendants FIRST
AMERICAN TITLE INSURANCE
COMPANY AND FORECLOSURELINK,
INC.

1834447.wpd

OPPOSITION TO MOTION FOR RECONSIDERATION
Page 7
C08-0510

Pite Duncan, LLP
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600