Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD O. BUSE, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST AMERICAN TITLE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. C08-0510MJP <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration. (Dkt. No. 62.) The Court has considered the motion, the response (Dkt. No. 64), and all pertinent documents in the record. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court's reconsideration does not, however, reach as far as its final ruling. Defendant remains entitled to summary judgment.

ORDER - 1

**Procedural Background**

On March 5, 2008, Plaintiff Richard Buse filed this action in the Superior Court of King County, Washington asserting a number of causes of action including infliction of emotional distress, slander of title, breach of fiduciary duty, and violations of Washington's Consumer Protection Act. (Dkt. No. 1, Ex. A.) On April 1, 2008, Defendants removed the action to this Court. (Dkt. No. 1 at 3.) Defendants filed a motion for summary judgment on March 30, 2009 and the motion came ripe on April 27, 2009. (See Dkt. Nos. 41, 47, 52, 53.) The Court issued an Order granting Defendants' motion on May 29, 2009. (Dkt. No. 60.)

**Discussion**

Under Local Rule 7(h), motions for reconsideration are disfavored and will ordinarily be granted only by a "showing of manifest error" or a "showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." The Court recognizes its error in its factual recitation; the Court should not have referenced Foreclosurelink's website. (Dkt. No. 60 at 2-3.) To the extent Plaintiff's motion seeks reconsideration of the Court's statement of facts, the motion is granted. (Dkt. No. 62 at 2.) The Court therefore provides the following revised factual statement:

**Revised Statement of Facts**

This action concerns a deed of trust. (Dkt. No. 1, Ex. A at ¶ 2.2.) A deed of trust conveys "title to real property as security until the grantor repays the loan." Black's Law Dictionary 445 (8th ed. 2004). A deed of trust differs from a standard mortgage because it involves not only a lender and a borrower, but also a neutral third party called a trustee. Kenzer v. Landover Corp., 87 Wn. App. 458, 464 n.9 (1997) (citing Black's Law Dictionary (6th ed.

ORDER - 2

1990)). The trustee holds an interest in the title to the borrower's property on behalf of the lender, who is also called the beneficiary. Id. (citing John A. Gose, The Trust Deed Act in Washington, 41 Wash. L. Rev. 94, 96 (1966)). If a borrower defaults on his loan, the beneficiary may instruct the trustee to conduct a non-judicial foreclosure instead of petitioning a court to initiate the foreclosure process. Id. at 464-65. Under Washington statute, the beneficiary may replace the trustee with a successor trustee to handle the foreclosure. RCW 61.24.010(2) ("[U]pon the … election of the beneficiary to replace the trustee, the beneficiary shall appoint … a successor trustee."). The Washington Deed of Trust Act, codified as Chapter 61.24 of the Revised Code of Washington, governs the use of deeds of trust in the state of Washington. RCW 61.24.005, *et seq*.

      Plaintiff Richard Buse owns real property encumbered by a deed of trust. (Townsend Aff. ¶¶ 3-4.) Tom Block, the beneficiary by assignment of the deed of trust, contacted Defendant Foreclosurelink concerning Block's desire to foreclose on Plaintiff. (Id. ¶ 9.) Foreclosurelink contracts with First American to "act as an agent of First American for purposes of: preparing the appointment of successor trustee to cause First American to become the trustee; preparing nonjudicial foreclosure notices; causing notices to be mailed to parties required to receive notice; … and, arranging for the auctioneer to conduct the actual nonjudicial foreclosure sale." (Id. ¶ 7.) Foreclosurelink contacted Defendant First American Title Insurance Company ("First American"), who agreed to serve as the successor trustee for the purpose of starting a nonjudicial foreclosure. (Id. ¶ 9.) First American, according to its Chief Title Officer Jerry Jeffers, is a title insurance company licensed to practice by the State of Washington. (Jeffers Aff. ¶ 6.) Foreclosurelink prepared a Notice of Default, Notice of Foreclosure, and Notice of

ORDER - 3

Trustee's Sale for Mr. Buse's property in accordance with formats approved by First American. (Jeffers Aff. ¶¶ 13-14; Townsend Aff. ¶¶ 10-11.)  Foreclosurelink sent these documents to "Plaintiff and the other parties entitled to notice" and posted the Notice of Default on Buse's property.  (Jeffers Aff. ¶ 13; Townsend Aff. ¶ 10.)  At Block's request, Foreclosurelink prepared a Notice of Discontinuance of the Trustee's Sale.  (Jeffers Aff. ¶ 15; Townsend Aff. ¶ 12.)

Six months later, Block sought to initiate another nonjudicial foreclosure process against Plaintiff.  (Jeffers Aff. ¶ 16; Townsend Aff. ¶ 13.)  Once again, Foreclosurelink drafted and sent Notices of Default, Foreclosure, and Trustee's Sale as per First American's specifications. (Jeffers Aff. ¶ 17; Townsend Aff. ¶ 14.)  First American did not proceed with the sale because of this lawsuit and certain communications with Block.  (Jeffers Aff. ¶ 18; Townsend Aff. ¶ 15.) The declaration of Plaintiff's counsel does not dispute these facts.  (See Hueslman Decl.)

### **Legal Analysis**

To the extent Plaintiff seeks reconsideration of the Court's legal analysis, the motion is denied.  Plaintiff raises no new legal argument that had not been raised in its opposition to summary judgment.  See Backlund v. Barnahart, 778 F.2d 1386, 1388 (9th Cir. 1985). Plaintiff's arguments related to Udall v. T.D. Escrow Servs., Inc., 132 Wn. App. 290 (2006), and the recent amendment to the Deed Trust Act were raised and addressed in the underlying briefing and Order.  (See Dkt. Nos. 62, 60.)   Thus, Plaintiff's motion for reconsideration has failed to alter the Court's conclusion that Defendants are entitled to summary judgment.

ORDER - 4

## Conclusion

The Court GRANTS IN PART Plaintiff's motion for reconsideration and offers a revised statement of facts. The Court DENIES Plaintiff's motion with respect the underlying legal analysis and the ultimate ruling on Defendants' motion for summary judgment. The judgment remains as entered.

DATED this 11th day of August, 2009.

Marsha J. Pechman
United States District Judge

ORDER - 5